1  JAMES A. QUADRA, State Bar No. 131084
   e-mail: quadra@meqlaw.com
2  SYLVIA M. SOKOL, State Bar No. 200126
   e-mail: sokol@meqlaw.com
3  MOSCONE, EMBLIDGE, & QUADRA, LLP
   220 Montgomery Street, Suite 2100
4  San Francisco, California 94104-4238
   Telephone:    (415) 362-3599
5  Facsimile:    (415) 362-2006
6
7  WENDY R. FLEISHMAN
   e-mail: wfleishman@lchb.com
8  REBECCA BEDWELL-COLL, State Bar No. 184468
   e-mail: rbcoll@lchb.com
9  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
   780 Third Avenue, 48th Floor
10 New York, NY 10017-2024
   Telephone:    (212) 355-9500
11 Facsimile:    (212) 355-9592
12
13 KENT L. KLAUDT, State Bar No. 183903
   e-mail: kklaudt@lchb.com
14 Lieff, Cabraser, Heimann & Bernstein, LLP
   Embarcadero Center West
15 275 Battery Street, 30th Floor
   San Francisco, CA 94111-3339
16 Telephone:    (415) 956-1000
   Facsimile:    (415) 956-1008
17
18 *Attorneys for Plaintiffs* ALEXIS DEGELMANN and JOSEPH LIN
   on behalf of themselves and all those similarly situated
19

E-filing

C 07      3107

PJH

20
21              UNITED STATES DISTRICT COURT
22            NORTHERN DISTRICT OF CALIFORNIA
23 ALEXIS DEGELMANN  and JOSEPH LIN, on        Case No.:
   behalf of themselves and all those similarly
24 situated,                                   **CLASS ACTION**
25              Plaintiffs,                     **COMPLAINT FOR VIOLATIONS OF
                                                CALIFORNIA BUSINESS AND
26              v.                              PROFESSIONS CODE SECTIONS 17200
                                                AND 17500**
27 ADVANCED MEDICAL OPTICS, INC., a
   Delaware corporation,
28              Defendant.

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INTRODUCTION

This class action lawsuit is brought on behalf of Plaintiffs Alexis Degelmann, Joseph Lin, and a class of similarly situated individuals throughout the United States who have purchased Complete MoisturePlus Multi-Purpose Solution ("Complete") during the period of June 13, 2003, through the present.   Advanced Medical Optics, Inc. ("AMO"), which produces Complete, represents that the product, among other things, "rejuvenates and helps support healthy lens wear." (*See, e.g.,* www.yourhealthyeyes.com)

In fact, the product has recently been associated with a rare and serious corneal infection known as acanthamoeba keratitis that causes visual impairment, and in some consumers, blindness.  Officials from the Food and Drug Administration ("FDA") and the Centers for Disease Control and Prevention ("CDC") have urged purchasers to discard all partially used or unopened bottles of Complete, throw out their current contact lenses, and toss away the lens storage case.

This action is brought under the laws of California because AMO's principal place of business is in California, and decisions involving the marketing of Complete were made there. In the alternative, the Court may apply the consumer protection laws of the fifty states and the District of Columbia, and certify statewide subclasses.

## JURISDICTION AND VENUE

1.     Plaintiffs bring this national class action pursuant to 28 U.S.C. § 1332(d)(2)(A). This Court has subject matter jurisdiction as the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, is a class action, and members of the putative class are citizens of a State different from AMO.

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because, during the Class Period, a substantial part of the events or omissions giving rise to the claims occurred in this District.  Specifically, AMO advertises and transacts business in the Northern District of California,  including advertising and selling Complete MoisturePlus.  Plaintiffs Lin and Degelmann also reside in this District.

**PARTIES**

3.      Plaintiff Joseph Lin ("Lin") is a current resident and citizen of San Mateo, California.  During the time period relevant to this action, he purchased and used Complete to disinfect his contact lenses.

4.      Alexis Degelmann ("Degelmann") is a current resident and citizen of San Francisco, California.  During the time period relevant to this action, she purchased and used Complete to disinfect her contact lenses.

5.      Defendant AMO was and is a corporation organized and existing under the laws of Delaware, with its principal place of business in Santa Ana, California.  During the Class Period, AMO was engaged in the marketing and sale of Complete throughout the United States and worldwide.

