Anthony G. Brazil, State Bar No. 84297
Megan S. Wynne, State Bar No. 183707
David J. Vendler, State Bar No. 146528
**MORRIS POLICH & PURDY** LLP
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone:    (213) 891-9100
Facsimile:    (213) 488-1178
E-Mail:    abrazil@mpplaw.com
E-Mail:    mwynne@mpplaw.com
E-Mail:    dvendler@mpplaw.com

Attorneys for Defendant,
ADVANCED MEDICAL OPTICS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS DEGELMANN and JOSEPH LIN, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ADVANCED MEDICAL OPTICS, INC., a Delaware corporation,<br><br>Defendants. | CASE NO.:  C 07-03107 PJH<br><br>**DECLARATION OF JANET M. RICHARDSON IN SUPPORT OF MOTION BY DEFENDANT ADVANCED MEDICAL OPTICS, INC. TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>**[Filed concurrently with Defendant's Motion to Strike (Rule 12(f))]**<br><br>**Date:    September 26, 2007**<br>**Time:    9:00 a.m.**<br>**Ctrm.:    "3"**<br>**Judge:    Hon. Phyllis J. Hamilton** |

-1-    Case No. C 07-03107 PJH

DECLARATION OF JANET M. RICHARDSON IN SUPPORT OF DEFENDANT ADVANCED MEDICAL
OPTICS, INC.'S MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT

## DECLARATION OF JANET M. RICHARDSON

I, Janet M. Richardson, declare and state as follows:

1.    I am Senior Managing Attorney for defendant Advanced Medical Optics, Inc. ("AMO") and have been employed by AMO since February 2006.  The matters set forth herein are of my own personal knowledge and, if called as a witness, I could and would testify competently hereto.  I submit this Declaration in support of AMO's Motion to Transfer the Venue of this Action from the Northern District of California to the Central District of California.

2.    AMO is a publicly traded corporation which was incorporated in Delaware in October 2001 originally as a subsidiary of Allergan, Inc. ("Allergan").  Allergan spun-off AMO by way of a distribution of all of AMO's shares of common stock on June 29, 2002.  As a result of this spin-off from Allergan, AMO became an independent public company and Allergan no longer has control over AMO.  As part of the spin-off, Allergan transferred certain product lines and business units to AMO, including the contact lens solution product line.   AMO assumed liability for the transferred products, and documents relating to transferred products (as well as many employees) were transferred from Allergan to AMO.

3.    AMO is a global leader in the development, manufacture and marketing of medical devices for the eye.  At all times relevant to this class action filed by plaintiffs Alexis Degelmann and Joseph Lin, AMO has maintained its principal place of business at 1700 E. St. Andrew Place, Santa Ana, California 92705.

4.    The essence of Plaintiffs' Complaint is that AMO allegedly made misleading and false statements in its advertising, marketing, and packaging of COMPLETE MoisturePLUS® Multi-Purpose Solution ("Complete") in violations of California Business & Professions Code Sections 17500 *et seq.* and 17200 *et seq.* (Complaint, paragraphs 18-25.)

5.    Complete was designed, developed and tested by a team of engineers, scientists and doctors, nearly all of whom work and reside in or near the Central

1    District.  Additionally, the departments within AMO that are responsible for global

2    research and development, packaging, labeling, marketing, and sales of Complete  are

3    also exclusively located in AMO's Santa Ana headquarters.  None are located in the

4    Northern District.  And, since this is a case where the allegations center on alleged

5    misrepresentations and mislabeling, it would appear that virtually all of the witnesses

6    that may have relevant information as to the history and development of the

7    representations AMO has made about Complete reside in the Central District, and I

8    am not aware of any that reside in the Northern District.

9         6.    At all times relevant to this class action, AMO has not maintained any

10   branch office or other place of business in the Northern District of California that has

11   had any involvement with the development, testing, advertising, marketing, or

12   packaging of Complete.  Thus, while it is possible that there may be a few former

13   employees of AMO who have moved out of the Central District, the locus for all

14   events involving the development, research, advertising, and labeling is in the Central

15   District and there is no reason to believe that any such persons reside in the Northern

16   District.

17        7.    To the extent that there are non-party witnesses with knowledge

18   potentially relevant to plaintiffs' allegations, it is most likely that they reside in the

19   Central District of California, not the Northern District of California.

20        8.    This is because the Complete product was originally developed and

21   brought to market by Allergan, whose headquarters are in Irvine, California.  Because

22   Allergan and AMO have been separated now for five years, I do not have exact

23   personal knowledge of all of specific Allergan employees who might still be

24   employed there and who might have knowledge about the development and testing of

25   Complete that took place prior to the spin-off of AMO.  However, because Allergan's

26   offices are, and always have been located in Orange County, California, it is a fair

27   presumption that the overwhelming majority of any current or former Allergan

28

-3-                    Case No. C 07-03107 PJH

**DECLARATION OF JANET M. RICHARDSON IN SUPPORT OF DEFENDANT ADVANCED MEDICAL
OPTICS, INC.'S MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT**

1  any current or former Allergan employees that may have knowledge relevant to this

2  litigation will reside in the Central, and not Northern, District of California.

3      9.    Lastly, substantially all of the documentary evidence that may pertain to

4  plaintiffs' allegations in this action is located in the Central District of California, not

5  the Northern District of California.  It was the intention of Allergan and AMO at the

6  time of the spin-off to transfer all documents for AMO product lines to AMO, and any

7  documents transferred from Allergan relating to the development or marketing of

8  Complete MoisturePLUS® MPS would be located at AMO's Santa Ana facility.

9  Moreover, to the extent that any Allergan documents relating to Complete

10  MoisturePLUS® MPS were inadvertently not transferred to AMO, those would also

11  most likely be located at Allergan in the Central District.

12      10.    Finally, it cannot be said to be a hardship to plaintiffs or their attorneys to

13  litigate the case in the Central District since plaintiffs' counsel has already filed a

14  personal injury claim in the Central District alleging damages resulting from the

15  plaintiff's use of Complete MoisturePLUS® MPS.  While there are differences

16  between the issues in the two cases, there is likely to be some overlap as well.

17      11.    But the bottom line supporting the motion to transfer is that since all of

18  the events giving rise to this action occurred in the Central District, not the Northern

19  District, the vast majority of the witnesses and documents are going to be located in

20  the Central District.  Indeed, plaintiffs themselves recognize this fact when they allege

21  that AMO's advertising campaign regarding Complete MoisturePLUS® MPS

22  "originated from [AMO's] headquarters in California." (Complaint, paragraph 8.)

23      I declare under penalty of perjury under the laws of the United States that the

24  foregoing is true and correct.

25      Executed on this 17th day of July, 2007, at Santa Ana, California.

26

27                      Janet M. Richardson

28

-4-        C 07-03107 PJH

DECLARATION OF JANET M. RICHARDSON IN SUPPORT OF DEFENDANT ADVANCED MEDICAL
OPTICS, INC.'S MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT