1  Anthony G. Brazil, State Bar No. 84297
   Megan S. Wynne, State Bar No. 183707
2  David J. Vendler, State Bar No. 146528
   **MORRIS POLICH & PURDY LLP**
3  1055 West Seventh Street, 24th Floor
   Los Angeles, CA 90017
4  Telephone: (213) 891-9100
   Facsimile:  (213) 488-1178
5  E-Mail: Abrazil@mpplaw.com
   E-Mail: Mwynne@mpplaw.com
6  E-Mail: Dvendler@mpplaw.com

7  Attorney for Defendant,
   ADVANCED MEDICAL OPTICS, INC.
8

9

10            UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12

13 | ALEXIS DEGELMANN and | CASE NO.: C 07-03107 PJH |
   | JOSEPH LIN, on behalf of |  |
14 | themselves and all those similarly |  |
   | situated, | **NOTICE OF MOTION AND** |
15 |  | **MOTION BY DEFENDANT** |
   | Plaintiffs, | **ADVANCED MEDICAL OPTICS,** |
16 |  | **INC. TO STRIKE PORTIONS OF** |
   | vs. | **PLAINTIFFS' COMPLAINT;** |
17 |  | **MEMORANDUM OF POINTS AND** |
   | ADVANCED MEDICAL OPTICS, | **AUTHORITIES IN SUPPORT** |
18 | INC., a Delaware corporation, | **THEREOF** |
   |  |  |
19 | Defendants. |  |
   |  | [FRCP Rule 12(f)] |
20 |  |  |
   |  | [Filed concurrently with Defendant's |
21 |  | Motion to Transfer (28 U.S.C. § |
   |  | 1404(a)] |
22 |  |  |
   |  | Date:     September 26, 2007 |
23 |  | Time:     9:00 a.m. |
   |  | Ctrm.:    "3" |
24 |  | Judge:    Hon. Phyllis J. Hamilton |

-1-                                                      C 07-03107 PJH

**NOTICE OF MOTION AND MOTION BY DEFENDANT ADVANCED MEDICAL OPTICS, INC.
TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on September 26, 2007 at 9:00 a.m., or as soon thereafter as the matter may be heard before the Hon. Phyllis J. Hamilton, United States District Judge, in Courtroom 3 of the above-referenced Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, defendant Advanced Medical Optics, Inc., will and hereby does move this court for an Order striking the following portions of the Complaint of plaintiffs Alexis Degelmann and Joseph Lin, on behalf of themselves and all those similarly situated, pursuant to Federal *Rule of Civil Procedure* 12(f):

1. The allegation, at page 6, lines 11-13 of the Complaint, that plaintiffs are seeking "disgorgement of all earnings, profits, compensation and benefit obtained" as a result of the allegedly unlawful practices;

2. The allegation, at page 6, lines 23-25 of the Complaint, that "Defendant derived economic benefit and profit from the violation of *Business and Professions Code* section 17200, which should be restored and/or disgorged to members of the Class";

3. The allegation, at page 6, lines 13-15 of the Complaint, that "They also seek an injunction…preventing further violations…of *Business & Professions Code* sections 17200 et. seq. and 17500 et. seq.";

4. Item 1 of the Prayer For Relief, at page 7, lines 3-5 of the Complaint, "For restitution of all monies due to members of the Class or wrongfully taken by Defendant from members of the Class, and disgorged profits from the unlawful business practices of Defendant";

5. Item 3 of the Prayer For Relief, page 7, line 7 of the Complaint, "For appropriate injunctive or other equitable relief";

6. Item 4 of the Prayer For Relief, at page 7, line 8 of the Complaint, "For attorneys' fees."

This Motion is made pursuant to FRCP Rule 12(f) on the grounds that the Complaint's demands for disgorgement of defendant's earnings, profits, compensation and economic benefit, injunctive relief and for attorneys' fees, are improper and not recoverable in this action as a matter of law, and their presence in the Complaint will prejudice defendant and cause the parties and the Court unnecessary time and expense in this case.

This motion is based upon this notice and the attached Memorandum of Points and Authorities, and the Lodgment of Exhibits, Request for Judicial Notice and Declaration of Megan S. Wynne, filed concurrently herewith, all pleadings, papers, and records on file in this action, and upon such other oral and documentary evidence as may be presented at the hearing of this motion.

