JAMES A. QUADRA, State Bar No. 131084
e-mail: quadra@meqlaw.com
SYLVIA M. SOKOL, State Bar No. 200126
e-mail: sokol@meqlaw.com
MOSCONE, EMBLIDGE, & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, California 94104-4238
Telephone:(415) 362-3599
Facsimile:(415) 362-2006

WENDY R. FLEISHMAN, admitted *Pro Hac Vice*
e-mail: wfleishman@lchb.com
REBECCA BEDWELL-COLL, State Bar No. 184468
e-mail: rbcoll@lchb.com
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone:(212) 355-9500
Facsimile:(212) 355-9592

KENT L. KLAUDT, State Bar No. 183903
e-mail: kklaudt@lchb.com
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone:(415) 956-1000
Facsimile:(415) 956-1008

*Attorneys for Plaintiffs* ALEXIS DEGELMANN and JOSEPH LIN
on behalf of themselves and all those similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS DEGELMANN and JOSEPH LIN, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED MEDICAL OPTICS, INC., a Delaware corporation,<br><br>Defendant. | CASE NO.: C 07 3107 PJH<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT ADVANCED MEDICAL OPTICS, INC.'S MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA<br><br>Date:      September 26, 2007<br>Time:      9:00 a.m.<br>Ctrm.:     3<br>Judge:     Hon. Phyllis J. Hamilton |

1
2
## TABLE OF CONTENTS

3 TABLE OF CONTENTS..................................................................................................I

4 TABLE OF AUTHORITIES ..........................................................................................II

5 INTRODUCTION ...........................................................................................................1

6 RELEVANT BACKGROUND .......................................................................................1

7 ARGUMENT ...................................................................................................................3

8
9
10
   I.    THE JOINT PANEL ON MULTIDISTRICT LITIGATION SHOULD
         DETERMINE WHETHER THIS CASE SHOULD BE TRANSFERRED
         AND CONSOLIDATED ................................................................................3

11
   II.   EVEN IF THIS COURT DECIDES AMO'S MOTION ON THE
12       MERITS, THE COURT SHOULD DENY THIS MOTION. ...............................4

13       A.    Defendant Has Failed to Meet Its Burden of Establishing that
               Private Factors Favor Transfer..........................................................5

14             1.    Plaintiffs' Choice of Forum ......................................................5
15
16             2.    Ease of Access to Sources of Proof ...........................................6

17             3.    AMO Has Failed to Demonstrate that It Would Suffer
                     Substantial Inconvenience and Hardship in the Absence of
                     a Transfer of this Action. ........................................................9
18
19             4.    Convenience of Third Party Witnesses and Availability of
                     Compulsory Process...............................................................11

20       B.    Defendant Cannot Meet Its Burden of Establishing that Public
               Factors Favor Transfer...........................................................12
21
22 CONCLUSION..............................................................................................................14

23
24
25
26
27
28

1

2

## <u>TABLE OF AUTHORITIES</u>

3

**Cases**

4

*Advanced Medical Optics, Inc. v. Alcon, Inc.*, 2005 WL 782809 (D. Del. 2005) ........................ 7

5

*Baldwin v. National Safety Associates, Inc.,* No. C 93-0571 BAC, 1994 WL 139267 (N.D. Cal.
    1994) ................................................................................................................................ 5

6

7

*Brody v. American Medical,* 337 F. Supp. 611 (S.D.N.Y. 1971) ............................................... 5, 6

8

*Carlile v. Continental Airlines, Inc.*, 953 F. Supp. 169 (S.D. Tex. 1997) ..................................... 9

9

*Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834 (9th Cir. 1986)...................... 4, 12

10

*Dreyfus v. Advanced Medical Optics, Inc.*, 2007 WL 148437 (E.D. La. 2007); ........................... 7

11

*Exxon Corp. v. F.T.C.*, 588 F.2d 895 (3d Cir. 1978) ..................................................................... 5

12

*Fodor v. Berglas*, 1994 WL 822477 (C.D. Cal. 1994) ................................................................... 8

13

*Healthtrac Corp. v. Caterpillar, Inc.*, 2005 WL 2811765 (N.D. Cal. 2005)........................... 5, 10

14

*Hodge v. Super. Ct.*, 145 Cal. App. 4th 278 (2006).................................................................... 13

15

*Italian Colors Restaurant v. American Express*, No. C 03-3719 SI, 2003 WL 22682482 (N.D.
    Cal. 2003)............................................................................................................ 6, 8, 10, 11

16

17

*Jarvis v. Marietta Corp.*, 1999 WL 638231 (N.D. Cal., 1999)................................................... 11

18

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000)............................................... 4, 11

19

*Jones v. Walgreen Co.*, 463 F. Supp. 2d 267 (D. Conn. 2006)..................................................... 9

