1  JAMES A. QUADRA, State Bar No. 131084
   e-mail: quadra@meqlaw.com
2  SYLVIA M. SOKOL, State Bar No. 200126
   e-mail: sokol@meqlaw.com
3  MOSCONE, EMBLIDGE, & QUADRA, LLP
   220 Montgomery Street, Suite 2100
4  San Francisco, California 94104-4238
   Telephone:(415) 362-3599
5  Facsimile:(415) 362-2006

6  WENDY R. FLEISHMAN, admitted *Pro Hac Vice*
   e-mail:  wfleishman@lchb.com
7  REBECCA BEDWELL-COLL, State Bar No. 184468
   e-mail:  rbcoll@lchb.com
8  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
   780 Third Avenue, 48th Floor
9  New York, NY  10017-2024
   Telephone:(212) 355-9500
10 Facsimile:(212) 355-9592

11 KENT L. KLAUDT, State Bar No. 183903
   e-mail:  kklaudt@lchb.com
12 Lieff, Cabraser, Heimann & Bernstein, LLP
   Embarcadero Center West
13 275 Battery Street, 30th Floor
   San Francisco, CA  94111-3339
14 Telephone:(415) 956-1000
   Facsimile:(415) 956-1008
15
   *Attorneys for Plaintiffs* ALEXIS DEGELMANN and JOSEPH LIN
16 on behalf of themselves and all those similarly situated

17
                    UNITED STATES DISTRICT COURT
18
                    NORTHERN DISTRICT OF CALIFORNIA
19

| | |
|---|---|
| ALEXIS DEGELMANN and JOSEPH LIN, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED MEDICAL OPTICS, INC., a Delaware corporation,<br><br>Defendant. | CASE NO.: C 07 3107 PJH<br><br>DECLARATION OF REBECCA BEDWELL-COLL IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT ADVANCED MEDICAL OPTICS, INC.'S MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA<br><br>Date:        September 26, 2007<br>Time:       9:00 a.m.<br>Ctrm.:      3<br>Judge:     Hon. Phyllis J. Hamilton |

BEDWELL-COLL DECLARATION                                   Case No. C 07-3107 PJH

I, REBECCA BEDWELL-COLL, declare:

1. I am an attorney licensed to practice law in the State of California. I am an associate at Lieff, Cabraser, Heimann & Bernstein, LLP, co-counsel for Plaintiffs Alexis Degelmann and Joseph Lin.

2. Attached hereto as Exhibit A is a true and correct copy of the Complaint in this action.

3. Attached hereto as Exhibit B is a true and correct copy of a document printed out from AMO's website.

4. Attached hereto as Exhibit C is a true and correct copy of a document printed out from AMO's website.

5. Attached hereto as Exhibit D are true and correct copies of printouts regarding the "Wavefront Congress Program" that took place in San Francisco earlier this year, wherein several AMO employees were listed as speakers regarding ocular issues.

6. On information and belief, this matter is the first filed national class action against AMO. A second national class action, *Jenkins v. AMO*, Case No. 37-2007-00071244-CU-PL-CLT, was filed in state court, sitting in San Diego, nine days before AMO filed this motion to transfer. (Attached hereto as Exhibit E is a true and correct copy of the *Jenkins v. AMO* complaint).

7. AMO removed the *Jenkins* action to Federal Court in the Southern District of California. (Attached hereto as Exhibit F is a true and correct copy of AMO's Notice of Removal.)

8. I attended the parties' Rule 26 conference in this case by telephone. During that conference, counsel for AMO admitted that it intends to file a motion to transfer the *Jenkins* case to the Central District as well.

9. Attached hereto as Exhibit G is a true and correct copy of a document printed out from Allergan's website.

10. Attached hereto as Exhibit H is a true and correct copy of a document printed out from Allergan's website.

11. I am one of the attorneys representing Debbie Wooten in a personal injury case against AMO. We initially filed that matter in the Central District of California. However, due to the numerous clients who have contacted Lieff Cabraser to complain of the debilitating infections caused by AMO's Complete solution, and for the purpose of efficiency and judicial economy, Lieff Cabraser dismissed that case on August 8, 2007 and refiled it as a combined action with multiple additional plaintiffs in state court. Attached hereto as Exhibit I is a true and correct copy of the Notice of Dismissal in the Central District..

12. Plaintiffs in this action intend to file a motion before the Judicial Panel on Multidistrict Litigation prior to the hearing on Defendant's Motion to Transfer this action to the Central District of California. Counsel for Degelmann and Lin have conferred with counsel for Jenkins, and all plaintiffs' counsel agree that this consolidation should proceed through the JPML process, and that the cases should be consolidated in the Northern District of California.

13. Plaintiffs' counsel are willing to stipulate that they will collect responsive documents from AMO's offices in Orange County, and all of its thirty-two locations, where appropriate.

14. Plaintiffs' counsel are willing to agree that the depositions of AMO's officers and employees may be taken in Orange County and that their deposition testimony may be used at trial.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Dated: September 5, 2007                    /s/
                                            Rebecca Bedwell-Coll

726996.1