Anthony G. Brazil, State Bar No. 84297
David J. Vendler, State Bar No. 146528
Megan S. Wynne, State Bar No. 183707
**MORRIS POLICH & PURDY** LLP
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone:  (213) 891-9100
Facsimile:   (213) 488-1178
E-Mail:      abrazil@mpplaw.com
E-Mail:      mwynne@mpplaw.com
E-Mail:      dvendler@mpplaw.com

Attorneys for Defendant,
ADVANCED MEDICAL OPTICS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS DEGELMANN and JOSEPH LIN, on behalf of themselves and all those similarly situated, | CASE NO.:  C 07 3107 PJH |
| Plaintiffs, | **REPLY MEMORANDUM BY DEFENDANT ADVANCED MEDICAL OPTICS, INC. IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA** |
| vs. | |
| ADVANCED MEDICAL OPTICS, INC., a Delaware corporation, | |
| Defendants. | **[28 U.S.C. Section 1404(a)]** |

| | |
|---|---|
| Date: | **September 26, 2007** |
| Time: | **9:00 a.m.** |
| Ctrm.: | **"3"** |
| Judge: | **Hon. Phyllis J. Hamilton** |

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER
VENUE BY DEFENDANT ADVANCED MEDICAL OPTICS, INC.

# TABLE OF CONTENTS

**Page**

1.   INTRODUCTION ...................................................................................... 1

2.   ARGUMENTS .......................................................................................... 3

    A.   There Is No Merit To Plaintiffs' Argument That This Court
        Should Deny AMO's Motion Pending Determination Of A
        Section 1407 Motion That Plaintiffs Intend To File. ...................... 3

    B.   The Central District Is The Most Appropriate Forum For Any
        Coordination Or Consolidation Because That Is Where At Least
        Ten Other Related Personal Injury Actions (One Of Which Is A
        Class Action) Are Presently Pending. .......................................... 5

    C.   AMO Has Met Its Burden Of Establishing That Both Private
        And Public Factors Support A Transfer. ...................................... 6

        (1)   Plaintiffs Have Cited No Authority Supporting Their
               Argument That Their Choice Of Forum Is Entitled To
               "Significant" Weight. .......................................................... 6

        (2)   AMO Has Met Its Burden Of Showing That The Ease Of
               Access To Sources Of Proof Strongly Favors A Transfer. ............... 8

        (3)   AMO Has Satisfied Its Burden In Demonstrating
               Substantial Inconvenience And Hardship To Itself And
               To Third-Party Witnesses If This Case Is Not
               Transferred. ................................................................... 10

    D.   AMO Has Met Its Burden Of Showing That All Of The
        Relevant Public Interest Factors Compel A Transfer To The
        Central District. ...................................................................... 14

3.   CONCLUSION. ....................................................................................... 15

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER
VENUE BY DEFENDANT ADVANCED MEDICAL OPTICS, INC.

# TABLE OF AUTHORITIES

**Page**

## Cases

*Baldwin v. Nat'l Safety Asso.*
(N.D. Cal., 1994) Not Reported in F.Supp., 1994 WL 139267, *2 ...........................7

*Brody v. American Medical*
(S.D.N.Y., 1971) 337 F.Supp. 611 .........................................................................6

*Carlile v. Continental Airlines*
(S.D.Tex., 1997) 953 F.Supp. 169........................................................................12

*Decker Coal Co. v. Commonwealth Edison Co.*
(9th Cir., 1986) 805 F.2d 834 .............................................................................12

*Fodor v. Berglas*
(C.D.Cal., 1994) 1994 WL 822477, at *5-6...........................................................9

*General Tire & Rubber Co. v. Jefferson Chemical Co.*
(S.D.N.Y., 1970) 50 F.R.D. 112...........................................................................3

*Healthtrac Corp. v. Caterpillar, Inc.*
(N.D.Cal., 2005) 2005 WL 2811765.....................................................................6

*In re Fleet Bank Credit Card Terms Litigation*
(Jud. Pan. Mult. Lit. 2002) 206 F.Supp.2d 1368....................................................4

*In re FORST PATENT*
(Jud. Pan. Mult. Lit. 1970) 316 F.Supp. 977.........................................................3

*In re Koratron*
(Jud. Pan. Mult. Lit. 1969) 302 F.Supp. 239.........................................................3

*In re Zimmer, Inc.*
(Jud. Pan. Mult. Lit. 2005) 366 F.Supp.2d 1384....................................................4

*Italian Colors Restaurant v. American Express Co.*
(N.D.Cal., 2003), Not Reported in F.Supp.2d, 2003 WL 22682482, **1 and 4 ....8, 9

*Jarvis v. Marietta Corp.*
(N.D.Cal., 1999) 1999 WL 638231, at *5-6.............................................................9

*Jones v. Walgreen, Co.*
(D.Conn., 2006) 463 F.Supp.2d 267 ..........................................................12, 13, 14

*Koster v. Lumbermens Mutual Casualty Co.*
(1947) 330 U.S. 518 ................................................................................7, 10, 11

