Anthony G. Brazil, State Bar No. 84297
David J. Vendler, State Bar No. 146528
Megan S. Wynne, State Bar No. 183707
**MORRIS POLICH & PURDY** LLP
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone:  (213) 891-9100
Facsimile:  (213) 488-1178
E-Mail:     abrazil@mpplaw.com
E-Mail:     mwynne@mpplaw.com
E-Mail:     dvendler@mpplaw.com

Attorneys for Defendant,
ADVANCED MEDICAL OPTICS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS DEGELMANN and JOSEPH LIN, on behalf of themselves and all those similarly situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>ADVANCED MEDICAL OPTICS, INC., a Delaware corporation,<br><br>　　　　　Defendants. | CASE NO.:  C 07 3107 PJH<br><br>**DEFENDANT ADVANCED MEDICAL OPTICS, INC. REPLY IN SUPPORT OF MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT**<br><br>Date:     **No Hearing Required**<br>Ctrm.:    "3"<br>Judge:    Hon. Phyllis J. Hamilton |

Defendant Advanced Medical Optics, Inc. ("AMO") submits the following Reply in support of its Motion to Strike Portions of plaintiff's Complaint.

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Plaintiffs' opposition rests mainly on an imaginative interpretation of the Complaint.

The opposition claims the plaintiffs' demands for disgorgement are limited to restitutionary disgorgement. But that is not what the Complaint says. The Complaint specifically requests disgorgement of profits as an alternative to or in addition to restitution. Plaintiffs' offer to amend the Complaint to bring it in synch with their intentions is telling, but the Court can more economically and clearly resolve the problem by striking the references to disgorgement of profits.

Plaintiffs' arguments regarding injunctive relief depend on alleged facts not discussed in the Complaint. The plaintiffs contend an injunction could be based on the alleged fact that the COMPLETE MoisturePLUS® MPS recall program inadequately advised purchasers not to use the product, or on supposition that AMO may also have sold other products using "misrepresentations". However, *these* plaintiffs were clearly aware of the recall and do not allege the contrary, and do not seek any relief in the Complaint based on AMO's sale of products other than COMPLETE MoisturePLUS® MPS. The conduct alleged in the Complaint – the sale of COMPLETE MoisturePLUS® MPS allegedly in a "false and misleading" manner -- is indisputably no longer occurring. Injunctive relief for *the conduct alleged in the Complaint* is unquestionably an "empty prayer."

The plaintiffs' attorneys' fees arguments are misplaced. Attorneys' fees are not authorized under the UCL or FAL, and plaintiffs clearly are not pursuing pubic interest litigation – the conduct at issue in the Complaint ended before the lawsuit was filed.

For all these reasons, as further explained below, AMO's motion to strike should be granted.

2. **THE COMPLAINT CLEARLY REQUESTS NON-RESTITUTIONARY DISGORGEMENT AND SUCH REQUESTS SHOULD BE STRICKEN.**

Plaintiffs repeatedly assert in the opposition that they are seeking only restitutionary disgorgement. (Opposition, p. 4-5.) Yet, the Complaint is clearly to the contrary. It seeks: "disgorgement of all earnings, profits, compensation and benefit obtained"; "Defendant derived economic benefit and profit ... which should be restored and/or disgorged ..."; "[f]or restitution of all monies due to members of the Class or wrongfully taken by Defendant from members of the Class, and disgorged profits from the unlawful business practices..." (Exh. "A", p. 6, lines 11-13, 23-25; p. 7, lines 3-5; (*Feitelberg v. Credit Suisse First Boston, LLC*, 134 Cal.App.4th 997, 1013 (2005) [whereas with restitutionary disgorgement the focus is on the plaintiff's loss[1], with non-recoverable nonrestitutionary disgorgement, the focus is on the defendant's gain from the unfair practice].) Non-restitutionary disgorgement is clearly impermissible in UCL and FAL actions, even those containing class action allegations. (*Korea Supply Co. v. Lockheed Martin Corporation*, 29 Cal.4th 1134, 1144-1150 (2003); *Feitelberg, supra*, at 1015-1020 [nonrestitutionary disgorgement of profits not permitted in class action].)

Accordingly, in this case, plaintiffs could never be entitled to "disgorgement of all [defendant's] earnings, profits, compensation and benefits obtained" from the sale of the product. Rather, they, and theoretically class members who establish that they purchased COMPLETE MoisturePLUS® MPS, could, if successful, be entitled to restitution. Plaintiffs' contention that they could be entitled to a fluid recovery or *cy pres* is misplaced. They have not sought such a remedy in the Complaint. But more importantly, AMO's concern here, and the basis for this motion, is the Complaint's requests for disgorgement of profits as an *alternative to* or *in addition to* restitution.

---

[1] As noted in the moving papers, AMO disputes that plaintiffs have suffered any "loss", since they do not have any personal injuries and COMPLETE MoisturePLUS® MPS was thus safe and effective for them.

