Anthony G. Brazil, State Bar No. 84297
David J. Vendler, State Bar No. 146528
Megan S. Wynne, State Bar No. 183707
**MORRIS POLICH & PURDY LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone:  (213) 891-9100
Facsimile:  (213) 488-1178
E-Mail:  abrazil@mpplaw.com
E-Mail:  mwynne@mpplaw.com
E-Mail:  dvendler@mpplaw.com

Attorneys for Defendant,
ADVANCED MEDICAL OPTICS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS DEGELMANN and JOSEPH LIN, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ADVANCED MEDICAL OPTICS, INC., a Delaware corporation,<br><br>Defendant. | CASE NO.: C 07 3107 PJH<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ADVANCED MEDICAL OPTICS, INC. TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendant ADVANCED MEDICAL OPTICS, INC. ("Defendant") files the following Answer to the unverified Complaint ("Complaint") filed in the above-entitled matter. (The term "Plaintiffs" as used herein shall refer to ALEXIS DEGELMANN, JOSEPH LIN and members of the putative class.) Defendant responds to Plaintiffs' Complaint as follows:

## INTRODUCTION

Defendant admits that it manufactured and sold a multipurpose contact lens solution known as COMPLETE MoisturePLUS® MultiPurpose Solution ("COMPLETE MoisturePLUS® MPS") during the period of June 13, 2003 until May 25, 2007, when the product was voluntarily recalled. Defendant admits that its principal place of business is in California. As to the allegations relating to the proper laws to be applied to this case, these allegations purport to state conclusions of law and no response is required. To the extent that a response is required, Defendant denies such allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the Introduction, and therefore denies such allegations.

## JURISDICTION AND VENUE

1. Paragraph 1 purports to state a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 1.

2. Paragraph 2 purports to state a conclusion of law to which no response is required. To the extent that a response is required, Defendant admits that it sold COMPLETE MoisturePLUS® MPS in the Northern District of California. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 2, and therefore denies such allegations.

## PARTIES

3. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3, and therefore denies such allegations.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4, and therefore denies such allegations.

5.  Defendant admits that it is a Delaware corporation with its principal place of business in Santa Ana, California. Defendant admits that it manufactured and sold COMPLETE MoisturePLUS® MPS during the period of June 13, 2003 until May 25, 2007, when the product was voluntarily recalled. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 5, and therefore denies such allegations.

## GENERAL ALLEGATIONS

6.  Defendant admits that contact lens wearers must clean, rinse and disinfect their contact lenses to prevent both discomfort and infections. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 6, and therefore denies such allegations.

7.  Defendant admits that it designed, developed, tested, manufactured, packaged, and marketed a multipurpose contact lens solution known as COMPLETE MoisturePLUS® MPS. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 7, and therefore denies such allegations.

8.  Defendant admits that it manufactured and sold COMPLETE MoisturePLUS® MPS during the period of June 13, 2003 until May 25, 2007, when the product was voluntarily recalled. Defendant denies the remaining allegations in Paragraph 8.

9.  Defendant admits that it manufactured and sold COMPLETE MoisturePLUS® MPS during the period of June 13, 2003 until May 25, 2007, when the product was voluntarily recalled. Defendant denies the remaining allegations in Paragraph 9.

10.  Defendant admits that on or about May 25, 2007, Defendant received information from the U.S. Centers for Disease Control and Prevention (CDC) asserting a potential link between COMPLETE MoisturePLUS® MPS and a pathogen known as acanthamoeba. Defendant is without knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 10, and therefore denies such allegations.

11. Defendant denies the allegations of Paragraph 11.

## CLASS ACTION ALLEGATIONS

12. Paragraph 12 purports to state a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies that the certification of the referenced class, or of any class, is appropriate in this action, and further denies any remaining allegations in Paragraph 12.

13. Paragraph 13 purports to state a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 13.

14. Defendant denies the allegations of Paragraph 14, including its subparagraphs a through i.

15. Paragraph 15 purports to state a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 15.

16. Defendant denies the allegations of Paragraph 16.

17. Defendant denies the allegations of Paragraph 17.

## PLAINTIFFS' CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**(Violations of California Business and Professions Code Section 17500, *et seq.*)**

18. Defendant incorporates by reference its responses to all of the paragraphs set forth above as if fully set forth herein.

19. Paragraph 19 purports to state a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies any allegations contained in Paragraph 19 that may be construed against Defendant.

20. Defendant denies the allegations of Paragraph 20, including its subparagraphs a through e.

21. Defendant denies the allegations of Paragraph 21.

22. Defendant denies that Plaintiffs are entitled to any relief in the amounts or manner alleged in Paragraph 22 or in any amount or manner whatsoever.