**GENERAL ALLEGATIONS**

6.      It is estimated that there are 35 million contact lens users throughout the United States.  Individuals must properly care for their lenses by frequently cleaning, rinsing, and disinfecting them to prevent discomfort and infections caused by various microorganisms such as bacteria, fungi, and protozoa, including the protozoa known as "acanthamoeba."

7.      AMO designed, developed, tested, manufactured, packaged, and marketed a contact lens eye product known as Complete MoisturePlus Multi-Purpose Solution.  Complete is an "all-in-one" or "multipurpose" contact lens solution developed as a more convenient alternative to hydrogen peroxide disinfectant systems.

8.      In its advertising campaign, which originated from its headquarters in California, AMO nationally marketed Complete as an effective contact lens disinfectant.  Among other things, AMO has represented in advertising that Complete:

> [R]ejuvenates and helps support healthy lens wear.  Whether you are exposed to arid weather, work long hours in front of the computer, or travel on an airplane, Complete MoisturePlus Multi-Purpose Solution has a time-proven, advanced moisturizing formula that makes you feel as if you were not wearing contact lenses at all.

(*See* www.yourhealthyeyes.com).  AMO has also represented that Complete "[c]leans and rinses

2

1    lenses of dirt, dust and other air-borne particles" and "[r]emoves protein deposit build-up." (*Id.*)

2    It touts these factors as explaining "why 9 out of 10 lens wearers prefer Complete MoisturePlus

3    Multi-Purpose Solution over other multi-purpose solutions," including Renu Multiplus, Opti-

4    Free Replenish, and Opti-Free Express MPS.   (*Id.*)

5        9.      AMO makes similar representations on its packaging.  For example, AMO states

6    that Complete "rejuvenates" "cleans," "rinses," "stores," "disinfects," "removes protein," and

7    "conditions."  The packaging goes on to state, under the heading, "Here's why your doctor

8    recommended Complete MoisturePlus," that "[t]ear-like moisturizers protect against dryness and

9    irritiation [sic]" and that it contains "taurine and 4 electrolytes for healthy lens wear."

10       10.     The CDC has recently reported that consumers who use Complete are at a seven-

11   fold increased risk of suffering an infection known as acanthamoeba keratitis, as compared with

12   consumers who used other lens disinfectant products.  Caused by a family of microorganisms

13   most commonly found in soil and water, acanthamoeba keratitis is an infection of the cornea.

14   The infection can be chronic, resistant to treatment, and require surgical interventions.  Even

15   with adequate medical treatment, significant visual impairment or blindness can result.

16       11.     When AMO introduced Complete into the national marketplace, it was aware of

17   studies showing that the disinfectant in Complete was inferior to other solutions, such as

18   hydrogen peroxide and other disinfectants in other multi-purpose solutions, in destroying

19   acanthamoeba keratitis and contaminants.  AMO intentionally omitted, suppressed, and failed to

20   disclose this information to consumers, and led them to believe that Complete was as effective, if

21   not more effective, than other multi-purpose solutions.

## CLASS ACTION ALLEGATIONS

22
23       12.     The class that Plaintiffs seek to represent is composed of and defined as follows:

24   all purchasers throughout the United States who bought Complete during the period from June

25   13, 2003, through the present.

26       13.     Plaintiffs do not know the exact number of Class members at this time, but based

27   on the volume of trade and commerce involved, Plaintiffs believe that the Class members are

28

sufficiently numerous and geographically dispersed throughout the United States so that joinder of all Class members is impracticable.

14.     Common questions of law or fact include:

a.      Whether Complete was effective in disinfecting contact lenses;

b.      Whether Complete was as safe and effective as advertised;

c.      Whether AMO was aware that Complete was unsafe and ineffective;

d.      Whether AMO failed to disclose that Complete was unsafe and ineffective in disinfecting contact lenses;

e.      Whether AMO's failure to disclose Complete's deficiencies constitute an unfair and/or illegal business practice;

f.      Whether AMO made false or misleading representations regarding the effectiveness of Complete;

g.      Whether AMO's misrepresentations regarding the safety and efficacy of Complete constitute an unfair and/or illegal business practice;

h.      Whether AMO profited from the sale of Complete; and

i.      Whether, as a result of AMO's misconduct, Plaintiffs and members of the Class are entitled to equitable relief, including restitution and disgorgement.