Dated: July 25, 2007                    MORRIS POLICH & PURDY LLP


By: _____/s/ Megan S. Wynne_____
    Anthony G. Brazil
    Megan S. Wynne
    David J. Vendler

Attorneys for Defendant
ADVANCED MEDICAL OPTICS, INC.

## TABLE OF CONTENTS

Page

1. PRELIMINARY STATEMENT. ...................................................................................1
2. RELEVANT ALLEGATIONS OF THE COMPLAINT. ..........................................2
3. AMO'S RECALL OF COMPLETE MOISTUREPLUS® MPS. .........................3
4. UNDER RULE 12(f), THE COURT MAY STRIKE IMPROPER DEMANDS FOR DAMAGES AND REMEDIES FROM THE COMPLAINT. ..................................................................................................................4
5. THE COMPLAINT'S DEMANDS FOR NONRESTITUTIONARY DISGORGEMENT SHOULD BE STRICKEN. ...............................................4
6. THE COMPLAINT'S REQUESTS FOR INJUCTIVE RELIEF ARE ALSO IMPROPER. .........................................................................................9
7. THE PRAYER'S REQUEST FOR ATTORNEYS' FEES ALSO SHOULD BE STRICKEN. ............................................................................10
8. CONCLUSION. .........................................................................................................11

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Alch v. Superior Court,*
  122 Cal.App.4th 339 (2004) ...................................................................................... 7

*America Online, Inc. v. Superior Court,*
  90 Cal.App. 4th 1, 15 n. 10 (2001) ........................................................................... 10

*Baxter v. Salutary Sportsclubs, Inc.,*
  122 Cal.App.4th 941 (2004) .................................................................................... 10

*Blue Chip Stamps v. Superior Court,*
  18 Cal.3d 381 (1976) ................................................................................................. 9

*Bran v. Sun Pacific Farming Coop,*
  2007 WL 678494, p. 6 (E.D. Cal. 2007) ................................................................... 8

*Bureerong v. Uvawas,*
  922 F.Supp. 1450, fn. 34 (C.D. Cal. 1996) ............................................................... 4

*California Licensed Foresters Association v. State Board of Forestry,*
  30 Cal.App.4th 562 (1994) ...................................................................................... 10

*California Service Station etc. Assn. v. Union Oil Co.,*
  232 Cal.App.3d 44, (1991) ........................................................................................ 9

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Company,*
  20 Cal.4th 163, (1999) ........................................................................................ 1, 10

*Champion Produce, Inc. v. Ruby Robinson Co., Inc.,*
  342 F.3d 1016, (9th Cir. 2003) ................................................................................ 10

*Cisneros v. U.D. Registry, Inc.,*
  39 Cal.App.4th 548, (1995) ....................................................................................... 9

*Cortez v. Purolator Air Filtration Pructions, Inc.,*
  23 Cal.4th 163, (2000) ............................................................................................... 6

*Feitelberg v. Credit Suisse First Boston, LLC,*
  134 Cal.App.4th 997, (2005) .............................................................................. 6, 7, 9

*In re First Alliance Mortgage Company,*
  471 F3d 977, (9th Cir. 2006) ..................................................................................... 7

*In re Wellbutrin SR/Zyban Antitrust Litig.,*
  281 F.Supp.2d 751, 745 n. 2 (E.D.Pa. 2003) ............................................................ 4

*Korea Supply Co. v. Lockheed Martin Corporation,*
  29 Cal.4th 1134 (2003) .................................................................................... 1, 5, 6, 8

*Kraus v. Trinity Management Services, Inc.*
  23 Cal.4th 116, (2000) ............................................................................................... 5

*Lamers Dairy Inc. v. USDA*,
  379 F.3d 466, 471 n. 8 (7th Cir. 2004)..................................................................4

*Lopez v. Smith*,
  203 F.3d 1122, (9th Cir. 2000)............................................................................11

*Madrid v. Perot Systems Corp.*,
  130 Cal.App.4th 440, (2005)........................................................................5, 6, 7

*Matoff v. Brinker Restaurant Corporation*,
  439 F.Supp.2d 1035, (C.D. Cal. 2006)..................................................................7