20

*Koster v. Lumbermens Mutual Casualty Co.*, 330 U.S. 518 (1947) ......................................... 5, 6

21

*Los Angeles Memorial Coliseum Commission v. National Football League*, 89 F.R.D. 497 (C.D.
    Cal. 1981)......................................................................................................................... 4

22

23

*Lou v. Belzbert*, 834 F.2d 730 (9th Cir. 1987) ............................................................................. 5

24

*Mag Solutions LLC, et al. v. Toda Kogyo Corp., et al.,* Case No. C-02-1611-PJH..................... 6

25

*Medicap Pharmacies, Inc. v. Faidley*, 416 F. Supp. 2d 678 (S.D. Iowa 2006) ........................... 9

26

*Miracle v. N.Y.P. Holdings, Inc.*, 87 F. Supp. 2d 1060  (Haw. 2000) ........................................ 10

27

*Nat'l Computer Ltd. v. Tower Industries, Inc.*, 708 F. Supp. 281 (N.D. Cal. 1989) .................... 4

28

*Northern Acceptance Trust 1065 v. Gray*, 423 F.2d 653 (9th Cir. 1970)................................... 4

OPPOSITION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA     Case No. C 07-3107 PJH

*Okara & Co., Inc. v. Careau Group*, 783 F Supp. 482 (C.D. Cal. 1991) ..................................... 13

*Owner-Operator Independent Drivers Ass'n, Inc. v. C.R. England*, 2002 WL 32831640 (E.D. Cal. 2002) ............................................................................................................................ 11

*Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949 (9th Cir. 1968) ......................................... 5,8

*Panavision International, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998) .................................. 7

*Popular Leasing Co. v. Terra Excavating, Inc.*, 2005 WL 1523950 (E.D. Mo. 2005) ............... 12

*Raymarine, Inc. v. Argonaut Computer, Inc.*, 2002 WL 1770803 (D.N.H. 2002) ........................ 7

*Reed Elsevier, Inc. v. Innovator Corp.*, 105 F. Supp. 2d 816 (S.D. Ohio 2000) ........................... 7

*Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309 (9th Cir. 1985) .....................4, 13

*Shropshire v. Fred Rappoport Co.*, 294 F. Supp. 2d 1085 (N.D. Cal. 2003) ................................ 4

*Smith v. Colonial Penn. Ins. Co.*, 943 F. Supp. 782 (S.D. Tex. 1996) ......................................... 11

*STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551 (N.D. Cal.1988)................................................... 4

*Van Dusen v. Barrack*, 376 U.S. 612 (1964) ............................................................................... 4

*Ventress v. Japan Airlines*, 486 F.3d 1111 (9th Cir. 2007) ......................................................... 8

*Wiley v. Trendwest Resorts, Inc.*, No. C 04-4321 SBA, 2005 WL 1910934 (N.D. Cal. 2005) ...... 5

**Statutes**

28 U.S.C Section 1404 (a) ........................................................................................................... 4

28 U.S.C  Section 1407 (a) ........................................................................................................... 3

1

2

**INTRODUCTION**

3      Plaintiffs properly filed this action in a district in which they reside.  Defendant

4  Advanced Medical Optics, Inc. ("AMO") does not dispute this.  Moreover, Defendant maintains

5  an office in this district, sends employees to conferences in San Francisco to make presentations

6  about ocular products, markets and sells its products here, and easily litigates cases in other

7  states.  AMO has nevertheless brought this meritless motion to transfer venue simply to try to

8  litigate this case in a district that it believes will be more favorable to it.

9       AMO's Motion to transfer this case to the Central District of California fails for several

10  separate and independent reasons.  First, this Court should deny AMO's motion as a blatant

11  attempt to make an end-run around the process for coordinating or consolidating pretrial

12  proceedings through the judicial panel on multidistrict litigation ("JPML").  AMO is facing

13  another federal class action in the Southern District of California.  Rather than file a motion to

14  consolidate or coordinate that case with this one, AMO has signaled that it intends to file

15  improper piecemeal motions to transfer venue in both cases to the Central District.  This Court

16  should not allow such gamesmanship.

17      Second, AMO has failed to carry its burden of showing that transferring this case to the

18  Central District of California would be more convenient for the parties and witnesses, much less

19  in the interest of justice.  Indeed, as described below, AMO relies on nothing more than

20  speculation and generalized allegations in support of its arguments.  In so doing, AMO has failed

21  to meet its heavy burden to establish that this case belongs in another district.