*Los Angeles Memorial Coliseum Commission v. Nat'l Football League*
(C.D.Cal., 1981) 89 F.R.D. 497 .....................................................................2, 13

*Lou v. Belzberg*
  (9th Cir., 1987) 834 F.2d 730 ................................................................7

*Medicap Pharmacies v. Faidley*
  (S.D.Iowa, 2006) 416 F.Supp.2d 678 ...................................................12

*Miracle v. N.Y.P. Holdings*
  (Haw., 2000) 87 F.Supp.2d 1060 .........................................................14

*Nat'l Computer v. Tower Industries*
  (N.D.Cal., 1989) 708 F.Supp. 281 ..........................................................2

*Northern Acceptance Trust v. Gray*
  (9th Cir., 1970) 423 F.2d 653 .................................................................2

*Pacific Car & Foundry Co. v. Pence*
  (9th Cir., 1968) 403 F.2d 949 .................................................................9

*Panavision Int'l, L.P. v. Toeppen*
  (9th Cir., 1998) 141 F.3d 1316 ...............................................................9

*Piper Aircraft v. Reyno*
  (1981) 454 U.S. 235, 241, fn. 6 .............................................................12

*Polaroid Corp. v. Casselman*
  (S.D.N.Y., 1962) 213 F.Supp. 379 ........................................................13

*Popular Leasing v. Terra Excavating*
  (E.D.Mo., 2005) 2005 WL 1523950 .....................................................12

*Raymarine, Inc. v. Argonaut Computer, Inc.*
  (D.N.H., 2002) 2002 WL 1770803 .....................................................9, 10

*Reed Elsevier, Inc. v. Innovator Corp.*
  (S.D.Ohio, 2000), 105 F.Supp.2d 816..................................................9, 10

*Shropshire v. Fred Rappoport Co.*
  (N.D.Cal., 2003) 294 F.Supp.2d 1085....................................................2

*Smith v. Colonial Penn, Ins. Co.*
  (S.D.Tex., 1996) 943 F.Supp. 782 ........................................................12

*Steelcase, Inc. v. Haworth Inc.*
  (C.D.Cal., 1996) 41 U.S.P.Q.2d 1468 .....................................................9

*STX v. Trik Stik*
  (N.D.Cal. 1988) 708 F.Supp. 1551..........................................................2

*Ventress v. Japan Airlines*
  (9th Cir., 2007) 486 F.3d 1111 ................................................................9

*Wiley v. Trendwest Resorts, Inc.*
  (N.D.Cal., 2005) Not Reported in F.Supp.2d, 2005 WL 1910934, ** 1 and 5 ..........7

-iii-                                         C 07-03107 PJH

1

## Statutes

28 U.S.C. Section 1407(a) ........................................................................................3

28 U.S.C. Section 1407........................................................................................1, 3, 4

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER
VENUE BY DEFENDANT ADVANCED MEDICAL OPTICS, INC.**

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.    INTRODUCTION

Since virtually none of the factors courts have identified as pertinent for deciding Section 1404(a) motions for transfer support their position, plaintiffs have instead tried to create their own standard. They thus try to emphasize (1) the fact that AMO has an office in the Northern District and occasionally sends employees to conferences in San Francisco, (2) the supposed improper forum shopping committed by AMO, (3) their intent to file a section 1407 coordination motion before the judicial panel on multidistrict litigation (the "MDL"), and (4) that plaintiffs have chosen this forum *for this class action* as justifications for denying AMO's motion. (Opp. at p. 1.) But the indisputable fact remains that when the correct legal standard is applied to the facts of this case, i.e. the public and private interest factors identified in AMO's original motion, there is no question what the result should be.

First, the presence of AMO's office in the Northern District is irrelevant to the factors governing this motion to transfer. As demonstrated in the Supplemental Declaration of Janet M. Richardson ("Supp. Richardson Decl."), that office has nothing whatsoever to do with the operative events giving rise to plaintiffs' claims, that is, the packaging, labeling, marketing, and advertising of COMPLETE MoisturePLUS® Multi-Purpose Solution ("COMPLETE MoisturePLUS® MPS"). (Supp. Richardson Decl., paragraph 2.)

Second, it is plaintiffs who have engaged in improper forum shopping by dismissing the Wooten Action pending in the Central District as soon as AMO filed this motion to transfer venue. Further, this motion was filed long before *Jenkins v. AMO* was even pending in the Southern District of California.

Third, AMO's motion is not improper and should be decided based on the relevant factors regardless of whether plaintiffs file a section 1407 motion before the MDL. Clearly established law holds that motions under these two sections are not mutually exclusive. Furthermore, transferring this case to the Central District will

1  facilitate the needed coordination of discovery without the need for an MDL because
2  the Central District is where ten other related personal injury and class actions are
3  currently pending, while no other related actions are pending in the Northern District.