-2-                                                              C 07-3107 PJH

**DEFENDANT ADVANCED MEDICAL OPTICS, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT**

Plaintiffs' offer to amend the Complaint so that it reflects their intentions should be denied, because removing the improper requests for disgorgement of profits can be more efficiently and unambiguously accomplished through an order striking such references from the Complaint.

3. **WITH RESPECT TO THE PROPRIETY OF INJUNCTIVE RELIEF, THE OPPOSITION RELIES ENTIRELY ON ALLEGED FACTS/THEORIES NOT CONTAINED IN THE COMPLAINT.**

The opposition's creative view of what the Complaint says is not limited to disgorgement arguments. It also suggests the demand for injunctive relief is directed to the adequacy of the COMPLETE MoisturePLUS® MPS recall program and AMO's sale of other products, but neither of these is mentioned in the Complaint.

Plaintiffs do not dispute that COMPLETE MoisturePLUS® MPS is no longer being sold, and it is the sale of COMPLETE MoisturePLUS® MPS, allegedly in a "false or misleading manner", upon which the entire Complaint is based. The Complaint says nothing about the adequacy of the recall program, and these plaintiffs clearly were aware of the recall program. Plaintiffs similarly speculate that AMO's conduct with respect to COMPLETE MoisturePLUS® MPS could be repeated in the sale of other of its products. But again, the Complaint says nothing about any other product being sold by AMO in a "false or misleading manner". Plaintiffs cannot base a request for injunction on conduct not alleged in the Complaint. As pointed out in the moving papers, injunctions are not permissible under the UCL and FAL in the absence of any evidence that the acts are likely to be repeated in the future. (*Feitelberg v. Credit Suisse First Boston, LLC*, 134 Cal.App.4th 997, 1022 (2005); *Cisneros v. U.D. Registry, Inc.*, 39 Cal.App.4th 548, 574 (1995).) Here, the conduct at issue is the sale of COMPLETE MoisturePLUS® MPS in an allegedly "false or misleading manner" and plaintiffs do not and cannot dispute that COMPLETE

1  MoisturePLUS® MPS is no longer being sold. The request for injunctive relief is
2  improper and should be stricken.

3

4  **4.   NO GROUNDS FOR THE RECOVERY OF ATTORNEYS' FEES**
5  **HAVE BEEN ALLEGED.**

6  As pointed out in the moving papers, Business & Professions Code sections
7  17200 et. seq. and 17500 et. seq. do not authorize recovery of attorneys' fees, and the
8  California Supreme Court has specifically stated that they are not recoverable in a
9  UCL action. (*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone
10  Company*, 20 Cal.4th 163, 179 (1999) ["plaintiffs may not receive damages ... or
11  attorney fees" in such cases]; *America Online, Inc. v. Superior Court*, 90 Cal.App. 4th
12  1, 15 n. 10 (2001) [same].) Plaintiffs' contention that the attorneys' fees request is
13  authorized under *Code of Civil Procedure* section 1021.5 is misplaced. Attorneys'
14  fees are not permitted under that section where, as in this case, there is no showing
15  that the allegedly offending party has refused to correct violations after brought to its
16  attention. (*Baxter v. Salutary Sportsclubs, Inc.*, 122 Cal.App.4th 941, 948 (2004).)
17  Here, plaintiffs do not dispute that COMPLETE MoisturePLUS® MPS is no longer
18  being sold. This is indisputably not a case in which plaintiffs are pursuing public
19  interest litigation, not motivated by their own interest which coincidentally serves the
20  public. (*California Licensed Foresters Association v. State Board of Forestry*, 30
21  Cal.App.4th 562 (1994).) Furthermore, section 1021.5 contemplates a post-trial
22  motion that is independent of the complaint. The request for attorneys' fees should be
23  stricken.

24

25  ///
26  ///
27  ///
28

-4-                                          C 07-3107 PJH
**DEFENDANT ADVANCED MEDICAL OPTICS, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE
PORTIONS OF PLAINTIFFS' COMPLAINT**

**5.    CONCLUSION.**

Based on the foregoing, and all moving papers on file herein, defendant Advanced Medical Optics, Inc. respectfully requests the Court grant this motion to strike as set forth in the moving papers.

Dated:  October 17, 2007                    MORRIS POLICH & PURDY LLP


By: /s/ Megan S. Wynne
    Anthony G. Brazil
    David J. Vendler
    Megan S. Wynne

Attorneys for Defendant
ADVANCED MEDICAL OPTICS, INC.

## ELECTRONIC CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and am not a party to the within action.

On October 17, 2007, pursuant to the Court's Electronic Filing System, I

☒  submitted an electronic version of the following documents via file transfer protocol to ECF (Electronic Case Filing)

**DEFENDANT ADVANCED MEDICAL OPTICS, INC. REPLY IN SUPPORT OF MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT**

☐  submitted a hard copy of the following document to ECF (Electronic Case Filing) by

☐  facsimile          ☐  overnight delivery

☐ **STATE**  I declare under penalty of perjury under the laws of the state of California, that the above is true and correct.

☒ **FEDERAL**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on October 17, 2007, at Los Angeles, California.

_____
Mineeh P. Lapid

C 07-03107 PJH

**CERTIFICATE OF SERVICE**