## SECOND CAUSE OF ACTION

**(Violations of California Business & Professions Code Section 17200 *et seq.*)**

23. Defendant incorporates by reference its responses to all of the paragraphs set forth above as if fully set forth herein.

24. Defendant denies the allegations of Paragraph 24.

25. Defendant denies the allegations of Paragraph 25.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any relief in the amounts or manner alleged in the Prayer for Relief, including its subparagraphs 1 through 6, or in any amount or manner whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint and all causes of action asserted against Defendant therein fail to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to allege ultimate facts sufficient to state a cause of action predicated upon violation of Business & Professions Code sections 17200, et seq. and 17500, et seq., negligent or intentional misrepresentation or strict products liability.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate any damage that they may have sustained including, but not limited to, the fact that they chose not to participate in the recall program in place for the product. If Defendant were to be held responsible, any recovery by Plaintiffs should be diminished or barred by reason thereof.

### FOURTH AFFIRMATIVE DEFENSE

The alleged damages or losses if any, of Plaintiffs were not proximately caused

by any alleged act, omission or breach of duty by Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Any damages, injuries and/or losses alleged to have been suffered by Plaintiffs have been mitigated, in whole or in part, by at least some of the alleged class members by reimbursement from Defendant and, therefore, Plaintiffs' claims against Defendant are barred and/or reduced by any applicable set off.

### SIXTH AFFIRMATIVE DEFENSE

At all times, Defendant's acts or omissions were privileged, justified, fair and undertaken in the good faith exercise of a valid business purpose.

### SEVENTH AFFIRMATIVE DEFENSE

The claimed injuries and/or damages of Plaintiffs are so remote, speculative or contingent that Plaintiffs' claims must be barred on public policy grounds.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs lack capacity and/or standing to bring such claims.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the Complaint fails to join necessary and indispensable parties.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiff, or any state entity acting on behalf of Plaintiff, has released, settled, entered into an accord and satisfaction or otherwise compromised Plaintiffs' claims.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail, in whole or in part, because the relief Plaintiffs request would violate the excessive fines and the cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution and the Constitution of the State of California.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent they are made by, or on behalf of, out of state Plaintiffs, or arose from events occurring out of state, in whole or in part under principles of due process.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that laws of other jurisdictions apply, Defendant invokes each and every constitutional defense available to it under the constitutions (or similar charters) of each of the other forty-nine states, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions of the United States. This specifically includes, but is not limited to, provisions relating to due process, access to courts, freedom to petition the government for redress of grievances and limits on compensatory and punitive damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs did not rely, in any fashion whatsoever, on any statement, representation, advice or conduct of Defendant, and did not act based upon any statement, representation, advice or conduct to their detriment.

### FIFTHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are time-barred pursuant to the applicable statute of limitations and/or statutes of repose, including but not limited to California Code of Civil Procedure sections 335.1, 337, 338, 339 and former 340(d), California Business & Professions Code section 17208, California Civil Code 1783 and California Commercial Code section 2725.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant breached no alleged duty of care owed to Plaintiffs and Plaintiffs' alleged injuries and damages were not proximately caused by acts or omissions of Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of accord and

satisfaction, good faith, consent, res judicata, payment and release, waiver, collateral estoppel, judicial estoppel, equitable estoppel, unclean hands, laches and/or statutory and regulatory compliance.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Because Plaintiffs used their COMPLETE MoisturePLUS® MPS product without suffering from any manifestation of the defect Plaintiffs allege exists within the product, and because Defendant has a recall program in place whereby any member of the purported class can obtain a full refund of their full purchase price for any unused product they may still own (including related consequential expenses such as the cost of acquiring new lenses and lens cases), neither the Plaintiffs, nor the members of the class of persons they purport to represent have suffered any economic injury from their purchase of the product, much less an injury aggregating over $5,000,000. Therefore, this Court lacks jurisdiction over the Plaintiffs' claims because their claims fail to meet the minimum amount in controversy required under the Class Action Fairness Act.

### NINETEENTH AFFIRMATIVE DEFENSE

Because Plaintiffs used their COMPLETE MoisturePLUS® MPS product without suffering from any manifestation of the defect Plaintiffs allege exists within the product, and because Defendant has a recall program in place whereby any member of the class can obtain a full refund of their full purchase price for any unused product they may still own (including related consequential expenses such as the cost of acquiring new lenses and lens cases), Plaintiffs have suffered no injury and thus lack Article III standing for bringing an action in federal court. (*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).)