15.     Plaintiffs' claims are typical of the claims of members of the Class, and Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs are typical purchasers of Complete, and their interests are coincident with and not antagonistic to those of the other members of the Class. Plaintiffs are represented by counsel who are competent and experienced in the prosecution of consumer class action litigation.

16.     The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and available remedies.

17.     A class action is superior to other methods for the fair and efficient adjudication

of this controversy.  Treatment as a class action will permit a large number of similarly situated purchasers of Complete to adjudicate simultaneously their common claims in a single forum in an efficient manner, and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment also will permit the adjudication of relatively small claims by many members of the Class who could not afford individually to litigate the claims pleaded in this Complaint.  There are no difficulties likely to be encountered in the management of this class action that would preclude its maintenance as a class action.

## PLAINTIFFS' CAUSES OF ACTION
### FIRST CAUSE OF ACTION
**(Violations of California Business and Professions Code Section 17500 *et seq.*)**

18.     Plaintiffs hereby reallege and incorporate by reference as though set fully forth herein, the allegations contained in all preceding Paragraphs.

19.     California Business & Professions Code section 17500 provides that no person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services relating thereto, may make, disseminate, or cause to be disseminated to the public, in any advertising device, or in any other manner or means, any statement concerning the property or related services that is untrue and misleading and which is known, or reasonably should be known, to be untrue or misleading, or for any person, firm, or corporation to make or disseminate or cause to be disseminated any such statement as part of a scheme with the intent not to sell the property or provide those services as advertised.

20.     In taking the actions alleged herein, AMO, with the intent to sell personal property, publicly disseminated information concerning such property throughout the country that: (a) contained statements that were untrue or misleading and (b) AMO knew, or in the exercise of reasonable care, should have known, were untrue or misleading.  The untrue and/or misleading statements and representations made by AMO include but are not limited to words and images disseminated to the general public that stated or implied that Complete:

a.      Effectively rejuvenates lens wear;

5
COMPLAINT

b.    Promotes healthy lens wear;

c.    Cleans and rinses lenses of contaminants;

d.    Cleans and rinses lenses more effectively than other multi-purpose solutions; and

e.    Cleans and rinses lenses more effectively than other cleaning systems.

21.    As a result of the foregoing, members of the Class suffered actual injury in that they purchased the product, and current users have been forced to discard it along with lens containers.

22.    Pursuant to Business & Professions Code section 17535, Plaintiffs and members of the Class seek to recover from Defendant AMO restitution and disgorgement of all earnings, profits, compensation and benefit obtained as a result of the practices that are unlawful under Business & Professions Code section 17500 *et seq.*  They also seek an injunction, under Business & Professions Code sections 17204 and 17535, preventing further violations of Business & Professions Code sections 17200 *et seq.* and 17500 *et seq.*

### SECOND CAUSE OF ACTION
**(Violations of California Business & Professions Code Section 17200 *et seq.*)**

23.    Plaintiffs hereby reallege, and incorporate by reference as though set forth fully herein, the allegations contained in all preceding Paragraphs.

24.    By its wrongful conduct as alleged above, AMO engaged in unfair, deceptive, illegal and/or fraudulent business acts or practices in violation of Business & Professions Code section 17200, *et seq.*

25.    Defendant derived economic benefit and profit from the violation of Business & Professions Code section 17200, which should be restored and/or disgorged to members of the Class.

# PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment as follows:

1.    For restitution of all monies due to members of the Class or wrongfully taken by Defendant from members of the Class, and disgorged profits from the unlawful business practices of Defendant;

2.    For relief under Business & Professions Code section 17203;

3.    For appropriate injunctive or other equitable relief;

4.    For attorneys' fees and costs;

5.    For interest; and

6.    For all such other and further relief that the Court may deem just and proper.

Dated: June 13, 2007

Moscone, Emblidge & Quadra, LLP

By:    _____
       Sylvia M. Sokol
       James A. Quadra

Lieff, Cabraser, Heimann & Bernstein, LLP

By:    _____
       Rebecca Bedwell-Coll
       Wendy Fleishman
       Kent L. Klaudt