*MGIC Indem. Corp. v. Weisman*,
  803 F.2d 500, (9th Cir.1986).................................................................................4

*Reynolds Metal Company v. Alperson*,
  25 Cal.3d 124, (1979)..........................................................................................10

*Sidney-Vinstein v. A.H. Robins Co.*,
  697 F.2d 880, (9th Cir. 1983)................................................................................4

*Starr-Garden v. Massachusetts Mutual Life Insurance Company*,
  2006 WL 3218778 (E.D. Cal. 2006) .....................................................................8

*Tapley v. Lockwood Green Engineers, Inc.*,
  502 F.2d 559, (8th Cir. 1974)................................................................................4

*Wilkerson v. Butler*,
  229 F.R.D. 166, (E.D. Cal. 2005)..........................................................................4

**STATUTES**

California *Business & Professions Code* section 17200.........................................passim

California *Business & Professions Code* section 17203.............................................5,6

California *Business & Professions Code* sections 17500 ......................................passim

California *Business & Professions Code* section 17535................................................5

California *Code of Civil Procedure* section 1021.......................................................10

California *Code of Civil Procedure* section 1021.5....................................................10

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.   PRELIMINARY STATEMENT.**

The remedies under California's "unfair competition" and "false advertising" laws are limited. The plaintiffs' Complaint seeks "nonrestitutionary" disgorgement of profits, and attorneys' fees, both of which are clearly not recoverable and therefore should be stricken from the Complaint. The Complaint's request for injunctive relief is also improper.

Plaintiffs Alexis Degelmann's and Joseph Lin's ("plaintiffs") Complaint follows on the heels of a product recall which was announced on May 25, 2007. The Complaint alleges defendant herein, Advanced Medical Optics, Inc. ("AMO") produced, marketed and sold a contact lens solution known as COMPLETE MoisturePLUS® Multi-Purpose Solution ("COMPLETE MoisturePLUS® MPS"). It further asserts that, according to recent reporting from the U.S Centers for Disease Control (CDC), and contrary to AMO's marketing, COMPLETE MoisturePLUS® MPS is inferior to other contact lens solutions at disinfecting contact lenses and its use increases the risk of development of corneal infection compared to other contact lens solutions. The Complaint does not allege plaintiffs sustained any physical injury from use of Complete MoisturePLUS® MPS, but that plaintiffs seek to represent a class of purchasers who "suffered actual injury in that they purchased the product, and current users have been forced to discard it along with lens containers."

The Complaint asserts two claims, based on violations of California *Business & Professions Code* sections 17500 ("false advertising") and 17200 ("unfair competition") respectively. Under plain statutory language and established case law, restitution and injunction are the only remedies available for violation of these sections. "Nonrestitutionary disgorgement of profits" clearly is not. (*Korea Supply Co. v. Lockheed Martin Corporation*, 29 Cal.4th 1134 (2003). Attorneys' fees clearly are not. (*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Company*, 20 Cal.4th 163, 179 (1999).) Furthermore, because the product at issue has already

been recalled, injunctive relief plainly is not available. Accordingly, the Court should strike the demands/prayer for these remedies from the Complaint to avoid the time and expense and prejudice which would ensue from their presence in the case.

## 2. RELEVANT ALLEGATIONS OF THE COMPLAINT.

Plaintiffs' Complaint alleges the following: (1) AMO produced, marketed and sold a contact lens solution product known as Complete MoisturePlus Multi-Purpose Solution ("Complete MoisturePLUS® MPS"); (2) AMO represented to consumers, among other things, that Complete MoisturePLUS® MPS rejuvenates, cleans, rinses, stores, disinfects, removes protein from and conditions contact lenses; (3) according to recent reporting from the CDC, consumers who use COMPLETE MoisturePLUS® MPS are at a "seven-fold" increased risk (compared to other brands of contact lens solutions) of suffering a corneal infection known as acanthamoeba keratitis which can cause visual impairment and in some cases blindness; (4) when it introduced COMPLETE MoisturePLUS® MPS, AMO was aware of studies which showed COMPLETE MoisturePLUS® MPS was inferior to other contact lens solutions such as hydrogen peroxide in destroying acanthamoeba and contaminants, and intentionally omitted, suppressed and failed to disclose this information to consumers; and (5) plaintiffs Alexis Degelmann and Joseph Lin purchased and used COMPLETE MoisturePLUS® MPS to disinfect their contact lenses. (See Exhibit "A", Complaint, p. 2, ¶¶ 3-4, 7-8; p. 3, ¶¶ 9-11.)