22

**RELEVANT BACKGROUND**

23      Plaintiffs Alexis Degelmann and Joseph Lin, who both reside in the Northern District of

24  California, filed this national class action against Defendant AMO on June 13, 2007, on behalf of

25  themselves and all others similarly situated.[1]  In their Class Action Complaint, Plaintiffs allege

26  _____

27  [1] One of the attorneys for the class, Lieff Cabraser, Heimann & Bernstein, LLP,
   previously filed a personal injury case against AMO in the Central District of California.
   However, due to the numerous clients who have contacted Lieff Cabraser to complain of the

28  (continued on next page)

OPPOSITION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA     Case No. C 07-3107 PJH

that AMO violated California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 &

17500, when it manufactured, marketed, and sold a defective contact lens eye care solution

marketed under the name Complete MoisturePlus Multi-Purpose Solution ("Complete").

Complete is an "all-in-one" or "multipurpose" contact lens solution that AMO marketed as a

product that "rejuvenates," "cleans," "rinses," "stores," "disinfects," and contains "taurine and 4

electrolytes for healthy lens wear." (Declaration of Rebecca Bedwell-Coll In Support of

Opposition to Motion By Defendant Advanced Medical Optics, Inc. to Transfer Venue to the

Central District of California ("Bedwell-Coll Decl."), filed herewith, Ex. A at 3:5-9.) In fact, as

the United States Center for Disease Control reported in May 2007, consumers who use

Complete are at a seven-fold increased risk of suffering acanthamoeba keratitis, which is a

painful corneal infection that can cause permanent visual impairment or blindness. (*Id.* at 3:10-

15.) Plaintiffs allege that AMO knew or should have known, when it introduced and sold

Complete in the national marketplace, that Complete was inferior to, and more dangerous than,

other contact lens solutions, but led consumers to believe that Complete was as effective, if not

more so, than other multi-purpose solutions sold for the same purposes. (*Id.* at 3:16-21.)

On its website, AMO boasts that it is a "global medical device leader" with "operations in

twenty-four countries," and employs 4,200 workers around the world. AMO goes on to identify

some thirty-five "global locations," where it operates, including one in the Northern District of

California, on Central Expressway in Santa Clara, California. (Bedwell-Coll Decl., Ex. B.)

Several employees from that office recently appeared in San Francisco to give presentations

regarding ocular issues. (*Id.*, Ex. D.)

---

(footnote continued from previous page)
debilitating infections caused by AMO's Complete solution, and for the purpose of efficiency
and judicial economy, Lieff Cabraser dismissed that case and refiled it as a combined action with
multiple additional plaintiffs in state court. (Bedwell-Coll Decl. ¶ 9.)

1

## ARGUMENT

2

I.   **THE JOINT PANEL ON MULTIDISTRICT LITIGATION SHOULD
     DETERMINE WHETHER THIS CASE SHOULD BE TRANSFERRED AND
     CONSOLIDATED**

3

4          This matter is the first filed national class action against AMO.  Nine days before AMO

5   filed this Motion, a second national class action, *Jenkins v. AMO*, Case No. 37-2007-00071244-

6   CU-PL-CLT, was filed in the San Diego Superior Court.  (Bedwell-Coll Decl. Ex. E.)  AMO

7   removed the *Jenkins* action to Federal Court in the Southern District of California.  (*Id.*, Ex. F.)

8   Then, during the parties' Rule 26 conference in this case, AMO admitted that it intends to file a

9   motion to transfer the *Jenkins* case to the Central District as well.  (*Id.*, ¶ 8.)

10         When civil actions involving one or more common questions of fact are pending in

11  different districts, such actions may be transferred to any district for coordinated or consolidated

12  pretrial proceedings.  28 U.S.C.A. § 1407(a).  However, decisions whether to make such

13  transfers "shall be made by the judicial panel on multidistrict litigation," not on a piecemeal,

14  court by court basis.  *See id.*

15         In this case, AMO did not file a motion with the judicial panel on multidistrict litigation

16  ("JPML"), as would be proper.  AMO also did not seek to transfer *one* of these class actions to

17  the district where the *other* is pending.  Instead, AMO is improperly attempting to move each

18  case one at a time into the Central District, where it believes it will obtain the most favorable

19  rulings.  The Court should reject this attempt to make an end-run around the JPML process.

20  Plaintiffs intend to file a motion before the JPML prior to the hearing on this matter, and will

21  provide this Court with a courtesy copy of that motion.  (Bedwell-Coll Decl., ¶ 11.)

22         Counsel for Degelmann and Lin have conferred with counsel for Jenkins, and all

23  plaintiffs' counsel agree that this consolidation should proceed through the JPML process, and

24  that the cases should be consolidated here, in the Northern District of California.  (*Id.*)  Plaintiffs

25  respectfully request that this Court deny AMO's motion to transfer pending the JPML's

26  determination.