4      Fourth, the law is well-established that plaintiffs' choice of forum is entitled to
5  little or no weight in class actions; this is true even if plaintiffs reside in the forum
6  state. Plaintiffs have not cited any authority supporting their argument that their
7  choice of forum should be given "significant" weight.

8      In sum, plaintiffs do not dispute any of the factors which AMO contends
9  support the grant of this motion, i.e., that the location of all of the operative facts, all
10 of the material witnesses, and all of the pertinent documentary evidence is in the
11 Central District. Instead, in reliance upon cases decided by courts outside the Ninth
12 Circuit, which did not involve class actions, they nakedly assert that AMO has failed
13 to meet its burden.[1] But, as shown below, AMO has more than met its burden in that
14 all of the relevant private and public interest factors compel the granting of this
15 motion.

16

17 ///

18 ///

19 ///

20

21 _____

[1]     Plaintiffs have cited a host of cases, some of which support AMO's position and
22 others do not remotely apply to the facts of this case. Neither *Nat'l Computer v. Tower Industries* (N.D.Cal., 1989) 708 F.Supp. 281 nor *Northern Acceptance Trust v. Gray* (9th
23 Cir., 1970) 423 F.2d 653 supports plaintiffs' argument because transfer was granted in both
cases. *Shropshire v. Fred Rappoport Co.* (N.D.Cal., 2003) 294 F.Supp.2d 1085 is
24 distinguishable because in that case the court found that a substantial part of the events
giving rise to the claims took place in the plaintiffs' chosen forum, and that relevant evidence
25 and witnesses were located there. *STX v. Trik Stik* (N.D.Cal. 1988) 708 F.Supp. 1551 is
distinguishable because plaintiff identified seven witnesses who resided in their chosen
26 district. *Los Angeles Memorial Coliseum Commission v. Nat'l Football League* (C.D.Cal.,
1981) 89 F.R.D. 497 is factually distinguishable because the court's denial of a transfer was
27 based on numerous factors – none of which exist here – including defendant's two-year
delay in filing the transfer motion and the location of one defendant and many witnesses in
28 the plaintiff's chosen forum.

2. **ARGUMENTS**

A. **There Is No Merit To Plaintiffs' Argument That This Court Should Deny AMO's Motion Pending Determination Of A Section 1407 Motion That Plaintiffs Intend To File.**

Unable to genuinely dispute the fact that all of the relevant private and public interest factors strongly favor granting the requested transfer, plaintiffs lead their opposition with a complete fallacy – that decisions whether to order a transfer of an action from one district to another "shall be made by the judicial panel on multidistrict litigation" ("MDL") under 28 U.S.C. Section 1407(a). They then declare that AMO's motion should be denied because they intend to file a Section 1407 coordination motion before the hearing on this motion. (Opp. at p. 3.)

Plaintiffs cite no authority at all to support their argument. This is because it is well settled that a motion under section 1404(a) is neither inconsistent with, nor does it supersede, a motion to transfer under section 1407. (*General Tire & Rubber Co. v. Jefferson Chemical Co.* (S.D.N.Y., 1970) 50 F.R.D. 112, 116 ["Sections 1404(a) and 1407 are not mutually exclusive and may properly be used in concert and to complement one another."]; *In re Koratron* (Jud. Pan. Mult. Lit. 1969) 302 F.Supp. 239, 242 [same]; *In re FORST PATENT* (Jud. Pan. Mult. Lit. 1970) 316 F.Supp. 977, 978, fn. 2 [finding that court "properly rejected the defendants' claim that the mere filing of the motion under <u>Section 1407</u> deprived it of jurisdiction to decide the pending 1404(a) motion."] (Emphasis in the original).) Motions under sections 1407 and 1404 clearly operate independently from each other because a coordination under section 1407 only applies to pre-trial proceedings, but a section 1404 transfer motion applies to all proceedings, including the trial of the action transferred.

Second, plaintiffs' MDL argument has no support in fact. In their Opposition, plaintiffs accuse AMO of improper forum shopping and "gamesmanship", asserting that instead of moving under section 1407 before the MDL to consolidate this case with *Jenkins v. AMO* now pending in the Southern District of California, AMO

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE BY DEFENDANT ADVANCED MEDICAL OPTICS, INC.**

attempted to "move each case one at a time into the Central District." (Opp. at p. 3.) However, it is the plaintiffs who have engaged in improper forum shopping. When AMO filed the instant motion on July 25, 2007, the Wooten Action filed on June 13, 2007 by the same attorneys who represent plaintiffs here was **still pending** in the Central District of California. (*See* Declaration of David J. Vendler filed concurrently with AMO's motion to transfer ("Vendler Decl."), Exh. A.) Knowing that the pendency of the Wooten Action in the Central District strongly supported AMO's motion, counsel for plaintiffs hastily dismissed it on August 8, 2007. (*See* Declaration of Rebecca Bedwell-Coll ("Bedwell-Coll Decl."), paragraph 11.)[2]

Third, AMO's motion to transfer was filed **long before** *Jenkins* was ever pending in the Southern District of California. (Supp. Vendler Decl., paragraph 3.) AMO could not have moved under section 1407 even if, as plaintiffs assert, a section 1407 motion is now more appropriate, which it is not since only two federal cases are currently pending. (*In re Fleet Bank Credit Card Terms Litigation* (Jud. Pan. Mult. Lit. 2002) 206 F.Supp.2d 1368, 1369 (denying section 1407 motion to centralize two actions in different districts giving the minimal number of actions involved); *In re Zimmer, Inc.* (Jud. Pan. Mult. Lit. 2005) 366 F.Supp.2d 1384, 1385 (denying section 1407 motion to centralize twenty-two actions pending only in two different federal districts).