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs cannot meet their burden to demonstrate all of the elements required for a class action, including, inter alia, that all of the members of the class have a

plausible cause of action against Defendant, that their claims are typical of the members they seek to represent, or that a class action is a superior method for adjudicating the claims since there is already in place a recall program operating under the supervision of the Food and Drug Administration.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

No nationwide class should be certified because this Court cannot properly apply California's Unfair Competition or False Advertising Law to the claims of non-resident class members under the governmental interest test set forth in *Hurtado v. Superior Court*, 11 Cal.3d 574, 580-581 (1974).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

No nationwide class should be certified because there are significant differences in the unfair/deceptive trade practice laws of the several states that would create management difficulties that would be too substantial to justify class treatment. (*Heindel v. Pfizer, Inc.*, 381 F.Supp.2d 364, 373-374 (D.N.J. 2004).)

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are not amenable to class treatment because many of the purported class members may have been led to purchase COMPLETE MoisturePLUS® MPS by the recommendation of an eye care professional, and thus would not have even been potentially misled by any of the representations in any of Defendant's advertising or labeling. For this same reason, Plaintiffs' claims and those of the purported class members are barred by the learned intermediary doctrine.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

While continuing to deny that any class should be certified in this action, Defendant states that if the Court determines that class certification is appropriate, any individual who has already elected to participate in the recall program in place for the product should be precluded from now participating as a class member in this action so as to prevent duplicative recovery to said individual(s) and prejudice to Defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant's alleged business practices with respect to the subject product were lawful, fair, truthful, not misleading or deceptive, not fraudulent, and were justified based on the state of medical and scientific knowledge available during the relevant time and were in compliance with the applicable laws, regulations, and rules within the meaning of either Business & Professions Code section 17200, et seq. or Business & Professions Code section 17500, et seq.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The conduct alleged in the Complaint does not plead a "violation of law" sufficient to provide the necessary predicate for an "unlawful" business practices claim, or any other claim, under either Business & Professions Code section 17200, et seq. or Business & Professions Code section 17500, et seq.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under Business & Professions Code section 17200, et seq. or Business & Professions Code section 17500, et seq. are barred in whole or in part under principles of substantive and procedural due process.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under Business & Professions Code section 17200, et seq. or Business & Professions Code section 17500, et seq. are barred in whole or in part because Plaintiffs do not qualify as private attorney generals, and for that reason, among others, lack standing to prosecute a claim for injunctive or monetary relief.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under Business & Professions Code section 17200, et seq. or Business & Professions Code section 17500, et seq. are barred in whole or in part because there is no basis for injunctive relief in this action and Plaintiffs have an adequate remedy at law.

### THIRTIETH AFFIRMATIVE DEFENSE

Because no Plaintiff in this action is a "person who has suffered injury in fact

and has lost money or property as a result of [Defendant's alleged acts of] unfair competition", Plaintiffs lack standing to bring an action for restitutionary relief under California's Unfair Competition Law, Business & Professions Code section 17200, et seq.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Because no Plaintiff in this action is a "person who has suffered injury in fact and has lost money or property as a result of [Defendant's alleged acts of] unfair competition", Plaintiffs may not obtain any injunctive relief under California's Unfair Competition Law, Business & Professions Code section 17200, et seq.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs cannot demonstrate that the Court should exercise its equitable powers to order any injunctive relief because Defendant has already taken COMPLETE MoisturePLUS® MPS off of the market and has already offered to make full restitution to any consumer of their full purchase price for any unused portion of the product they may still own and related items, such as the cost of acquiring new lenses and lens cases. Further, because the product is not a durable good intended for long-time use, but is instead a product that is used up and thrown away, there will be no utility in obtaining injunctive relief with respect to the product which will have long since been off the market. Accordingly, there is no conduct to enjoin, and no basis for injunctive relief exists.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' counsel are not entitled to any legal fees under Code of Civil Procedure section 1021.5 since COMPLETE MoisturePLUS® MPS had already been recalled and consumers were already eligible for full restitutionary relief for any unused product prior to the time Plaintiffs filed their complaint. Further, with respect to consumers who had completely used and disposed of units of the product prior to the recall and who did not ever contract Acanthamoeba Keratitis, those consumers were not injured and received the benefit of their bargain.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Federal law preempts Plaintiffs' claims. As such, Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject medical device under applicable federal laws, regulations and rules. Plaintiffs have asserted claims for relief which, if granted, would constitute an impermissible burden by this Court on Federal laws, regulations and policies relating to the development and marketing of products, in violation of the Supremacy Clause, Article VI of the Constitution of the United States.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations and rules.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

At all times, any product distributed by Defendant was distributed in compliance with all applicable federal, state and local laws and regulations, and rules promulgated and enforced by the Food and Drug Administration. The product was subject to and received clearance from the Food and Drug Administration. Compliance with such laws, regulations and rules demonstrates that due care and reasonable prudence were exercised in the design, manufacture, and distribution of the subject medical device and that said product was not defective in any way.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The Court must abstain from ruling on Plaintiffs' claims because all of Plaintiffs' claims are premised upon the safety and efficacy of the product and, therefore, Plaintiffs' claims fall within the express purview and expertise of the Food and Drug Administration, which is the governmental agency that is statutorily charged with regulating the product.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Because the Food and Drug Administration initially instigated and has been supervising the recall of the product Plaintiffs allege was defective, Plaintiffs' claims are barred by implied conflict preemption, which exists where it is impossible for a private party to comply with both state and federal requirements, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the invasion of a purely legal right without harm to the consumer -- in this case, to freedom from alleged false and misleading advertising -- can be addressed through the Food and Drug Administration, which is supervising recall of the product Plaintiffs allege was defective. Should they wish to pursue this matter, Plaintiffs should avail themselves of that forum.