The Complaint also asserts that plaintiffs seek to represent a class of "all purchasers throughout the United States who bought COMPLETE MoisturePLUS® MPS during the period from June 13, 2003 through the present." It describes nine "questions of law or fact" their proposed class allegedly has in common and makes other class action allegations. (*Id.* at 3, ¶¶ 12-13; 4, ¶¶ 14-17.) Importantly, plaintiffs do not allege that they suffered any personal injury; rather, they allege that the class members' only damage is that they paid for the product and then discarded it at CDC's recommendation.

The Complaint's first claim is for violations of California Business & Professions Code section 17500, and alleges that AMO publicly disseminated information concerning the cleaning attributes of COMPLETE MoisturePLUS® MPS which it knew were untrue or misleading. The claim alleges that, "As a result of the foregoing, members of the Class suffered actual injury in that they purchased the product, and current users have been forced to discard it along with lens containers." (*Id.* at 5, ¶ 20, 6, ¶ 21.) Paragraph 22 of the Complaint then states that plaintiffs and members of the class seek to recover "restitution and disgorgement of all earnings, profits, compensation and benefit obtained as a result of the practices that are unlawful..." (*Id.* at ¶ 22.) "They also seek an injunction...preventing further violations of ...sections 17200 et. seq. and 17500 et seq." (*Id.*)

The Complaint's second claim is for violations of California *Business & Professions Code* section 17200, and alleges that AMO, by its conduct previously alleged, engaged in unfair, deceptive, illegal and/or fraudulent business acts or practices. Paragraph 25 then states that, "Defendant derived economic benefit and profit from the violation of *Business and Professions Code* section 17200, which should be restored and/or disgorged to members of the Class." (*Id.* at ¶ 25.)

The Complaint's "Prayer For Relief" states, in pertinent part,

1. For restitution of all monies due to members of the Class or wrongfully taken by Defendant from members of the Class, and disgorged profits from the unlawful business practice of Defendant.

…

3. For appropriate injunctive or other relief.

4. For attorneys' fees and costs;

(*Id.* at 7, lines 3-5, 7-8.)

### 3. AMO'S RECALL OF COMPLETE MOISTUREPLUS® MPS.

AMO voluntarily recalled COMPLETE MoisturePLUS® MPS from the market on May 25, 2007. (See Exhibit "B", Complaint in *Wooten v. Advanced Medical Optics, Inc.*, U.S.D.C. Central District, Case # SACV07-0689 JVS (ANX) [same

plaintiff counsel], p. 7, ¶ 28; Exhibit "C", United States Food and Drug Administration Notices regarding product recall[1]; Request for Judicial Notice, filed herewith; Declaration of Megan Wynne, ¶ 1, 2.)

4. **UNDER RULE 12(f), THE COURT MAY STRIKE IMPROPER DEMANDS FOR DAMAGES AND REMEDIES FROM THE COMPLAINT.**

A motion to strike may be used to strike a demand or prayer for damages where the damages or remedies sought are not recoverable as a matter of law. (*Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479, fn. 34 (C.D. Cal. 1996), citing *Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d 559, 560 (8th Cir. 1974); *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D. Cal. 2005).) In the instant case, as discussed below, striking the plaintiff's improper demands for relief/prayer will serve the purposes of Rule 12(f) to avoid the expenditure of time and money resulting from litigation of spurious issues by dispensing with them immediately. (*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).)

5. **THE COMPLAINT'S DEMANDS FOR NONRESTITUTIONARY DISGORGEMENT SHOULD BE STRICKEN.**

Under California's Business & Professions Code sections 17200 and 17500, "nonrestitutionary" disgorgement of a defendant's earnings and profits is not a permissible remedy.