27

28

OPPOSITION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA     Case No. C 07-3107 PJH

## II.   EVEN IF THIS COURT DECIDES AMO'S MOTION ON THE MERITS, THE COURT SHOULD DENY THIS MOTION

Under the United States Code, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  In deciding a motion to transfer, a court should consider two sets of interests.  First, the Court should consider the private parties' interests, which consist of the plaintiff's choice of forum, the ease of access to sources of proof, whether there are third parties to be compelled to testify, and the cost of obtaining the attendance of willing witnesses.  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).  Second, the Court is to consider public interests, which include the "local interest in having localized controversies decided at home," the "avoidance of unnecessary problems in conflict of laws, and "the unfairness of burdening citizens in an unrelated forum with jury duty."  *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986); *see also Shropshire v. Fred Rappoport Co.*, 294 F. Supp. 2d 1085, 1095 (N.D. Cal. 2003); *Nat'l Computer Ltd. v. Tower Industries, Inc.*, 708 F. Supp. 281, 283 (N.D. Cal. 1989).

It is well settled that, on a motion to transfer venue to another district under Section 1404(a), "a defendant bears a heavy burden of proof to justify the necessity of the transfer." *STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1555-56 (N.D. Cal.1988); *see also Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985) (courts generally will not order a transfer unless the "convenience" and "justice" factors strongly favor venue elsewhere); *Northern Acceptance Trust 1065 v. Gray,* 423 F.2d 653, 654 (9th Cir. 1970); *Los Angeles Memorial Coliseum Commission v. National Football League*, 89 F.R.D. 497, 499 (C.D. Cal. 1981) ("The burden of establishing that an action should be transferred is on the moving party.").  This is, in part, because "Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient."  *Van Dusen*, 376 U.S. at 646.

As described below, Defendant has failed to meet its heavy burden of establishing that any of the factors favor transferring this case to the Central District of California.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**A.    Defendant Has Failed to Meet Its Burden of Establishing that Private Factors Favor Transfer.**

**1.    Plaintiffs' Choice of Forum**

"There is a strong presumption in favor of plaintiff's choice of forum, in particular when the chosen forum is plaintiff's place of residence." *Healthtrac Corp. v. Caterpillar, Inc.*, 2005 WL 2811765 (N.D. Cal. 2005). Although the plaintiff's choice of forum is not weighted as heavily in a class action,[2] it is still the defendant's burden to show that the case should be transferred, particularly where the class representatives reside in the district where the action is brought. *See Brody v. American Medical,* 337 F. Supp. 611, 613 (S.D.N.Y. 1971) (though plaintiffs were currently attending school in another state, they had family members in the state of their residence with whom they could stay during trial). In this case, both named Plaintiffs reside in the Northern District of California, where this case was filed. As the first individuals in the nation to step forward on behalf of consumers nationwide, they should be permitted to make their contribution in the district in which they reside.

In support of its position that this Court should disregard the residence of the named Plaintiffs, AMO cites several cases, none of which involves the issue of named representatives who are individuals residing in the district where the action has been brought. *See Koster v. Lumbermens Mutual Casualty Co*., 330 U.S. 518 (1947) (shareholder action silent on residence of plaintiff); *Lou v. Belzbert*, 834 F.2d 730 ( 9th Cir. 1987)(shareholder action silent on residence of plaintiff) *Baldwin v. National Safety Associates, Inc.,* No. C 93-0571 BAC, 1994 WL 139267, at *2 n.2 (N.D. Cal., 1994) (noting that the only named plaintiff who was a California resident wished to dismiss her complaint); *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 955 (9th Cir. 1968) (transferring action out of Hawaii where "no contacts of any substance with the State of Hawaii existed as to either party"); *cf Wiley v. Trendwest Resorts, Inc*., No. C 04-4321 SBA, 2005 WL 1910934 (N.D. Cal. 2005) (transferred from California to Nevada where named plaintiffs resided in California, but California class was artificial carve-out of national class

---

[2] Venue is satisfied if met by one named plaintiff. *See e.g., Exxon Corp. v. F.T.C.*, 588 F.2d 895, 898-99 (3d Cir. 1978).

brought in Nevada by named Nevada plaintiffs); *Italian Colors Restaurant v. American Express*, No. C 03-3719 SI, 2003 WL 22682482 (N.D. Cal. 2003) (transferred from California to New York where named representative was a company, not an individual consumer, and where an identical nationwide action had previously been brought in New York).  In contrast to the cases cited by AMO, here, both named Plaintiffs reside in this judicial district.  Plaintiffs' choice of this forum is entitled to "significant" weight, and favors denying AMO's motion to transfer venue.  *See Brody*, 337 F. Supp. at 613.