Accordingly, this Court should reject plaintiffs' MDL argument as unsupported in law or fact and also irrelevant to the merit of this motion which should be decided according to the factors that courts must consider in ruling on such motions and independently of any section 1407 motion before the MDL that plaintiffs intend to file.

---

[2]    Plaintiffs have since re-filed the Wooten Action with other plaintiffs from disparate locales in California state court in Pomona, also in the Central District. (Supplemental Declaration of David Vendler ("Supp. Vendler Decl."), Paragraph 2) There is thus obviously no hardship to plaintiffs' counsel, or their clients to litigate this action in the Central District.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER
VENUE BY DEFENDANT ADVANCED MEDICAL OPTICS, INC.

**B.     The Central District Is The Most Appropriate Forum For Any Coordination Or Consolidation Because That Is Where At Least Ten Other Related Personal Injury Actions (One Of Which Is A Class Action) Are Presently Pending.**

With regard to the most important public interest factor, that is, the feasibility of coordination or consolidation of related actions, plaintiffs' silence is telling. Plaintiffs do not argue that there are any related actions pending in the Northern District because theirs is the only one. Thus, in their Opposition, plaintiffs ignore this crucial public interest factor and all the authorities AMO cited pertaining thereto in its motion. Instead, plaintiffs simply declare that this case and *Jenkins* should be consolidated in the Northern District. No facts or law are provided to support this request.

By contrast, since the filing of this motion, seven (7) additional related personal injury actions have been filed in California state courts (Orange County and Pomona), all of which are in the Central District (Supp. Vendler Decl., paragraph 4) so that there are now ten (10) related actions pending in California state courts within the Central District. The lead plaintiffs' attorneys in these cases have further announced that they are preparing to file more such actions in the Central District. (Vendler Decl., paragraphs 5 and 6.) AMO also has pending a motion to transfer the *Jenkins* case to the Central District as well. Under these circumstances, transferring this case to the Central District promotes the "interests of justice" and will facilitate the needed consolidation and/or coordination of this case with other existing related cases. (*See* cases cited in AMO's motion at pp. 17-18.)

///

///

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE BY DEFENDANT ADVANCED MEDICAL OPTICS, INC.**

1

2

**C.    AMO Has Met Its Burden Of Establishing That Both Private And Public Factors Support A Transfer.**

3

4

    **(1)    Plaintiffs Have Cited No Authority Supporting Their Argument That Their Choice Of Forum Is Entitled To "Significant" Weight.**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

    Relying solely on *Healthtrac Corp. v. Caterpillar, Inc.* (N.D.Cal., 2005) 2005 WL 2811765 and *Brody v. American Medical* (S.D.N.Y., 1971) 337 F.Supp. 611, plaintiffs argue that their choice of forum is entitled to "significant" weight since they reside in the Northern District where this action was brought.    (Opp. at p. 5.) Plaintiffs' reliance on these cases is misplaced because this case is a nationwide class action and plaintiffs have not shown that a disproportionate number of class members reside in the Northern District. *Healthtrac Corp.* was not a class action and thus the strong presumption in favor of the plaintiff's choice of forum in that case has no application here.[3] *Brody*, although a class action, is also factually distinguishable in that the court's decision denying the requested transfer from New York to Illinois was largely persuaded by the fact that in addition to the six named plaintiffs, 45% of the 1,000 members of the alleged class plaintiffs represented were residents of states near plaintiffs' chosen forum. (*Brody, supra*, 337 F.Supp. at 613.)    Moreover, *Brody*, decided by the Southern District of New York, is not controlling authority and is indeed inconsistent with the explicit holdings of courts in the Ninth Circuit. (*Lou v.*

20

21

22

23

24

25

26

27

28

---

[3]    In addition, the Court's denial of defendant's motion to transfer venue from California to Illinois in *Healthtrac Corp.* was supported by the following findings of fact: (1) the operative facts occurred in both California and Illinois; (2) the majority of the plaintiff's witnesses and documents were located in California; and (3) only three non-party witnesses resided in Illinois while at least six non-party witnesses resided in California. These facts are not present in this case. Nowhere in their Opposition do plaintiffs contend that any of the operative facts occurred in the Northern District of California. Neither do plaintiffs identify any witnesses (party or non-party) who reside in the Northern District. Plaintiffs are also silent regarding whether any material documents are located in the Northern District. The best they can muster is that AMO has an office in the Northern District. But, as Ms. Richardson's Supplemental Declaration makes clear, that office has nothing to do with the product at the heart of plaintiffs' complaint. For these reasons, *Healthtrac Corp.* is readily distinguishable and does not apply to the facts of this case. Because plaintiffs fail to cite any contrary controlling authorities, their claim that their choice of forum should be given "significant" weight should be rejected. (*See* cases cited in AMO's motion at pp. 9-11.)