### FORTIETH AFFIRMATIVE DEFENSE

Defendant asserts that it has complied with all applicable state and federal laws relating to the sale and/or distribution of medical devices.

### FORTY-FIRST AFFIRMATIVE DEFENSE

The learned intermediary doctrine bars Plaintiffs' ability to certify a class in this case and recovery of any damages. Any duty to warn Plaintiffs of the risks and hazards associated with the products was discharged by providing adequate warning to physicians.

### FORTY-SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiffs allege a failure to warn by Defendant, Plaintiffs' claims are barred because there is no evidence that they would have heeded a different warning.

### FORTY-THIRD AFFIRMATIVE DEFENSE

The Complaint is barred due to the lack of privity, or a "transaction," between

Plaintiffs and Defendant.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the fact that Plaintiffs' injury is self-inflicted in that they were eligible to obtain a full restitutionary benefit from Defendant's recall program and chose not to seek that benefit. The doctrine of exhaustion of extrajudicial remedies precludes their claim.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Defendant denies that the subject product caused or contributed to the alleged injuries of Plaintiffs and further denies that it is liable to Plaintiffs for the claims alleged or for any other claims whatsoever.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to preserve evidence and as a result of such spoliation, Defendant has been prejudiced and Plaintiffs' causes of action should be barred.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have been filed in an improper venue.

### FORTY-EIGTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any cognizable or compensable injuries or damages.

### FIFTIETH AFFIRMATIVE DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the First Amendment of the United States Constitution and similar provisions in the Constitution of the State of California which protect, among other things, Defendant's right to promote and advertise its products.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have brought actions and have received judgments on parts of some or all of the claims asserted herein.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

To the extent that the laws of a different state or jurisdiction govern the claims of any Plaintiff, those claims are or may be barred, in whole or in part, by the laws of the relevant state or jurisdiction.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs received benefits from using or purchasing the product and seek recovery on the grounds that others sustained injuries or losses because of their purchase of the product, such claims are or may be inconsistent with due process of law under the United States Constitution and/or the Constitution of the State of California.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, based on principles of equity.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

Defendant is entitled to set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by Plaintiffs with respect to the same alleged damages. Defendant is also entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment to Plaintiffs.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert, and hereby gives notice that it intends to rely upon any other defenses that may become legally available hereafter or become apparent during discovery or trial; accordingly, Defendant reserves the right to amend this Answer by adding defenses to conform to such information.

## REQUEST FOR RELIEF

WHEREFORE, having answered Plaintiffs' Complaint, Defendant respectfully requests that this Court:

1. Dismiss Plaintiffs' Complaint in its entirety with prejudice, with no recovery by Plaintiffs from Defendant;

2. Enter judgment in favor of Defendant and against Plaintiffs;

3. Award Defendant its costs and attorneys' fees as permitted by law; and

4. Award such other and further relief as this Court deems just and proper.

Dated: November 1, 2007

**MORRIS POLICH & PURDY LLP**

By: _____/s/_____
Anthony G. Brazil
David J. Vendler
Megan S. Wynne

Attorneys for Defendant
ADVANCED MEDICAL OPTICS, INC.

## DEMAND FOR JURY TRIAL

Defendant hereby demands trial by jury in this matter.

Dated: November 1, 2007

**MORRIS POLICH & PURDY** LLP

By: _____/s/_____
Anthony G. Brazil
David J. Vendler
Megan S. Wynne

Attorneys for Defendant
ADVANCED MEDICAL OPTICS, INC.

# ELECTRONIC CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and am not a party to the within action.

On November 1, 2007, pursuant to the Court's Electronic Filing System, I

☒ submitted an electronic version of the following documents via file transfer protocol to ECF (Electronic Case Filing)

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ADVANCED MEDICAL OPTICS, INC. TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

☐ submitted a hard copy of the following document to ECF (Electronic Case Filing) by

☐ facsimile        ☐ overnight delivery

☐ **STATE** I declare under penalty of perjury under the laws of the state of California, that the above is true and correct.

☒ **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on November 1, 2007, at Los Angeles, California.

_____/s/_____
Mineeh P. Lapid

C 07-03107 PJH

**CERTIFICATE OF SERVICE**