The express statutory remedies available for violations of California Business & Professions Code section 17200, "unfair competition" ("UCL"), and 17500, "false advertising" ("FAL"), are nearly identical. (Business & Professions Code sections

---

[1] A district court may consider records and reports of administrative bodies and other "matters of public record outside the proceedings" by way of judicial notice. (*MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986); *Lamers Dairy Inc. v. USDA*, 379 F.3d 466, 471 n. 8 (7th Cir. 2004) ["This court may take judicial notice of reports of administrative bodies"].); *In re Wellbutrin SR/Zyban Antitrust Litig.*, 281 F.Supp.2d 751, 745 n. 2 (E.D.Pa. 2003) [taking judicial notice of FDA report posted on the official FDA website].)

17203 and 17535.²) Under both, the court is permitted to "make such orders or judgments ... as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of" such unfair competition or false advertising. (*Id.*)

The California Supreme Court has made clear that this statutory language limits plaintiffs to injunctive relief and restitution, and that damages are not available. (*Korea Supply Co. v. Lockheed Martin Corporation*, 29 Cal.4th 1134, 1144-1150 (2003).)

The object of restitution is to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest. (*Id.* at 1149.) Thus, an order for restitution is one compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person. (*Id.* at 1149, citing *Kraus v. Trinity Management Services, Inc.* 23 Cal.4th 116, 126-127 (2000).) In other words, in this context, "restitution means the

---

² Section 17203 provides, in pertinent part,
> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition...

Section 17535 provides, in pertinent part,
> Any person, corporation, firm, partnership, joint stock company, or any other association or organization which violates or proposes to violate this chapter may be enjoined by any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person, corporation, firm, partnership, joint stock company, or any other association or organization of any practices which violate this chapter, or which may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of any practice in this chapter declared to be unlawful.

return of money to those persons from whom it was taken or who had an ownership interest in it." (*Madrid v. Perot Systems Corp.*, 130 Cal.App.4th 440, 455 (2005).)

While restitution "restores" money to a plaintiff, "disgorgement" refers to a broader range of relief and can include nonrestitutionary elements that are not authorized under the UCL,

> [A]n order for disgorgement may compel a defendant to surrender all money obtained through an unfair business practice even though not all is to be restored to those persons from whom it was obtained or those claiming under those persons. It has also been used to refer to surrender of all profits earned as a result of an unfair business practice regardless of whether those profits represent money taken directly from persons who were victims of the unfair practice.
>
> …
>
> This court has never approved of nonrestitutionary disgorgement of profits as a remedy under the UCL. While prior cases discussing the UCL may have characterized some of the relief available as 'disgorgement,' we were referring to the restitutionary form of disgorgement, and not to the nonrestitutionary type sought here by plaintiff.

(*Korea Supply*, *supra* at 1145, 1148.)

Accordingly, disgorgement is not permitted under the UCL of: (1) money obtained even though not all is to be restored to those persons from whom it was obtained; or (2) profits earned as a result of an unfair business practice unless taken directly from victims of the unfair practice. (*Korea Supply*, *supra*, at 1145-1152 ["disgorgement…is an available remedy…only to the extent that it constitutes restitution"]; *Feitelberg v. Credit Suisse First Boston, LLC*, 134 Cal.App.4th 997, 1015-1020 (2005) [courts have no inherent equitable power to order nonrestitutionary disgorgement, and it is not authorized under either the "prevent" prong or the 'restore' prong of section 17203]; *Madrid v. Perot Systems Corporation*, 130 Cal.App.4th 440 (2005) [plaintiff not entitled to disgorgement of "ill-gotten" gains absent showing of vested interest in them]; *Cortez v. Purolator Air Filtration Pructions, Inc.*, 23 Cal.4th

163, 172 (2000) [trial court may not order disgorgement of all benefits defendant may have received from failing to pay overtime wages; it may only order restitution to person from whom money or property has been unfairly or unlawfully obtained].) Whereas with restitutionary disgorgement the focus is on the plaintiff's loss[3], with (non-recoverable) nonrestitutionary disgorgement, the focus is on the defendant's gain from the unfair practice. (*Feitelberg, supra*, 134 Cal.App.4th at 1013.)