Moreover, even the cases AMO relies upon recognize that this Court should consider whether the original forum district is an "appropriate" one to oversee a class action.  *See, e.g., Koster*, 330 U.S. at 526 (noting that a shareholder derivative action "brings to the court more than an ordinary task of adjudication; it brings a task of administration; and what forum is appropriate for such a task may require consideration of its relation to the whole group of members and stockholders whom plaintiff volunteers to represent as well as to the nominal plaintiff himself"). This factor only emphasizes the propriety of this case's proceeding in the Northern District of California and, in particular, before this judge.  Countless class actions on behalf of national classes are routinely brought before this Court and this judge, and have been efficiently and fairly adjudicated and resolved.  This Court has both the experience and energy necessary to oversee this class action, as it has overseen many others brought before this Court. *See, e.g., In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, M-02-cv-1486-PJH; *Rosenburg et al. v. IBM*, Case No. C-06-0430-PJH; *e.Mag Solutions LLC, et al. v. Toda Kogyo Corp., et al.,* Case No. C-02-1611-PJH.

Finally, not one of the cases AMO cites involves a case where a corporation attempts to transfer a case within the same state where it is currently pending.  The fact that AMO seeks to transfer this case from one California federal court to another only shows that it is itself attempting to do the very forum shopping that it accuses Plaintiffs of committing.

### 2.    Ease of Access to Sources of Proof

Defendant argues that "[r]equiring AMO to transport pertinent documentary evidence to the Northern District would result in significant cost, inconvenience, and hardship for AMO, and

6

1  would also significantly disrupt not only the daily business operations of AMO, but also the

2  organization of its corporate documents and records." (MPA at 15:13-16.)  The Court should

3  reject this argument for two reasons.

4      First, as one court has explained, "[t]he location of documents will rarely weigh in favor

5  of transfer because documents may be easily photocopied and shipped to wherever the

6  documents are needed." *Reed Elsevier, Inc. v. Innovator Corp.*, 105 F. Supp. 2d 816, 822 (S.D.

7  Ohio 2000); *see also Panavision International, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir.

8  1998) ("In this era of fax machines and discount air travel, requiring Toeppen to litigate in

9  California is not constitutionally unreasonable.").  This is especially true here because the

10  distance between Orange County and San Francisco is not significant.  *See Raymarine, Inc. v.

11  Argonaut Computer, Inc.*, 2002 WL 1770803, at *9 (D.N.H. 2002) (noting that "documents

12  relating to the claim are easily transportable to this district" in New Hampshire from California).

13  Moreover, Plaintiffs' counsel are willing to stipulate that they will collect responsive documents

14  from AMO's offices in Orange County, and all of its thirty-two locations, where appropriate.

15  (Bedwell-Coll Decl., ¶ 11.)  Further, as this Court is intimately aware, this is an age of E-

16  discovery, where documents are no longer shipped on paper, but rather – whether across the

17  street, across the state, or across the country, documents are scanned onto discs, and transferred

18  electronically. Therefore, AMO's arguments are disingenuous and provide no support for its

19  claim that shipping the documents to San Francisco will "result in significant cost,

20  inconvenience, and hardship for AMO."  (MPA at 15:13-14.)[3]

21      Second, there is no merit to AMO's argument that shipping documents to San Francisco

22  will "significantly disrupt not only the daily business operations of AMO, but also the

23  organization of its corporate documents and records."  (*Id.*)  Plaintiffs intend to seek the same

24  documents regardless of where this action is venued.  Thus, whatever efforts AMO must make to

25

26    [3]  Indeed, AMO has apparently been quite able to litigate cases as both a plaintiff and a defendant in other states, including Louisiana and Delaware. *See, e.g., Dreyfus v. Advanced Medical Optics, Inc.*, 2007 WL 148437 (E.D. La. 2007); *Advanced Medical Optics, Inc. v. Alcon, Inc.*, 2005 WL 782809 (D. Del. 2005).  These cases contradict AMO's claims that it will suffer any hardship from having to litigate outside of the Central District of California.

28

1    search for, and produce, responsive documents will be the same even if the action ends up in the

2    Central District of California.  The Court should therefore reject AMO's claim that responding to

3    discovery in the Northern District will disrupt its operations and document organization.