*Belzberg* (9th Cir., 1987) 834 F.2d 730, 739; *Baldwin v. Nat'l Safety Asso.* (N.D. Cal., 1994) Not Reported in F.Supp., 1994 WL 139267, *2.) Both *Lou* and *Baldwin* clearly stand for the well settled proposition that "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight."

Moreover, plaintiffs' attempt to distinguish the controlling authorities cited by AMO is frivolous since that attempt is based on misrepresentations of the facts of those cases. Plaintiffs contend that "AMO cites several cases, none of which involves the issue of named representatives who are individuals residing in the district where the action has been brought." (Opp. at p. 5.) Plaintiffs should read more carefully. For instance, *Koster v. Lumbermens Mutual Casualty Co.* (1947) 330 U.S. 518 is not, as plaintiffs assert, "silent on residence of plaintiff." The sole named plaintiff in *Koster* was a citizen of New York. (*Koster, supra,* 330 U.S. at p. 519 ["[Plaintiff's action] was brought in the United States District Court for the Eastern District of New York, of which plaintiff is a citizen."]) Nevertheless, the Supreme Court unequivocally stated that "where there are hundreds of potential plaintiffs, . . . the claim of any one plaintiff that a forum is appropriate **merely because it is his home forum** is considerably weakened". (Emphasis added.). Similarly, in *Wiley,* although the three named plaintiffs were residents of California where they brought their class action, the Court gave that factor little weight and transferred the case to Nevada. (*Wiley v. Trendwest Resorts, Inc.* (N.D.Cal., 2005) Not Reported in F.Supp.2d, 2005 WL 1910934, ** 1 and 5.)

Plaintiffs also attempt to distinguish *Italian Colors Restaurant* by arguing that the named plaintiff there was a company, not an individual. (Opp. at p. 6.) This is a distinction without a difference. Indeed, the named plaintiffs' forum shopping conduct here very much resembles that criticized by the court in *Italian Colors Restaurant.* In *Italian Colors Restaurant,* plaintiffs first filed an action in the Eastern District of New York (the "Phuong Complaint"). Like the Phuong Complaint which was dismissed after defendants filed notice of their intent to file a motion to dismiss,

the Wooten Action first filed in the Central District of California by the same plaintiffs' counsel was dismissed after AMO filed its motion to transfer. In *Italian Colors Restaurant*, plaintiffs also filed, three weeks after the filing of their complaint in the Central District, another complaint in the Northern District of California. Similarly, plaintiffs' counsel in this action filed the instant action the same day they filed the Wooten Action in the Central District and have now re-filed the Wooten Action in Pomona state court. (*Italian Colors Restaurant v. American Express Co.* (N.D.Cal., 2003), Not Reported in F.Supp.2d, 2003 WL 22682482, **1 and 4.) Finding no explanation – other than forum shopping – why plaintiffs filed complaints in both the Central and Northern Districts, the Court in *Italian Colors Restaurant* totally disregarded plaintiffs' choice of forum. (*Id.* at *4.) The Court here should do the same, particularly where **all** of the operative facts giving rise to this class action (that is, the allegedly false or misleading statements made by AMO about the effectiveness of COMPLETE MoisturePLUS® MPS) occurred in the Central District, not in the Northern District, a fact plaintiffs also do not dispute.[4]

### (2) AMO Has Met Its Burden Of Showing That The Ease Of Access To Sources Of Proof Strongly Favors A Transfer.

In their Opposition, plaintiffs do not dispute that **all** of the relevant documents are located in the Central District and none are in the Northern District. Instead, they in essence contend that the location of documentary evidence should no longer be a factor at all in the 1404(a) analysis since documents can now be easily transported through electronic means. (Opp. at p. 7.) This contention is flatly contrary to the well-established law that relative ease of access to sources of proof, including documentary evidence, is an important factor for a court to consider in assessing the convenience of a particular forum. (*See* cases cited in AMO's motion at pp. 14-15.)

---

[4]     There is also no force in plaintiffs' contention that "not one of the cases AMO cites involves a case where a corporation attempts to transfer a case within the same state". The distance of the requested transfer is not among the factors relevant to a section 1404 motion to transfer.