The rule prohibiting nonrestitutionary disgorgement applies with equal force in class actions. (*Feitelberg, supra*, at 1015-1020 (2005) [nonrestitutionary disgorgement of profits not permitted in class action]; *Madrid, supra*, 130 Cal.App.4th at 459 [plaintiff's attempted class action on behalf of electricity customers did not seek utility overcharges but rather return of profits earned from defendant's unfair business practices; court rejected claim]; *Alch v. Superior Court*, 122 Cal.App.4th 339, 408 (2004) [trial court has no authority to award nonrestitutionary backpay to class].) This is because class certification does not serve to enlarge substantive rights or remedies. As the court said in *Feitelberg, supra*, "class action status does not alter the parties' underlying substantive rights; if a specific form of relief is foreclosed to claimants as individuals, it remains unavailable to them even if they congregate into a class."[4] (*Fietelberg, supra*, at 606.)

Other examples of enforcement of the rule against recovery of nonrestitutionary disgorgement in this context abound. In *In re First Alliance Mortgage Company*, 471 F3d 977, 997 (9th Cir. 2006), the court rejected the plaintiffs' claims for all moneys obtained by defendants where only a small percentage of it came as a result of the alleged wrongfully charged fees. In *Matoff v. Brinker Restaurant Corporation*, 439

---

[3] AMO disputes that plaintiffs have suffered any "loss", since they do not have any personal injuries and COMPLETE MoisturePLUS® MPS was thus safe and effective for them.

[4] The *Feitelberg* court also made clear that the existence of a "fluid recovery" mechanism in class actions does not permit plaintiffs to obtain nonrestitutionary disgorgement under the UCL; "fluid recovery" is a method of paying out damages, not an entitlement to a different type of damages. (*Feitelberg, supra*, 134 Cal.App.4th at 1015-1020.)

F.Supp.2d 1035, 1038 (C.D. Cal. 2006) the district court held that disgorgement of profits in excess of restitution was not permitted. In *Starr-Garden v. Massachusetts Mutual Life Insurance Company*, 2006 WL 3218778 (E.D. Cal. 2006) the court stated that,

> Typically, when a defendant is ordered to disgorge profits, it must surrender all money obtained through the illegal business practice, including money not obtained from plaintiffs. The UCL does not permit this. Rather, disgorgement is permissible only to the extent that it constitutes restitution.

(*Id.* at 7; citations omitted.)

In *Bran v. Sun Pacific Farming Coop*, 2007 WL 678494, p. 6 (E.D. Cal. 2007), the district court, citing *Korea Supply*, struck the disgorgement of profits language from the class action complaint based on "the California Supreme Court's preclusion of profits disgorgement as an unfair competition law remedy." (*Id.* at 6.)

In the instant case, the plaintiffs' Complaint contains several demands for nonrestitutionary disgorgement which must be stricken pursuant to *Korea Supply* and its progeny. In particular, page 6, lines 11-13, states that plaintiffs are entitled not only to restitution, but also to "*disgorgement of all earnings, profits, compensation and benefit obtained*" by defendant. (Exh. "A", 6:11-13; emphasis added.) Page 6, lines 23-25 alleges that "*Defendant derived economic benefit and profit ... which should be restored and/or disgorged* to members of the Class". (*Id.* at 6:23-25; emphasis added.) And, item 1 of the Prayer For Relief, at page 7, lines 3-5, asks, "For restitution of all monies due to members of the Class or wrongfully taken by Defendant from members of the Class, *and disgorged profits from the unlawful business practices of Defendant*". (*Id.* at 7:3-5; emphasis added.) The requests set forth in italics above are clearly intended to encompass the "nonrestitutionary disgorgement" relief decried by *Korea Supply et. al.* Each such allegation/prayer asserts entitlement to restitution and disgorgement in the conjunctive or describes the relief sought based on the benefit to the defendant. The former makes clear the relief sought is in addition to or different

from "restitution" and the latter blatantly identifies the focus of the remedy sought as the gain to the defendant rather than the loss to be restored to the plaintiff. In both cases, the request is not sustainable under the UCL. (*Korea Supply, supra*; *Feitelberg, supra*.)

The presence of these non-recoverable damages claims in the case prejudices AMO, and will undoubtedly lead to discovery and other disputes and cause unnecessary time and expense to be incurred by the parties and the Court. Accordingly, the allegations/prayer seeking such damages should be stricken from the Complaint.