4            Defendant relies on a smattering of inapposite cases in support of its position that this

5    Court should transfer the case because relevant documents are in its Orange County office.

6    (MPA at 14:20-15:8 (citing cases).)  None of the cases involved shipping documents within the

7    same state.  To the contrary, in each case, the defendants would have had to ship voluminous

8    documents across the country at great expense.  *See, e.g., Ventress v. Japan Airlines*, 486 F.3d

9    1111, 1119 (9th Cir. 2007) (upholding district court's order transferring action from California to

10   Hawaii, in part, because "documentary evidence, including [defendant's] personnel files, are

11   located in Hawaii"); *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 953 (9th Cir. 1968)

12   (ordering transfer from Hawaii on the ground that neither Plaintiff, an Australian resident, nor

13   Defendant, a resident of Washington, had a connection to forum in Hawaii and litigating there

14   would require shipping "up to one thousand file drawers of record"); *Italian Colors Restaurant*,

15   2003 WL 22682482, at *5 (N.D. Cal., 2003) (noting that moving case to New York would avoid

16   significant cost of transferring documents from New York to California); *Fodor v. Berglas*, 1994

17   WL 822477, at *6 (C.D. Cal., 1994) (emphasizing that "it is undisputed that all relevant

18   documentary evidence is maintained in New York," and not in California).[4]  By contrast, this

19   action requires that AMO send documents within the same state.

20           In sum, this Court should reject Defendant's meritless arguments that a transfer is

21   warranted because documents may be located in AMO's Orange County office.

22

23

24

25

26   ――――――――――――
         [4] As noted above, Plaintiffs are willing to stipulate that they will collect whatever
27   responsive documents are in AMO's Orange County office, which is a further distinction from
     the cases on which Defendant relies.  (Bedwell-Coll Decl., ¶ 11.)
28

OPPOSITION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA    Case No. C 07-3107 PJH

1
2

**3.    AMO Has Failed to Demonstrate that It Would Suffer Substantial Inconvenience and Hardship in the Absence of a Transfer of this Action.**

3    AMO's argument that it will suffer substantial inconvenience and hardship if unidentified

4  employees are forced to travel to the Northern District to provide testimony fails for several

5  reasons.  First, there is no support for it.  "Generalized allegations concerning the inconvenience

6  to witnesses are insufficient to justify a transfer of venue."  *Carlile v. Continental Airlines, Inc.*,

7  953 F. Supp. 169 (S.D. Tex. 1997).  Indeed, a defendant must "*specifically* list the evidence and

8  witnesses on which the party intends to rely in the transferee district, along with a general

9  statement of the topics of each witness' testimony."  *Jones v. Walgreen Co.*, 463 F. Supp. 2d

10  267, 274 (D. Conn. 2006) (emphasis added); *see also Medicap Pharmacies, Inc. v. Faidley*, 416

11  F. Supp. 2d 678, 687 (S.D. Iowa 2006) (noting that "Defendants here have not named any

12  potential witnesses, though they have attempted to identify relevant testimony to be given by

13  unnamed witnesses" in concluding that "Defendants' unspecific allegations are insufficient to

14  carry their burden on this factor").

15    Here, AMO claims that requiring unidentified employees to travel from Orange County

16  to San Francisco to testify would be so inconvenient as to "cause serious disruption to AMO's

17  daily business operations and significantly increase litigation costs for AMO."  (MPA at 12:14-

18  17.)  In support, AMO submits the Declaration of its Senior Managing Attorney, who states that

19  "nearly all" of the employees who developed, tested, and marketed Complete work and reside

20  "in or near the Central District."  (*See* MPA at 12:8-13 (citing Richardson Decl., ¶ 5.)  Nowhere

21  in its opening papers does AMO identify which of its 4,200 employees around the world it

22  intends to call as witnesses, much less describe the topics of each person's testimony.  Nor does

23  it explain how the absence of these unnamed employees for a short trip to San Francisco would

24  affect AMO's daily operations.  Because AMO has failed to list any witnesses, much less the

25  topic of each witness' testimony, this Court should reject its inconvenience and hardship

26  argument.

27    Second, even if AMO had identified the individuals it intends to use, it still could not

28  meet its burden of showing that a transfer is necessary.  It is well settled that the weight of any

9

1  inconvenience is lessened for party witnesses who can be compelled to testify.  *Healthcare*

2  *Corp.*, 2005 WL 2811765, at *5.  In *Healthcare Corp.*, for example, the district court noted, in

3  denying a motion to transfer, that "a trial in the Northern District of California may

4  inconvenience more witnesses than a trial in the Central District of Illinois."  *Id.*  But it went on

5  to conclude that "the availability of compulsory process favors plaintiff" because "the majority

6  of the inconvenienced witnesses are defendant's employees and could be compelled to testify."