1    To be persuaded by plaintiffs' contention is to explicitly reject the holdings of

2    *Ventress v. Japan Airlines* (9th Cir., 2007) 486 F.3d 1111, 1118-1119, *Pacific Car &*

3    *Foundry Co. v. Pence* (9th Cir., 1968) 403 F.2d 949, 955, *Italian Colors Restaurant,*

4    *supra,* 2003 WL 22682482, at *5-6, *Fodor v. Berglas* (C.D.Cal., 1994) 1994 WL

5    822477, at *5-6, *Jarvis v. Marietta Corp.* (N.D.Cal., 1999) 1999 WL 638231, at *5-6,

6    and *Steelcase, Inc. v. Haworth Inc.* (C.D.Cal., 1996) 41 U.S.P.Q.2d 1468, 1471, all of

7    which considered the location of documentary evidence as an important factor

8    favoring the requested transfer.[5]

9    To support their contention that the location of documentary evidence should

10   not be given much weight, plaintiffs also cite *Reed Elsevier, Inc. v. Innovator Corp.*

11   (S.D.Ohio, 2000), 105 F.Supp.2d 816, *Panavision Int'l, L.P. v. Toeppen* (9th Cir.,

12   1998) 141 F.3d 1316, and *Raymarine, Inc. v. Argonaut Computer, Inc.* (D.N.H., 2002)

13   2002 WL 1770803. None of these cases supports plaintiffs' contention. *Panavision*

14   *Int'l, L.P.* has nothing to do with the instant motion to transfer because that case did

15   not involve a motion to transfer, but dealt with a motion to dismiss for lack of

16   personal jurisdiction. In *Reed Elsevier, Inc.*, the Court denied defendant's motion to

17   transfer from Ohio to Washington because "[defendant] has not provided any

18   evidentiary support for [its] contention" that "many of its witnesses and relevant

19   documents are located in California or Washington" while plaintiffs "have provided

20   the Court with an affidavit" showing that "most, if not all, of the Plaintiffs' relevant

21

22   _____

23   [5]    Plaintiffs also attempt to distinguish these cases on the grounds that they do not
      involve transportation of documents within the same state. (Opp. at p. 8.) This attempt is

24   disingenuous since under plaintiffs' own logic, it does not matter whether the documents are
      to be shipped "across the street, across the state, or across the country" because they "are no

25   longer shipped on paper"; rather, "documents are scanned onto discs, and transferred
      electronically". (Opp. at p. 7.) Moreover, plaintiffs' offer to collect documents at AMO's

26   offices for discovery purposes does nothing to reduce the tremendous costs associated with
      transporting voluminous files to the Northern District for trial. Finally, there is no merit to

27   plaintiffs' argument that AMO will not suffer any hardship if it is required to litigate this
      case in the Northern District. (Opp. at p. 7, fn. 3.) The fact that AMO has previously been

28   sued and forced to litigate in other states such as Louisiana and Delaware is irrelevant to any
      of the factors courts generally consider in ruling on a motion to transfer.

1   documents and witnesses are located in Ohio." (*Reed Elsevier, Inc., supra,* 105

2   F.Supp.2d at p. 822.)

3       In the instant case, the opposite is true. While AMO has provided this Court

4   with Janet Richardson's declaration demonstrating that **all** of the relevant documents

5   are located in the Central District, a fact plaintiffs do not dispute, plaintiffs have not

6   identified a single relevant document which is located in the Northern District. For

7   this reason alone, *Reed Elsevier, Inc.* is inapplicable. *Raymarine, Inc.* is likewise

8   factually distinguishable because it did not involve a class action where the named

9   plaintiffs are unlikely to have documents material to the claims of the class they

10  represent and where every source of evidence to prove or disprove plaintiffs' claims is

11  located in the transferee court. (*Koster, supra,* 330 U.S. at p. 526 [distinguishing the

12  importance of the location of documents in a representative suit from that in an

13  ordinary suit and stating that "[i]n the ordinary suit it is plaintiff's own books and

14  records and transactions that are important – in the derivative action it is more likely

15  that only the corporation's books, records and transactions will be important and only

16  the defendant will be affected by the choice of the place of production of records."])

17  The same is true here.

18      In short, the two named plaintiffs have no material documents. Rather, **all** of

19  the pertinent documentary evidence is located in the Central District. AMO has thus

20  met its burden of showing that this factor favors the requested transfer.

21      **(3)   AMO Has Satisfied Its Burden In Demonstrating Substantial
             Inconvenience And Hardship To Itself And To Third-Party
22           Witnesses If This Case Is Not Transferred.**

23      The two named plaintiffs do not allege any physical injury from their use of

24  COMPLETE MoisturePLUS® MPS; they merely allege that AMO made false or

25  misleading statements regarding the effectiveness of COMPLETE MoisturePLUS®

26  MPS. Since this is a class action centering on the business practices of AMO, not on

27  what the two named plaintiffs did or did not do, minimal participation is required of

28

-10-                                                 C 07-03107 PJH

1    them and this case will be primarily litigated by their counsel.  Plaintiffs' counsel can

2    easily litigate this case in the Central District because they are already litigating the

3    related Wooten Action in the Pomona state court.  Plaintiffs' depositions can be taken

4    where they live and if they are required to testify at trial, they can "easily hop on a

5    one-hour flight from [San Francisco] to testify at trial in [Los Angeles], and be home

6    by the evening."  (Opp. at p. 11)  Thus, neither plaintiffs nor their counsel will suffer

7    any inconvenience or hardship if this case is transferred to the Central District.