### 6. THE COMPLAINT'S REQUESTS FOR INJUCTIVE RELIEF ARE ALSO IMPROPER.

While the UCL and FAL generally authorize injunctive relief, the law is clear that injunctions are not permissible under these statutes in the absence of any evidence that the acts are likely to be repeated in the future. (*Fietelberg, supra* at 602, 609-610; *Cisneros v. U.D. Registry, Inc.*, 39 Cal.App.4th 548, 574 (1995).) In *Fietelberg*, the trial court denied injunctive relief under the UCL because the "wrongful practice" upon which the lawsuit was based had already ended. The court of appeal affirmed, stating,

> The business practice challenged here is the subject of a federal consent judgment that compels defendants to stop the offending conduct. As the California Supreme Court said long ago, "when as here, the assertedly wrongful practice has ended long before the action is filed, its requested termination is a rather empty prayer." (Citing *Blue Chip Stamps v. Superior Court*, 18 Cal.3d 381 (1976).)

(*Feitelberg, supra*, at 609-610.)

In the instant case, AMO has voluntarily discontinued selling COMPLETE MoisturePLUS® MPS and recalled the product. (See Section 3, *supra*.) Accordingly, there is no "offending conduct" to enjoin, the allegedly wrongful practice "ended before the action was filed" and no allegation has been or can be made that it is "likely to be repeated in the future". Accordingly, no basis for injunctive relief exists, and the

requests in the Complaint for such relief should be stricken. (*Feitelberg, supra*; *California Service Station etc. Assn. v. Union Oil Co.*, 232 Cal.App.3d 44, 56 (1991) [injunction can be denied where the defendant voluntarily discontinues the wrongful conduct].)

## 7. THE PRAYER'S REQUEST FOR ATTORNEYS' FEES ALSO SHOULD BE STRICKEN.

Neither the California Code of Civil Procedure or the UCL allows for the recovery of attorneys' fees. Under California law, attorneys' fees are not recoverable unless expressly authorized by statute or by the parties' contract.[5] (California *Code of Civil Procedure* section 1021; *Reynolds Metal Company v. Alperson*, 25 Cal.3d 124, 127 (1979).)

*Business & Professions Code* section 17200 et. seq. and 17500 et. seq. do not authorize recovery of attorneys' fees, and the California Supreme Court has specifically stated that they are not recoverable in a UCL action. (*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Company*, 20 Cal.4th 163, 179 (1999) ["plaintiffs may not receive damages ... or attorney fees" in such cases]; *America Online, Inc. v. Superior Court*, 90 Cal.App. 4th 1, 15 n. 10 (2001) [same].)

Nor does Code of Civil Procedure Section 1021.5 authorize recovery of attorneys' fees in this case. Section 1021.5 permits such recovery in certain cases resulting in significant public benefit, must be brought by motion after trial, and is intended as a bounty for pursuing public interest litigation, not a reward for litigants motivated by their own interests who coincidentally serve the public. (*Code of Civil Procedure* section 1021.5; *California Licensed Foresters Association v. State Board of Forestry*, 30 Cal.App.4th 562 (1994); *Baxter v. Salutary Sportsclubs, Inc.*, 122

---

[5] An award of attorneys' fees incurred in a suit based on state substantive law is generally governed by state law. (*Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1020 (9th Cir. 2003).)

Cal.App.4th 941, 948 (2004) [under section 1021.5, attorneys' fees especially not justified where no showing that offending party refuses to correct violations after brought to its attention].) No facts theoretically entitling plaintiffs to such relief have been alleged here.

Accordingly, the prayer for attorneys' fees should also be stricken from the Complaint.

**8.     CONCLUSION.**

Based upon the foregoing, plaintiffs' Complaint in this matter and the exhibits lodged herewith, defendant Advanced Medical Optics, Inc. respectfully requests that its Motion to Strike be granted without leave to amend. (*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) [leave to amend can be denied where pleading could not possibly be cured by the allegation of other facts].)

Dated: July 25, 2007

MORRIS POLICH & PURDY LLP

By: _____
Anthony G. Brazil
Megan S. Wynne
David J. Vendler

Attorneys for Defendant
ADVANCED MEDICAL OPTICS, INC.