7  *Id.*  The same is true here.[5]

8         Third, "[i]n analyzing the convenience of a forum, the court may also consider the

9  parties' relative ability to afford the expenses of litigating in that forum."  *Healthtrac Corp.*,

10 2005 WL 2811765, at *4 (denying transfer, in part, because it would lead to burdensome

11 increase in fees and expenses for Plaintiff, which was small company of five employees,

12 compared to savings to Defendant, which was multinational corporation); *see also Miracle v.*

13 *N.Y.P. Holdings, Inc.*, 87 F. Supp. 2d 1060, 1073 (Haw. 2000) (rejecting Defendant's argument

14 that it would be prohibitively expensive or difficult for Defendants to travel to Hawaii to litigate

15 on the ground that "[t]he Post is a large corporation that could more easily travel to Hawaii to

16 litigate than could Plaintiff travel to New York").  Here, AMO boasts on its own website that it is

17 a "global medical device leader," with 4,200 employees, some thirty-five offices, and operations

18 in twenty-four countries.  (Bedwell-Coll Decl., Exs. B & C.)  By contrast, Plaintiffs are

19 individuals, whose resources pale in comparison.  (*Id.*)  Just as in *Healthrac Corp.*, 2005 WL

20 2811765 at *4, the increase in fees and expenses as a result of Plaintiffs' travel to the Central

21 District "outweighs the proportional savings to defendant."

22        Defendant relies on several cases that do not apply here for two reasons.  First, unlike

23 AMO, the defendants in those cases specifically identified the employees who would have to

24 testify, and explained how their absence from the defendants' businesses would affect daily

25 operations.  *See, e.g., Italian Colors Restaurant*, 2003 WL 22682482, at *5 (noting that

26

27  [5] Moreover, any burden and inconvenience can be obviated because Plaintiffs are willing to agree that the depositions of AMO's officers and employees may be taken in Orange County, and that their deposition testimony may be used at trial.  (Bedwell-Coll Decl., ¶ 12.)

28

1  "defendants specifically name at least two individual American Express officers based in New

2  York whose expertise and expected testimony is directly relevant to the claims"); *Jarvis v.*

3  *Marietta Corp.*, 1999 WL 638231 (N.D. Cal. 1999) (noting that "employees, such as

4  [defendant's] vice president Austin, are involved in the daily operations of the company and it

5  could be detrimental to business to remove them from their duties").  Second, unlike here,

6  keeping those cases in the original forum would have required employees to take time-

7  consuming trips across the country.  *Italian Colors Restaurant*, 2003 WL 22682482, at *5

8  (noting that employees would have to travel from New York to California); *Jarvis*, 1999 WL

9  638231, at *4 (emphasizing "burdens associated with traveling across the country" from New

10 York to California).[6]  Here, by contrast, Defendant's employees could easily hop on a one-hour

11 flight from Orange County to testify at trial in San Francisco, and be home by the evening.

### 4.    Convenience of Third Party Witnesses and Availability of Compulsory Process

14    This Court should reject Defendant's argument that the convenience of third party

15 witnesses warrants a transfer to the Central District because it is based on nothing more than

16 speculation and conjecture.  As one court explained, "vague statements about the convenience of

17 unknown and unnamed witnesses is insufficient to convince this Court that the convenience of

18 the witnesses and the parties would be best served by transferring venue."  *Smith v. Colonial*

19 *Penn. Ins. Co.*, 943 F. Supp. 782, 784 (S.D. Tex. 1996).  Instead, a defendant must "specifically

20 list the . . . witnesses on which the party intends to rely in the transferee district, along with a

21 general statement of the topics of each witness' testimony."  *Jones*, 463 F. Supp. 2d at 274; *see*

---

[6] *Owner-Operator Independent Drivers Ass'n, Inc. v. C.R. England*, 2002 WL 32831640 (E.D. Cal. 2002), does not apply to this case either.  There, the Court concluded that transferring the action from California to Utah would be more convenient not just for the Defendant, but for four of the Plaintiffs, whose residences were closer to Utah than to California.  *Id.* at *8.  The court also found that several "key employees, important to the daily operations of the company," would be inconvenienced if the case remained in California.  *Id.*  Here, by contrast, AMO has failed to show how any of the people it intends to have testify are critical to the daily operations of the company.

*also Popular Leasing Co. v. Terra Excavating, Inc.*, 2005 WL 1523950, at *7 (E.D. Mo. 2005) ("In order to overcome the plaintiff's choice of venue, a defendant must show (a) . .. who the witnesses are and where they reside, and (b) in a general way state what defendant proposes to prove by said witnesses.") (internal quotation marks omitted).

Here, Defendant neither identifies a single third party witness whose testimony might be required (much less a third party witness whose testimony will be required), nor provides the location of these alleged witnesses.  Instead, it merely states that "any non-party witnesses (*e.g.* Allergan's former and current employees) with knowledge potentially relevant to plaintiffs' allegations likely reside in the Central District, not the Northern District because Allergan's offices are, and always have been, located in Orange County."  (MPA at 13:19-22.).[7]  But in the declaration in support of this assertion, AMO's Senior Managing Attorney concedes that "[b]ecause Allergan and AMO have been separated now for five years, I do not have exact personal knowledge of all of specific Allergan employees who might still be employed there and who might have knowledge about the development and testing of Complete that took place prior to the spin-off of AMO."  (Richardson Decl., ¶ 8.)  Defendant cannot use such rank speculation to meet its burden of establishing that the convenience of third parties warrants transferring this action.