8          Unable to make this factor tip in favor of plaintiffs, plaintiffs contend that AMO

9    has not met its burden in showing inconvenience or hardship because (1) AMO failed

10   to identify specific employees and third-party witnesses or described their anticipated

11   testimony; (2) AMO's employees can be compelled to testify at trial; and (3) AMO

12   has more resources than plaintiffs.  (Opp. at pp. 9-12.)  These contentions must be

13   rejected for several reasons.

14         First, unlike an ordinary action where each party has its own witnesses to

15   support its case and the relative convenience of plaintiff's witnesses versus

16   defendants' witnesses has to be weighed with the convenience of third parties, this is a

17   class action where it is undisputed that **all** of the material witnesses will be either the

18   employees or witnesses of AMO or Allergan, and that virtually all of these persons

19   reside in the Central District.  Plaintiffs do not contend otherwise.  This important

20   distinction between an ordinary suit and a class action is recognized in *Koster* by the

21   Supreme Court.  (*Koster, supra,* 330 U.S. at pp. 520-526 [pointing out that in a

22   derivative or class action, the named plaintiff "may also be a mere phantom plaintiff

23   with interest enough to enable him to institute the action and little more", and that all

24   pertinent facts in such an action are typically proved or disproved by records and

25   witnesses of the defendants only.])  There is, therefore, no need at this early stage of

26   the litigation to identify each and every employee and third-party witness who

27

28

potentially may have knowledge regarding this class action.[6] It suffices that plaintiffs do not dispute the facts stated in Ms. Richardson's declaration that virtually all persons at AMO and Allergan who could have knowledge about this case reside in the Central District of California.

Plaintiffs have not cited a single class action case decided by courts in the Ninth Circuit, which has required a defendant to list all material witnesses. In fact, the only class action case plaintiffs rely on – *Jones v. Walgreen, Co.* (D.Conn., 2006) 463 F.Supp.2d 267 – actually supports the grant of AMO's motion.[7] In *Jones*, plaintiff brought a class action against Walgreen, alleging gender discrimination. Walgreen's motion to transfer from Connecticut to Illinois where it was headquartered was granted based on the following findings of fact, which are very similar to the facts of this case: (1) the named plaintiff's choice of forum was given little weight; (2) Walgreen identified broad classes of potential witnesses, such as District Managers, Regional Vice Presidents, Recruiters, and Hiring Managers, all of whom resided in

---

[6]    Even though a motion to dismiss for *forum non conveniens* is not directly comparable with a motion to transfer under section 1404(a), both motions are governed by the same set of private and public interest factors. (*Piper Aircraft v. Reyno* (1981) 454 U.S. 235, 241, fn. 6; *Decker Coal Co. v. Commonwealth Edison Co.* (9th Cir., 1986) 805 F.2d 834, 843 (listing factors for a section 1404(a) motion in reliance on *Piper Aircraft*.) In evaluating the convenience factor relevant to a motion to dismiss for *forum non conveniens*, the United States Supreme Court rejected the requirement of supporting such a motion with detailed affidavits specifying names of witnesses defendants would call and the testimony these witnesses would provide. (*Id.* at pp. 258-259, fn. 26.)

[7]    None of the other cases cited by plaintiffs involved class actions and are thus inapplicable to the facts of this action. *Carlile v. Continental Airlines* (S.D.Tex., 1997) 953 F.Supp. 169 is distinguishable because defendant failed to produce any evidence that its witnesses would be inconvenienced by having to travel less than 50 miles from Houston to Galveston to defend the case. *Medicap Pharmacies v. Faidley* (S.D.Iowa, 2006) 416 F.Supp.2d 678, 687-688 is inapposite because defendant consented to plaintiff's choice of forum by signing an agreement containing a forum selection clause. *Healthtrac* is similarly inapposite because it is not a class action and is factually distinguishable as stated above. *Smith v. Colonial Penn, Ins. Co.* (S.D.Tex., 1996) 943 F.Supp. 782 has no application here because that case was not a class action and the denial of the transfer from Galveston to Houston was based on the fact that Galveston is only 50 miles away from Houston and the time it takes defendant to travel from downtown Houston to the Houston Airport is about the same as the time needed to drive to Galveston. *Popular Leasing v. Terra Excavating* (E.D.Mo., 2005) 2005 WL 1523950 is also inapplicable because that case involved a forum selection clause designating plaintiff's choice of forum as the appropriate forum.