**B.    Defendant Cannot Meet Its Burden of Establishing that Public Factors Favor Transfer.**

As set forth above, in deciding a motion to transfer venue the Court should consider the (1) local interest in having localized controversies decided at home, (2) avoidance of unnecessary problems in conflict of laws, and (3)"the unfairness of burdening citizens in an unrelated forum with jury duty."  *Decker*, 805 F.2d at 834.

---

[7] In fact, Allergan's web site indicates that it has 6,500 employees worldwide, offices in over twenty countries, and a presence in one hundred countries.  (Bedwell-Coll Decl., Exs. G & H).  There is no more support for the claim that employees who worked on Complete reside in the Central District than there is for a claim that they reside in any one of the one hundred countries in which Allergan has a presence.

These factors do not favor transfer here. This matter is a national class action, not a local controversy. There is no issue relating to conflict of laws, as AMO apparently concedes, as it must, that this is a proper nationwide class proceeding in California under California's Business & Professions Code section 17200. Finally, there is no right to a jury trial under Section 17200, so there is no "unfairness" of "burdening citizens." *See, e.g., Okara & Co., Inc. v. Careau Group*, 783 F Supp. 482, 491 (C.D. Cal. 1991); *Hodge v. Super. Ct.*, 145 Cal. App. 4th 278, 284-85 (2006). Thus, there is no public policy reason to transfer this case out of this District and AMO cannot meet its burden of justifying the transfer. *See Securities Investor Protection Corp. v. Vigman*, 764 F.2d at1317 (placing burden of demonstrating propriety of transfer on moving party).

AMO attempts to claim that the presence of the *Wooten* case in the Central District provides the "public policy" reason to transfer this case. *Wooten* was dismissed on August 8, 2007, and refiled in state court as part of a complaint brought by multiple individuals suffering from acanthamoeba keratitis and their spouses. (Bedwell-Coll Decl. ¶ 9, Ex. G.) *Wooten*'s counsel advised AMO that it intended to dismiss the action and refile it in state court prior to doing so, and AMO did not object. *Id.* The purpose of the dismissal was to file all personal injury cases ready to be tried together. *Id.* Given the fact that *Wooten* is no longer an active case in the Central District, AMO's argument fails.

In addition, as set forth in *Section I, supra*, AMO's process of attempting to transfer this case to the Central District for the purpose of consolidating it with another action in itself violates the public policy of ensuring the orderly transfers and consolidation of class actions.[8] Therefore, there is no basis for which to transfer venue.

_____

[8] All of the cases AMO cites involve situations where a party attempted to transfer a case to another district where an action was pending. Here, AMO is attempting to move each of the two national class actions into a district it believes to be favorable to it where no related action is pending. There is no precedent for this type of piecemeal transfer practice, and it is a clear avoidance of the MDL procedures.

1

## CONCLUSION

2     For all of the foregoing reasons, it is respectfully submitted that this Court should deny

3   Defendant's Motion to Transfer Venue to the Central District of California.

4   Dated: September 05, 2007                    Respectfully Submitted,

5                                                Moscone, Emblidge & Quadra, LLP

6

7                                         By:_____/s/_____

8                                               Sylvia M. Sokol
                                                James A. Quadra
9
                                          MOSCONE, EMBLIDGE, & QUADRA, LLP
10                                        220 Montgomery Street, Suite 2100
                                          San Francisco, California 94104-4238
11                                        Telephone:(415) 362-3599
                                          Facsimile:(415) 362-2006
12
                                          LIEFF, CABRASER, HEIMANN &
13                                        BERNSTEIN, LLP
                                          WENDY R. FLEISHMAN, admitted *Pro Hac Vice*
14                                        REBECCA BEDWELL-COLL, State Bar No. 184468
                                          780 Third Avenue, 48th Floor
15                                        New York, NY 10017-2024
                                          Telephone:(212) 355-9500
16                                        Facsimile:(212) 355-9592

17                                        LIEFF, CABRASER, HEIMANN &
                                          BERNSTEIN, LLP
18                                        KENT L. KLAUDT, State Bar No. 183903
                                          Lieff, Cabraser, Heimann & Bernstein, LLP
19                                        Embarcadero Center West
                                          275 Battery Street, 30th Floor
20                                        San Francisco, CA 94111-3339
                                          Telephone:(415) 956-1000
21                                        Facsimile:(415) 956-1008

22                                        *Attorneys for Plaintiffs* ALEXIS DEGELMANN and
                                          JOSEPH LIN on behalf of themselves and all those
23                                        similarly situated

24   726852.2

25

26

27

28