C 07-03107 PJH

1   Illinois; (3) the locus of operative facts was in Illinois; (4) there were many unwilling
2   witnesses, such as Walgreen's upper-level managers who worked out of Walgreen's
3   headquarters in Illinois, whose testimony was needed; and no factor clearly weighed
4   in favor of plaintiff's choice of forum. (*Jones, supra,* 463 F.Supp.2d at pp. 274-279.)
5   In the instant case, AMO has specified that virtually all witnesses with knowledge
6   regarding the packaging, labeling, marketing, advertising, and sales of COMPLETE
7   MoisturePLUS® MPS reside in the Central District.     (Declaration of Janet M.
8   Richardson filed concurrently with AMO's motion, paragraphs 5-8.)     Ms.
9   Richardson's Declaration supplies this Court with more than sufficient information to
10  evaluate whether the convenience factor weighs in favor of AMO, which it does. (*See*
11  analogous cases cited in AMO's motion at pp. 11-14.)   This is especially so when
12  plaintiffs offer no facts to the contrary.

13        Further, plaintiffs' offer to take the deposition of AMO's employees and other
14  witnesses in Orange County does not reduce the tremendous prejudice AMO will
15  suffer because AMO will incur the time and expense of having its employees traveling
16  to the Northern District to testify at trial.

17        Second, the fact that AMO can compel its employees to testify does not lessen
18  the hardship AMO will suffer if this case remains in the Northern District because
19  virtually all non-party witnesses (*e.g.* Allergan's former and current employees) with
20  knowledge potentially relevant to plaintiffs' allegations likely reside in the Central
21  District, not the Northern District, and these witnesses, who reside more than 100
22  miles away from the Northern District, will be beyond the compulsory subpoena
23  power of the trial court under Federal Rule of Civil Procedure 45(e), which is an
24  important factor supporting the requested transfer. (*Jones, supra,* 463 F.Supp.2d at p.
25  278 [holding that the existence of unwilling witnesses favored transfer].); *Polaroid*
26  *Corp. v. Casselman* (S.D.N.Y., 1962) 213 F.Supp. 379, 382 ["Depositions, deadening
27  and one-sided, are a poor substitute for live testimony. . . "]; *Los Angeles Memorial*
28  *Coliseum Commission v. Nat'l Football League* (C.D.Cal., 1981) 89 F.R.D. 497, 501,

-13-                                    C 07-03107 PJH

1  citing *Polaroid Corp.*)  (The same would be true for former AMO employees who
2  could not be compelled to testify at trial.)  For their part, plaintiffs have not identified
3  any non-party witnesses who may have knowledge regarding their claims and who
4  may be beyond the subpoena power of the Central District.

5  Third, the factor of the relative means of AMO and plaintiffs is not important
6  given the nature of this action as a class action where minimal participation will be
7  needed from the plaintiffs and where plaintiffs' counsel are undoubtedly fronting all
8  costs.  (*Jones, supra,* 463 F.Supp.2d at pp. 278-288 (a case cited by plaintiffs) [venue
9  of a class action transferred to Illinois where defendant's headquarters were located
10 despite the fact that plaintiff was an individual with limited means and defendant
11 Walgreen was a large corporation because granting the requested transfer "would not
12 dramatically increase the costs associated with pursuing this litigation as a class action
13 lawsuit."].)[8]

14 **D.    AMO Has Met Its Burden Of Showing That All Of The Relevant**
15 **Public Interest Factors Compel A Transfer To The Central District.**

16 In its motion, AMO argued that all of the relevant public interest factors
17 favored a transfer.  Instead of addressing these relevant factors, plaintiffs focus on
18 issues irrelevant to motion, such as their promised MDL petition.  As already
19 demonstrated above, transferring this case to the Central District will promote the
20 interests of justice, and this is one of the most important factors to be considered in
21 ruling on a section 1404 motion to transfer.

22
23 ///
24 ///
25
26

27 [8]  *Miracle v. N.Y.P. Holdings* (Haw., 2000) 87 F.Supp.2d 1060 is also distinguishable
    because in that case plaintiff, unlike plaintiffs here, has identified five material witnesses
28 who would be inconvenienced if the transfer were granted.

-14-                                    C 07-03107 PJH

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER
VENUE BY DEFENDANT ADVANCED MEDICAL OPTICS, INC.

1

## 3.    CONCLUSION.

2    For all of the foregoing reasons, AMO respectfully requests that this Court enter

3    an order transferring this action to the Central District of California.

4

5    Dated:  September 12, 2007    MORRIS POLICH & PURDY LLP

6

7

8    By:

9    Anthony G. Brazil
     David J. Vendler

10   Megan S. Wynne

11   Attorneys for Defendant

12   ADVANCED MEDICAL OPTICS, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ELECTRONIC CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and am not a party to the within action.

On September 12, 2007, pursuant to the Court's Electronic Filing System, I

☒  submitted an electronic version of the following documents via file transfer protocol to ECF (Electronic Case Filing)

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES BY DEFENDANT ADVANCED MEDICAL OPTICS, INC. IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**

☐  submitted a hard copy of the following document to ECF (Electronic Case Filing) by

☐   facsimile          ☐   overnight delivery

☐ **STATE**  I declare under penalty of perjury under the laws of the state of California, that the above is true and correct.

☒ **FEDERAL**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on September 12, 2007, at Los Angeles, California.

_____
Mineeh P. Lapid

C 07-03107 PJH