1  Anthony G. Brazil, State Bar No. 84297
   Megan S. Wynne, State Bar No. 183707
2  David J. Vendler, State Bar No. 146528
   **MORRIS POLICH & PURDY** LLP
3  1055 West Seventh Street, 24th Floor
   Los Angeles, California 90017
4  Telephone:  (213) 891-9100
   Facsimile:  (213) 488-1178
5  E-Mail:     abrazil@mpplaw.com
   E-Mail:     mwynne@mpplaw.com
6  E-Mail:     dvendler@mpplaw.com

7  Attorneys for Defendant,
   ADVANCED MEDICAL OPTICS, INC.

8

9

10              **UNITED STATES DISTRICT COURT**

11             **NORTHERN DISTRICT OF CALIFORNIA**

12

13  ALEXIS DEGELMANN and              CASE NO.:  C 07 3107 PJH
    JOSEPH LIN, on behalf of
14  themselves and all those similarly
    situated,                         **DISCOVERY MATTER**
15
            Plaintiffs,
16
17  vs.                               **DECLARATION OF DAVID
                                      VENDLER IN SUPPORT OF
18  ADVANCED MEDICAL OPTICS,          MOTION BY DEFENDANT
    INC., a Delaware corporation,     ADVANCED MEDICAL OPTICS,
19                                    INC. FOR PROTECTIVE ORDER
            Defendants.               RE: DEPOSITIONS OF AMO
20                                    EXECUTIVES
21
                                      **[FRCP Rule 26(c)]**
22
23                                    **Date:      February 20, 2008**
                                      **Time:      9:00 a.m.**
24                                    **Ctrm.:     "3"**
                                      **Judge:     Hon. Phyllis J. Hamilton**
25
26
27
28

**DECLARATION OF DAVID VENDLER IN SUPPORT OF MOTION BY DEFENDANT ADVANCED
MEDICAL OPTICS, INC. FOR PROTECTIVE ORDER RE: DEPOSITIONS OF AMO EXECUTIVES**

1  I, DAVID VENDLER, hereby declare as follows:

2      1.    I am an attorney duly licensed to practice before all of the courts of this
3  state and am also admitted to practice in the Northern District of California. I am a
4  partner at Morris Polich & Purdy LLP, counsel for defendants Advanced Medical Optics,
5  Inc. ("AMO") in the above captioned case. I make this declaration in support of
6  AMO's Motion for Protective Order Re: Depositions of AMO Executives. Each of the
7  facts stated herein are based upon my personal knowledge, and if called as a witness, I
8  could testify thereto.

9      2.    Up to the present time, Plaintiffs have engaged in limited written discovery
10  that was responded to by AMO. Plaintiffs have not taken any depositions thus far.

11      3.    On November 30, 2007, Plaintiffs unilaterally noticed the depositions of
12  AMO executives James V. Mazzo, David Noon, and Michael Cox to occur on January
13  3, 2008, December 31, 2007, and January 2, 2008 respectively. The deposition notices
14  also contained very voluminous document requests that were identical for all of the
15  deponents. True and correct copies of those notices are attached hereto as Exhibits 1-3.
16  Upon receipt of the deposition notices, counsel for AMO informed Plaintiffs that they
17  had been informed that Messrs. Mazzo, Noon, and Cox were all high-level AMO
18  executives and thus likely had no unique personal knowledge regarding Plaintiffs'
19  allegations. AMO's counsel then informed Plaintiffs' counsel that for this reason, the
20  depositions of Messrs. Mazzo, Noon, and Cox were inappropriate at this time. During
21  the meet and confer process, AMO informed Plaintiffs' counsel that AMO executives
22  Sandra Selvaggi and John Smith had relevant personal knowledge concerning
23  Plaintiffs' allegations, and offered to make Ms. Selvaggi and Mr. Smith available for
24  deposition by Plaintiffs at a mutually convenient time.

25      4.    Plaintiffs' counsel refused to stop their efforts to depose Messrs. Mazzo,
26  Noon, and Cox. As a result, AMO and Plaintiffs were unable to resolve this matter
27  without court action, and AMO proceeded with filing the present motion for protective
28  order.

DECLARATION OF DAVID VENDLER IN SUPPORT OF MOTION BY DEFENDANT ADVANCED
MEDICAL OPTICS, INC. FOR PROTECTIVE ORDER RE: DEPOSITIONS OF AMO EXECUTIVES

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 14th day of January, 2008

David J. Vendler

**DECLARATION OF DAVID VENDLER IN SUPPORT OF MOTION BY DEFENDANT ADVANCED MEDICAL OPTICS, INC. FOR PROTECTIVE ORDER RE: DEPOSITIONS OF AMO EXECUTIVES**

# Exhibit "1"

JAMES A. QUADRA, State Bar No. 131084
e-mail: quadra@meqlaw.com
SYLVIA M. SOKOL, State Bar No. 200126
e-mail: sokol@meqlaw.com
MOSCONE, EMBLIDGE, & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, California 94104-4238
Telephone:    (415) 362-3599
Facsimile:    (415) 362-2006

WENDY R. FLEISHMAN
Email: wfleishman@lchb.com
REBECCA BEDWELL-COLL, State Bar.No 184468
e-mail: rbcoll@lchb.com
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone:    (212) 355-9500
Facsimile:    (212) 355-9592

KENT L. KLAUDT, State Bar No.183903
Email: kklaudt@lchb.com
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Batters Street, 30th Floor
San Francisco, CA 94111-3339
Telephone:    (415) 956-1000
Facsimile:    (415) 956-1008

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS DEGELMAN and JOSEPH LIN, on behalf of themselves and ANY those similarly situated,<br><br>            Plaintiffs,<br><br>            v.<br><br>ADVANCED MEDICAL OPTICS, INC., a Delaware corporation,<br><br>            Defendant | Case No.: C 07-3107 PJH<br><br>**CLASS ACTION**<br><br>**NOTICE OF DEPOSITION OF JAMES V. MAZZO** |

1

**TO DEFENDANT ADVANCED MEDICAL OPTICS, INC., AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30 (a)(1), Plaintiff Alexis Degelmann, by and through her attorneys, will take the deposition of James V. Mazzo, whose address and telephone number is known to Defendant Advanced Medical Optics, Inc. The deposition will take place on January 3, 2008, at 9:30 a.m., at the following address: Moscone, Emblidge & Quadra, Mills Tower, 220 Montgomery Street, Suite 2100, San Francisco, California 94104.

Said deposition will be taken before an officer authorized to administer oaths by the law of the United States. The foregoing deposition will be recorded stenographically and may also be recorded by videotape for possible use at trial pursuant to Federal Rule of Civil Procedure 32.

PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(5), the following documents must be produced at the commencement of the deposition.

## REQUESTS FOR DOCUMENTS AND THINGS

## DEFINITIONS

1.      The terms "YOU" and "YOUR" as used herein mean James V. Mazzo, as well as any agent, subordinate, employee, or representative of James V. Mazzo, or any other persons acting under his control.

2.      "ANY" should be understood to include and encompass "all."

3.      The term "PERSON" as used herein includes, without limitation, any natural person, firm, entity, corporation, partnership, association, cooperative, governmental entity or agency, regulatory body, law enforcement agency, or any other entity.

4.      The word "DOCUMENT" or "DOCUMENTS" as used herein means any written, electronic, recorded and/or graphic matter, however produced or reproduced, including every non-identical copy thereof and including, but not limited to, contracts, agreements,

2

1   communications, policies, manuals, correspondence, telegrams, memoranda, electronic messages

2   (including emails), electronically stored information, records, reports, books, summaries or

3   records of telephone conversations, summaries or records of personal conversations or

4   interviews, diaries, forecasts, statistical statements, work papers, drafts, copies, graphs, charts,

5   accounts, analytical records, minutes or records of meetings or conferences, consultant's reports,

6   appraisals, reports of summaries of negotiations, notes, marginal notations, bills, invoices,

7   checks, photographs, lists, journals, ledgers, receipts, bank statements, financial statements,

8

9   profit and loss summaries, and income and expense summaries.  To the extent not heretofore

10  included in the term document or documents, those terms shall also mean handwriting,

11  typewriting, printing, photostating, photocopying, information recorded, stored or existing in

12  electronic, magnetic or other machine memory, and every other means of recording any tangible

13  thing, any form of communication or representation, including, but not limited to, letters, words,

14

15  pictures, sounds, or symbols, or combination thereof, within the possession, custody or control of

16  plaintiff or of any agent, employee, representative (including, without limitation, attorneys and

17  accountants), or of any other person acting or purporting to act for or on behalf of defendants.

18      5.      The term "COMMUNICATIONS" means, unless otherwise specified, any of the

19  following: (a) any written letter, memorandum, telefacsimile transmission, telegram, electronic

20  message, or other document; (b) any telephone call between two or more persons, whether or not

21

22  such any was by chance or prearranged, formal or informal; and (c) any conversation between

23  two or more persons, whether or not such contact was by chance or prearranged, formal or

24  informal.

25      6.      The phrase "RELATING TO" as used herein includes referring to, relating to,

26  relates to, responding to, concerning, connected with, commenting on, in respect of, about,

27

28

1  regarding, discussing, showing, describing, depicting, mentioning, reflecting, analyzing,

2  comprising, constituting, evidencing, supporting, and pertaining to, whether in whole or in part.

3      7.    The terms "AND" and "OR" when used herein each mean "and/or"; "or" should

4  be understood to include and encompass "and"; and "and" should be understood to include and

5  encompass "or."

6

7      8.    Any references to the singular include the plural, and any references to the plural

8  include the singular.

9                              **INSTRUCTIONS**

10     A.    If any DOCUMENT otherwise responsive to this request is withheld from

11  production under a claim of privilege, please identify each document by document type (e.g.,

12  memorandum, letter, computer tape, etc.), date, author, addressee, any person or entity cc'd or

13  bcc'd, and recipients (if any) and subject matter.  With respect to each such document, identify

14  the privilege YOU claim, state the basis for YOUR claim of privilege, including the identity of

15  the specific attorney and/or attorneys with whom YOU claim a privileged relationship.

16

17     B.    To the extent that YOU consider any of the requests objectionable for reasons

18  other than a claim of privilege, produce as much of the material requested as to which such

19  objection is not made, and, separately with respect to each remaining part, state the nature of

20  YOUR objection, set forth each and every ground for YOUR objection, and describe the factual

21  basis, if any, upon which YOU rely in making such objections.

22

23     C.    Each request contained herein extends to ANY DOCUMENTS in YOUR

24  possession, custody, or control.  A DOCUMENT is deemed to be in YOUR possession, custody,

25  or control if it is in YOUR physical custody, or if it is in the physical custody of any PERSON

26  and YOU:  (1) own such DOCUMENT in whole or in part; (2) have a right by contract, statute or

27  otherwise to use, inspect, examine or copy such DOCUMENT on any terms; (3) have an

28

                                    4

1    understanding, express or implied, that YOU may use, inspect, examine or copy such

2    DOCUMENT on any terms; or (4) have, as a practical matter, been able to use, inspect, examine

3    or copy such DOCUMENT when YOU have sought to do so. Specifically, and without limiting

4    the foregoing, this request encompasses ANY DOCUMENTS in the possession, custody or

5    control of YOU, YOUR attorneys, YOUR employees and YOUR agents, and/or any other person

6    substantially owned or controlled by YOU.

7

8        D.      ANY DOCUMENTS should be produced in conformance with Federal Rule of

9    Civil Procedure 34(b) and, pursuant to such rules, YOU are required to produce DOCUMENTS

10    for inspection that are organized and labeled to correspond to each document request.

11        E.      A request to produce ANY DOCUMENTS RELATING TO one or more matters

12    set forth is a request to produce ANY DOCUMENTS RELATING TO any one or more of the

13    matters listed.

14

15        F.      A request to produce DOCUMENTS sufficient to show one or more matters set

16    forth is a request to produce DOCUMENTS to show such matters to the fullest extent possible.

17                            **DOCUMENTS REQUESTED**

18    **REQUEST FOR PRODUCTION NO. 1:**

19        ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

20    with ANY PERSON, RELATING TO Complete MoisturePlus Multi-Purpose Solution

21    ("Complete MoisturePlus").

22

23    **REQUEST FOR PRODUCTION NO. 2:**

24        ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

25    with ANY PERSON, RELATING TO the development, including but not limited to the design

26    and manufacture, of Complete MoisturePlus.

27

28

**REQUEST FOR PRODUCTION NO. 3:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the testing of Complete MoisturePlus.

**REQUEST FOR PRODUCTION NO. 4:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the efficacy of Complete MoisturePlus.

**REQUEST FOR PRODUCTION NO. 5:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the approval of Complete MoisturePlus by the Food and Drug Administration.

**REQUEST FOR PRODUCTION NO. 6:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, relating to the launching of Complete MoisturePlus.

**REQUEST FOR PRODUCTION NO. 7:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the marketing of Complete MoisturePlus.

**REQUEST FOR PRODUCTION NO. 8:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO post-marketing studies of Complete MoisturePlus.

**REQUEST FOR PRODUCTION NO. 9:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the advertising of Complete MoisturePlus.

**REQUEST FOR PRODUCTION NO. 10:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

6

1  with ANY PERSON, RELATING TO the packaging, including its design, color, and

2  representations, of Complete MoisturePlus.

3  **REQUEST FOR PRODUCTION NO. 11:**

4      ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

5  with ANY PERSON, RELATING TO ANY "statement, representation, advice," (Answer and

6
7  Affirmative Defenses of Defendant Advanced Medical Optics, Inc. to Plaintiffs' Complaint at

8  7:13-15) by Advanced Medical Optics, Inc. about Complete MoisturePlus.

9  **REQUEST FOR PRODUCTION NO. 12:**

10     ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

11 with ANY PERSON, RELATING TO the study of an increase in cases of acanthamoeba keratitis

12 as a result of the use of Complete MoisturePlus by Charlotte Joslin and Elmer Tu from the

13 University of Illinois Chicago.

14
15 **REQUEST FOR PRODUCTION NO. 13:**

16     ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

17 with ANY PERSON, RELATING TO the investigation by the Illinois Department of Public

18 Health into the increase in acanthamoeba keratitis as a result of the use of Complete

19 MoisturePlus.

20 **REQUEST FOR PRODUCTION NO. 14:**

21     ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

22
23 with ANY PERSON, RELATING TO the investigation by the Centers for Disease Control into

24 the increase in acanthamoeba keratitis as a result of the use of Complete MoisturePlus.

25

26

27

28

7

**REQUEST FOR PRODUCTION NO. 15:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO complaints by ANY person regarding the use of Complete MoisturePlus.

**REQUEST FOR PRODUCTION NO. 16:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, relating to ANY injury that ANY PERSON has claimed as a result of the use of Complete MoisturePlus.

**REQUEST FOR PRODUCTION NO. 17:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the recall of Complete MoisturePlus.

**REQUEST FOR PRODUCTION NO. 18:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the all-in-one contact lens solutions of Advanced Medical Optics' competitors, including but not limited to Alcon's OptiFree RepleniSH and Opti-Free Express, Bausch & Lomb's ReNu MultiPlus Multi-Purpose Solution and ReNu with MoistureLoc Multi-Purpose Solution, and Ciba Vision's Solo-Care Aqua.

**REQUEST FOR PRODUCTION NO. 19:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the ability of Complete MoisturePlus to prevent or fail to prevent acanthamoeba keratitis.

**REQUEST FOR PRODUCTION NO. 20:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO Complete Multi-Purpose Solution ("Complete MPS").

8

**REQUEST FOR PRODUCTION NO. 21:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the development, including but not limited to the design and manufacture, of Complete MPS.

**REQUEST FOR PRODUCTION NO. 22:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the testing of Complete MPS.

**REQUEST FOR PRODUCTION NO. 23:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the efficacy of Complete MPS.

**REQUEST FOR PRODUCTION NO. 24:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the approval of Complete MPS by the Food and Drug Administration.

**REQUEST FOR PRODUCTION NO. 25:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, relating to the launching of Complete MPS.

**REQUEST FOR PRODUCTION NO. 26:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the marketing of Complete MPS.

**REQUEST FOR PRODUCTION NO. 27:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO post-marketing studies of Complete MPS.

1   **REQUEST FOR PRODUCTION NO. 28:**

2       ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

3   with ANY PERSON, RELATING TO the advertising of Complete MPS.

4   **REQUEST FOR PRODUCTION NO. 29:**

5       ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

6   with ANY PERSON, RELATING TO the packaging, including its design, color, and

7   representations, of Complete MPS.

8

9   **REQUEST FOR PRODUCTION NO. 30:**

10      ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

11  with ANY PERSON, RELATING TO ANY "statement, representation, advice," (Answer and

12  Affirmative Defenses of Defendant Advanced Medical Optics, Inc. to Plaintiffs' Complaint at

13  7:13-15) by Advanced Medical Optics, Inc. about Complete MPS.

14  **REQUEST FOR PRODUCTION NO. 31:**

15

16      ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

17  with ANY PERSON, RELATING TO the study of an increase in cases of acanthamoeba keratitis

18  as a result of the use of Complete MPS by Charlotte Joslin and Elmer Tu from the University of

19  Illinois Chicago.

20  **REQUEST FOR PRODUCTION NO. 32:**

21      ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

22  with ANY PERSON, RELATING TO the investigation by the Illinois Department of Public

23  Health into the increase in acanthamoeba keratitis as a result of the use of Complete MPS.

24

25

26

27

28

**REQUEST FOR PRODUCTION NO. 33:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the investigation by the Centers for Disease Control into the increase in acanthamoeba keratitis as a result of the use of Complete MPS.

**REQUEST FOR PRODUCTION NO. 34:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO complaints by ANY person regarding the use of Complete MPS.

**REQUEST FOR PRODUCTION NO. 35:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, relating to ANY injury that ANY PERSON has claimed as a result of the use of Complete MPS.

**REQUEST FOR PRODUCTION NO. 36:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the recall of Complete MPS.

**REQUEST FOR PRODUCTION NO. 37:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the ability of Complete MPS to prevent or fail to prevent acanthamoeba keratitis.

**REQUEST FOR PRODUCTION NO. 38:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the ability of any contact lens solution, including but not limited to ANY AMO solution, to kill or affect acanthamoeba.

**REQUEST FOR PRODUCTION NO. 39:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO any study testing the susceptibility of Acanthamoeba to any contact lens solution.

**REQUEST FOR PRODUCTION NO. 40:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the purpose or effect of taurine in ANY contact lens solution.

DATED: November 30, 2007

MOSCONE, EMBLIDGE & QUADRA, LLP

By _____
James A. Quadra
Sylvia M. Sokol
Attorneys for Plaintiffs Alexis Degelmann
and Joseph Lin

12

# Exhibit "2"

JAMES A. QUADRA, State Bar No. 131084
e-mail: quadra@meqlaw.com
SYLVIA M. SOKOL, State Bar No. 200126
e-mail: sokol@meqlaw.com
MOSCONE, EMBLIDGE, & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, California 94104-4238
Telephone:    (415) 362-3599
Facsimile:    (415) 362-2006

WENDY R. FLEISHMAN
Email: wfleishman@lchb.com
REBECCA BEDWELL-COLL, State Bar.No 184468
e-mail: rbcoll@lchb.com
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone:    (212) 355-9500
Facsimile:    (212) 355-9592

KENT L. KLAUDT, State Bar No.183903
Email: kklaudt@lchb.com
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Batters Street, 30th Floor
San Francisco, CA 94111-3339
Telephone:    (415) 956-1000
Facsimile:    (415) 956-1008

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS DEGELMAN and JOSEPH LIN, on behalf of themselves and ANY those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED MEDICAL OPTICS, INC., a Delaware corporation,<br><br>Defendant | Case No.: C 07-3107 PJH<br><br>**CLASS ACTION**<br><br>**NOTICE OF DEPOSITION OF DAVID NOON** |

1

NOTICE OF DEPOSITION OF DAVID NOON

11-30-2007  09:56am  From-MOSCONE EMBLIDGE & QUADRA LLP        4153622006        T-204  P.039/062  F-560

**TO DEFENDANT ADVANCED MEDICAL OPTICS, INC., AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30 (a)(1), Plaintiff Alexis Degelmann, by and through her attorneys, will take the deposition of David Noon, whose address and telephone number is known to Defendant Advanced Medical Optics, Inc. The deposition will take place on December 31, 2007, at 9:30 a.m., at the following address: Moscone, Emblidge & Quadra, Mills Tower, 220 Montgomery Street, Suite 2100, San Francisco, California 94104.

Said deposition will be taken before an officer authorized to administer oaths by the law of the United States. The foregoing deposition will be recorded stenographically and may also be recorded by videotape for possible use at trial pursuant to Federal Rule of Civil Procedure 32.

PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(5), the following documents must be produced at the commencement of the deposition.

## REQUESTS FOR DOCUMENTS AND THINGS

### DEFINITIONS

1.    The terms "YOU" and "YOUR" as used herein mean David Noon, as well as any agent, subordinate, employee, or representative of David Noon, or any other persons acting under his control.

2.    "ANY" should be understood to include and encompass "all."

3.    The term "PERSON" as used herein includes, without limitation, any natural person, firm, entity, corporation, partnership, association, cooperative, governmental entity or agency, regulatory body, law enforcement agency, or any other entity.

4.    The word "DOCUMENT" or "DOCUMENTS" as used herein means any written, electronic, recorded and/or graphic matter, however produced or reproduced, including every non-identical copy thereof and including, but not limited to, contracts, agreements,

2

1  communications, policies, manuals, correspondence, telegrams, memoranda, electronic messages

2  (including emails), electronically stored information, records, reports, books, summaries or

3  records of telephone conversations, summaries or records of personal conversations or

4  interviews, diaries, forecasts, statistical statements, work papers, drafts, copies, graphs, charts,

5  accounts, analytical records, minutes or records of meetings or conferences, consultant's reports,

6

7  appraisals, reports of summaries of negotiations, notes, marginal notations, bills, invoices,

8  checks, photographs, lists, journals, ledgers, receipts, bank statements, financial statements,

9  profit and loss summaries, and income and expense summaries.  To the extent not heretofore

10  included in the term document or documents, those terms shall also mean handwriting,

11  typewriting, printing, photostating, photocopying, information recorded, stored or existing in

12  electronic, magnetic or other machine memory, and every other means of recording any tangible

13  thing, any form of communication or representation, including, but not limited to, letters, words,

14  pictures, sounds, or symbols, or combination thereof, within the possession, custody or control of

15

16  plaintiff or of any agent, employee, representative (including, without limitation, attorneys and

17  accountants), or of any other person acting or purporting to act for or on behalf of defendants.

18         5.      The term "COMMUNICATIONS" means, unless otherwise specified, any of the

19  following: (a) any written letter, memorandum, telefacsimile transmission, telegram, electronic

20  message, or other document; (b) any telephone call between two or more persons, whether or not

21  such any was by chance or prearranged, formal or informal; and (c) any conversation between

22

23  two or more persons, whether or not such contact was by chance or prearranged, formal or

24  informal.

25         6.      The phrase "RELATING TO" as used herein includes referring to, relating to,

26  relates to, responding to, concerning, connected with, commenting on, in respect of, about,

27

28

1   regarding, discussing, showing, describing, depicting, mentioning, reflecting, analyzing,

2   comprising, constituting, evidencing, supporting, and pertaining to, whether in whole or in part.

3       7.    The terms "AND" and "OR" when used herein each mean "and/or"; "or" should

4   be understood to include and encompass "and"; and "and" should be understood to include and

5   encompass "or."

6

7       8.    Any references to the singular include the plural, and any references to the plural

8   include the singular.

9                   **INSTRUCTIONS**

10     A.    If any DOCUMENT otherwise responsive to this request is withheld from

11   production under a claim of privilege, please identify each document by document type (e.g.,

12   memorandum, letter, computer tape, etc.), date, author, addressee, any person or entity cc'd or

13   bcc'd, and recipients (if any) and subject matter. With respect to each such document, identify

14   the privilege YOU claim, state the basis for YOUR claim of privilege, including the identity of

15

16   the specific attorney and/or attorneys with whom YOU claim a privileged relationship.

17     B.    To the extent that YOU consider any of the requests objectionable for reasons

18   other than a claim of privilege, produce as much of the material requested as to which such

19   objection is not made, and, separately with respect to each remaining part, state the nature of

20   YOUR objection, set forth each and every ground for YOUR objection, and describe the factual

21   basis, if any, upon which YOU rely in making such objections.

22

23     C.    Each request contained herein extends to ANY DOCUMENTS in YOUR

24   possession, custody, or control. A DOCUMENT is deemed to be in YOUR possession, custody,

25   or control if it is in YOUR physical custody, or if it is in the physical custody of any PERSON

26   and YOU: (1) own such DOCUMENT in whole or in part; (2) have a right by contract, statute or

27   otherwise to use, inspect, examine or copy such DOCUMENT on any terms; (3) have an

28

4

NOTICE OF DEPOSITION OF DAVID NOON

1  understanding, express or implied, that YOU may use, inspect, examine or copy such

2  DOCUMENT on any terms; or (4) have, as a practical matter, been able to use, inspect, examine

3  or copy such DOCUMENT when YOU have sought to do so. Specifically, and without limiting

4  the foregoing, this request encompasses ANY DOCUMENTS in the possession, custody or

5  control of YOU, YOUR attorneys, YOUR employees and YOUR agents, and/or any other person

6  substantially owned or controlled by YOU.

7

8       D.     ANY DOCUMENTS should be produced in conformance with Federal Rule of

9  Civil Procedure 34(b) and, pursuant to such rules, YOU are required to produce DOCUMENTS

10  for inspection that are organized and labeled to correspond to each document request.

11       E.     A request to produce ANY DOCUMENTS RELATING TO one or more matters

12  set forth is a request to produce ANY DOCUMENTS RELATING TO any one or more of the

13  matters listed.

14

15       F.     A request to produce DOCUMENTS sufficient to show one or more matters set

16  forth is a request to produce DOCUMENTS to show such matters to the fullest extent possible.

17  **DOCUMENTS REQUESTED**

18  **REQUEST FOR PRODUCTION NO. 1:**

19       ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

20  with ANY PERSON, RELATING TO Complete MoisturePlus Multi-Purpose Solution

21  ("Complete MoisturePlus").

22

23  **REQUEST FOR PRODUCTION NO. 2:**

24       ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

25  with ANY PERSON, RELATING TO the development, including but not limited to the design

26  and manufacture, of Complete MoisturePlus.

27

28

**REQUEST FOR PRODUCTION NO. 3:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the testing of Complete MoisturePlus.

**REQUEST FOR PRODUCTION NO. 4:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the efficacy of Complete MoisturePlus.

**REQUEST FOR PRODUCTION NO. 5:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the approval of Complete MoisturePlus by the Food and Drug Administration.

**REQUEST FOR PRODUCTION NO. 6:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, relating to the launching of Complete MoisturePlus.

**REQUEST FOR PRODUCTION NO. 7:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the marketing of Complete MoisturePlus.

**REQUEST FOR PRODUCTION NO. 8:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO post-marketing studies of Complete MoisturePlus.

**REQUEST FOR PRODUCTION NO. 9:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the advertising of Complete MoisturePlus.

**REQUEST FOR PRODUCTION NO. 10:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

1  with ANY PERSON, RELATING TO the packaging, including its design, color, and

2  representations, of Complete MoisturePlus.

3  **REQUEST FOR PRODUCTION NO. 11:**

4       ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

5  with ANY PERSON, RELATING TO ANY "statement, representation, advice," (Answer and

6
   Affirmative Defenses of Defendant Advanced Medical Optics, Inc. to Plaintiffs' Complaint at
7
8  7:13-15) by Advanced Medical Optics, Inc. about Complete MoisturePlus.

9  **REQUEST FOR PRODUCTION NO. 12:**

10       ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

11  with ANY PERSON, RELATING TO the study of an increase in cases of acanthamoeba keratitis

12  as a result of the use of Complete MoisturePlus by Charlotte Joslin and Elmer Tu from the

13  University of Illinois Chicago.

14
    **REQUEST FOR PRODUCTION NO. 13:**
15
16       ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

17  with ANY PERSON, RELATING TO the investigation by the Illinois Department of Public

18  Health into the increase in acanthamoeba keratitis as a result of the use of Complete

19  MoisturePlus.

20  **REQUEST FOR PRODUCTION NO. 14:**

21       ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had
22
    with ANY PERSON, RELATING TO the investigation by the Centers for Disease Control into
23
24  the increase in acanthamoeba keratitis as a result of the use of Complete MoisturePlus.

25

26

27

28

NOTICE OF DEPOSITION OF DAVID NOON

**REQUEST FOR PRODUCTION NO. 15:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO complaints by ANY person regarding the use of Complete MoisturePlus.

**REQUEST FOR PRODUCTION NO. 16:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, relating to ANY injury that ANY PERSON has claimed as a result of the use of Complete MoisturePlus.

**REQUEST FOR PRODUCTION NO. 17:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the recall of Complete MoisturePlus.

**REQUEST FOR PRODUCTION NO. 18:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the all-in-one contact lens solutions of Advanced Medical Optics' competitors, including but not limited to Alcon's OptiFree RepleniSH and Opti-Free Express, Bausch & Lomb's ReNu MultiPlus Multi-Purpose Solution and ReNu with MoistureLoc Multi-Purpose Solution, and Ciba Vision's Solo-Care Aqua.

**REQUEST FOR PRODUCTION NO. 19:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the ability of Complete MoisturePlus to prevent or fail to prevent acanthamoeba keratitis.

**REQUEST FOR PRODUCTION NO. 20:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO Complete Multi-Purpose Solution ("Complete MPS").

11-30-2007   09:58am   From-MOSCONE EMBLIDGE & QUADRA LLP         4153622006         T-204   P.046/062   F-560

**REQUEST FOR PRODUCTION NO. 21:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the development, including but not limited to the design and manufacture, of Complete MPS.

**REQUEST FOR PRODUCTION NO. 22:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the testing of Complete MPS.

**REQUEST FOR PRODUCTION NO. 23:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the efficacy of Complete MPS.

**REQUEST FOR PRODUCTION NO. 24:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the approval of Complete MPS by the Food and Drug Administration.

**REQUEST FOR PRODUCTION NO. 25:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, relating to the launching of Complete MPS.

**REQUEST FOR PRODUCTION NO. 26:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the marketing of Complete MPS.

**REQUEST FOR PRODUCTION NO. 27:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO post-marketing studies of Complete MPS.

NOTICE OF DEPOSITION OF DAVID NOON

**REQUEST FOR PRODUCTION NO. 28:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the advertising of Complete MPS.

**REQUEST FOR PRODUCTION NO. 29:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the packaging, including its design, color, and representations, of Complete MPS.

**REQUEST FOR PRODUCTION NO. 30:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO ANY "statement, representation, advice," (Answer and Affirmative Defenses of Defendant Advanced Medical Optics, Inc. to Plaintiffs' Complaint at 7:13-15) by Advanced Medical Optics, Inc. about Complete MPS.

**REQUEST FOR PRODUCTION NO. 31:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the study of an increase in cases of acanthamoeba keratitis as a result of the use of Complete MPS by Charlotte Joslin and Elmer Tu from the University of Illinois Chicago.

**REQUEST FOR PRODUCTION NO. 32:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the investigation by the Illinois Department of Public Health into the increase in acanthamoeba keratitis as a result of the use of Complete MPS.

NOTICE OF DEPOSITION OF DAVID NOON

**REQUEST FOR PRODUCTION NO. 33:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the investigation by the Centers for Disease Control into the increase in acanthamoeba keratitis as a result of the use of Complete MPS.

**REQUEST FOR PRODUCTION NO. 34:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO complaints by ANY person regarding the use of Complete MPS.

**REQUEST FOR PRODUCTION NO. 35:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, relating to ANY injury that ANY PERSON has claimed as a result of the use of Complete MPS.

**REQUEST FOR PRODUCTION NO. 36:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the recall of Complete MPS.

**REQUEST FOR PRODUCTION NO. 37:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the ability of Complete MPS to prevent or fail to prevent acanthamoeba keratitis.

**REQUEST FOR PRODUCTION NO. 38:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the ability of any contact lens solution, including but not limited to ANY AMO solution, to kill or affect acanthamoeba.

1    **REQUEST FOR PRODUCTION NO. 39:**

2        ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

3    with ANY PERSON, RELATING TO any study testing the susceptibility of Acanthamoeba to

4    any contact lens solution.

5    **REQUEST FOR PRODUCTION NO. 40:**

6
7        ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

8    with ANY PERSON, RELATING TO the purpose or effect of taurine in ANY contact lens

9    solution.

10   DATED: November 30, 2007

11

12                                    MOSCONE, EMBLIDGE & QUADRA, LLP

13

14                            By

15                               James A. Quadra
                                 Sylvia M. Sokol
16                               Attorneys for Plaintiffs Alexis Degelmann
                                 and Joseph Lin
17

18

19

20

21

22

23

24

25

26

27

28

                                    12

# Exhibit "3"

1   JAMES A. QUADRA, State Bar No. 131084
    e-mail: quadra@meqlaw.com
2   SYLVIA M. SOKOL, State Bar No. 200126
    e-mail: sokol@meqlaw.com
3   MOSCONE, EMBLIDGE, & QUADRA, LLP
    220 Montgomery Street, Suite 2100
4   San Francisco, California 94104-4238
    Telephone:   (415) 362-3599
5   Facsimile:   (415) 362-2006

6   WENDY R. FLEISHMAN
    Email: wfleishman@lchb.com
7   REBECCA BEDWELL-COLL, State Bar.No 184468
    e-mail: rbcoll@lchb.com
8   LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
    780 Third Avenue, 48th Floor
9   New York, NY 10017-2024
    Telephone:   (212) 355-9500
10  Facsimile:   (212) 355-9592

11  KENT L. KLAUDT, State Bar No.183903
    Email: kklaudt@lchb.com
12  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
    Embarcadero Center West
13  275 Batters Street, 30th Floor
    San Francisco, CA 94111-3339
14  Telephone:   (415) 956-1000
    Facsimile:   (415) 956-1008

15                  UNITED STATES DISTRICT COURT

16               NORTHERN DISTRICT OF CALIFORNIA

17

18  ALEXIS DEGELMAN and JOSEPH LIN, on        Case No.: C 07-3107 PJH
    behalf of themselves and ANY those similarly
19  situated,                                 **CLASS ACTION**

20          Plaintiffs,                        **NOTICE OF DEPOSITION OF
                                               MICHAEL COX**
21          v.

22  ADVANCED MEDICAL OPTICS, INC., a
    Delaware corporation,
23
            Defendant
24

25

26

27

28

                                    1

1  **TO DEFENDANT ADVANCED MEDICAL OPTICS, INC., AND ITS ATTORNEYS OF**
2  **RECORD:**

3        PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30 (a)(1),

4  Plaintiff Alexis Degelmann, by and through her attorneys, will take the deposition of Michael

5  Cox, whose address and telephone number is known to Defendant Advanced Medical Optics,

6  Inc. The deposition will take place on January 2, 2008, at 9:30 a.m., at the following address:

7
   Moscone, Emblidge & Quadra, Mills Tower, 220 Montgomery Street, Suite 2100, San Francisco,
8
   California 94104.
9

10       Said deposition will be taken before an officer authorized to administer oaths by the law

11  of the United States. The foregoing deposition will be recorded stenographically and may also

12  be recorded by videotape for possible use at trial pursuant to Federal Rule of Civil Procedure 32.

13       PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rule of Civil Procedure

14  30(b)(5), the following documents must be produced at the commencement of the deposition.
15
                       **REQUESTS FOR DOCUMENTS AND THINGS**
16
                                  **DEFINITIONS**
17

18       1.       The terms "YOU" and "YOUR" as used herein mean Michael Cox, as well as any

19  agent, subordinate, employee, or representative of Michael Cox, or any other persons acting

20  under his control.

21       2.       "ANY" should be understood to include and encompass "all."

22
         3.       The term "PERSON" as used herein includes, without limitation, any natural
23
    person, firm, entity, corporation, partnership, association, cooperative, governmental entity or
24
    agency, regulatory body, law enforcement agency, or any other entity.
25

26       4.       The word "DOCUMENT" or "DOCUMENTS" as used herein means any written,

27  electronic, recorded and/or graphic matter, however produced or reproduced, including every

28  non-identical copy thereof and including, but not limited to, contracts, agreements,

                                        2

1  communications, policies, manuals, correspondence, telegrams, memoranda, electronic messages

2  (including emails), electronically stored information, records, reports, books, summaries or

3  records of telephone conversations, summaries or records of personal conversations or

4  interviews, diaries, forecasts, statistical statements, work papers, drafts, copies, graphs, charts,

5  accounts, analytical records, minutes or records of meetings or conferences, consultant's reports,

6  appraisals, reports of summaries of negotiations, notes, marginal notations, bills, invoices,

7  checks, photographs, lists, journals, ledgers, receipts, bank statements, financial statements,

8  profit and loss summaries, and income and expense summaries.  To the extent not heretofore

9

10  included in the term document or documents, those terms shall also mean handwriting,

11  typewriting, printing, photostating, photocopying, information recorded, stored or existing in

12  electronic, magnetic or other machine memory, and every other means of recording any tangible

13  thing, any form of communication or representation, including, but not limited to, letters, words,

14  pictures, sounds, or symbols, or combination thereof, within the possession, custody or control of

15

16  plaintiff or of any agent, employee, representative (including, without limitation, attorneys and

17  accountants), or of any other person acting or purporting to act for or on behalf of defendants.

18      5.    The term "COMMUNICATIONS" means, unless otherwise specified, any of the

19  following:  (a) any written letter, memorandum, telefacsimile transmission, telegram, electronic

20  message, or other document; (b) any telephone call between two or more persons, whether or not

21  such any was by chance or prearranged, formal or informal; and (c) any conversation between

22

23  two or more persons, whether or not such contact was by chance or prearranged, formal or

24  informal.

25      6.    The phrase "RELATING TO" as used herein includes referring to, relating to,

26  relates to, responding to, concerning, connected with, commenting on, in respect of, about,

27

28

NOTICE OF DEPOSITION OF MICHAEL COX

regarding, discussing, showing, describing, depicting, mentioning, reflecting, analyzing,

comprising, constituting, evidencing, supporting, and pertaining to, whether in whole or in part.

7.    The terms "AND" and "OR" when used herein each mean "and/or"; "or" should

be understood to include and encompass "and"; and "and" should be understood to include and

encompass "or."

8.    Any references to the singular include the plural, and any references to the plural

include the singular.

## INSTRUCTIONS

A.    If any DOCUMENT otherwise responsive to this request is withheld from

production under a claim of privilege, please identify each document by document type (e.g.,

memorandum, letter, computer tape, etc.), date, author, addressee, any person or entity cc'd or

bcc'd, and recipients (if any) and subject matter.  With respect to each such document, identify

the privilege YOU claim, state the basis for YOUR claim of privilege, including the identity of

the specific attorney and/or attorneys with whom YOU claim a privileged relationship.

B.    To the extent that YOU consider any of the requests objectionable for reasons

other than a claim of privilege, produce as much of the material requested as to which such

objection is not made, and, separately with respect to each remaining part, state the nature of

YOUR objection, set forth each and every ground for YOUR objection, and describe the factual

basis, if any, upon which YOU rely in making such objections.

C.    Each request contained herein extends to ANY DOCUMENTS in YOUR

possession, custody, or control.  A DOCUMENT is deemed to be in YOUR possession, custody,

or control if it is in YOUR physical custody, or if it is in the physical custody of any PERSON

and YOU:  (1) own such DOCUMENT in whole or in part; (2) have a right by contract, statute or

otherwise to use, inspect, examine or copy such DOCUMENT on any terms; (3) have an

**4**

NOTICE OF DEPOSITION OF MICHAEL COX

1   understanding, express or implied, that YOU may use, inspect, examine or copy such

2   DOCUMENT on any terms; or (4) have, as a practical matter, been able to use, inspect, examine

3   or copy such DOCUMENT when YOU have sought to do so. Specifically, and without limiting

4   the foregoing, this request encompasses ANY DOCUMENTS in the possession, custody or

5   control of YOU, YOUR attorneys, YOUR employees and YOUR agents, and/or any other person

6   substantially owned or controlled by YOU.

7           D.      ANY DOCUMENTS should be produced in conformance with Federal Rule of

8   Civil Procedure 34(b) and, pursuant to such rules, YOU are required to produce DOCUMENTS

9

10  for inspection that are organized and labeled to correspond to each document request.

11          E.      A request to produce ANY DOCUMENTS RELATING TO one or more matters

12  set forth is a request to produce ANY DOCUMENTS RELATING TO any one or more of the

13  matters listed.

14          F.      A request to produce DOCUMENTS sufficient to show one or more matters set

15
    forth is a request to produce DOCUMENTS to show such matters to the fullest extent possible.
16

17                              **DOCUMENTS REQUESTED**

18  **REQUEST FOR PRODUCTION NO. 1:**

19          ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

20  with ANY PERSON, RELATING TO Complete MoisturePlus Multi-Purpose Solution

21  ("Complete MoisturePlus").

22
    **REQUEST FOR PRODUCTION NO. 2:**
23

24          ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

25  with ANY PERSON, RELATING TO the development, including but not limited to the design

26  and manufacture, of Complete MoisturePlus.

27

28

**REQUEST FOR PRODUCTION NO. 3:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the testing of Complete MoisturePlus.

**REQUEST FOR PRODUCTION NO. 4:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the efficacy of Complete MoisturePlus.

**REQUEST FOR PRODUCTION NO. 5:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the approval of Complete MoisturePlus by the Food and Drug Administration.

**REQUEST FOR PRODUCTION NO. 6:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, relating to the launching of Complete MoisturePlus.

**REQUEST FOR PRODUCTION NO. 7:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the marketing of Complete MoisturePlus.

**REQUEST FOR PRODUCTION NO. 8:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO post-marketing studies of Complete MoisturePlus.

**REQUEST FOR PRODUCTION NO. 9:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the advertising of Complete MoisturePlus.

**REQUEST FOR PRODUCTION NO. 10:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

6

1    with ANY PERSON, RELATING TO the packaging, including its design, color, and

2    representations, of Complete MoisturePlus.

3    **REQUEST FOR PRODUCTION NO. 11:**

4        ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

5    with ANY PERSON, RELATING TO ANY "statement, representation, advice," (Answer and

6    Affirmative Defenses of Defendant Advanced Medical Optics, Inc. to Plaintiffs' Complaint at

7    8    7:13-15) by Advanced Medical Optics, Inc. about Complete MoisturePlus.

9    **REQUEST FOR PRODUCTION NO. 12:**

10        ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

11    with ANY PERSON, RELATING TO the study of an increase in cases of acanthamoeba keratitis

12    as a result of the use of Complete MoisturePlus by Charlotte Joslin and Elmer Tu from the

13    University of Illinois Chicago.

14    15    **REQUEST FOR PRODUCTION NO. 13:**

16        ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

17    with ANY PERSON, RELATING TO the investigation by the Illinois Department of Public

18    Health into the increase in acanthamoeba keratitis as a result of the use of Complete

19    MoisturePlus.

20    **REQUEST FOR PRODUCTION NO. 14:**

21    22        ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

23    with ANY PERSON, RELATING TO the investigation by the Centers for Disease Control into

24    the increase in acanthamoeba keratitis as a result of the use of Complete MoisturePlus.

25

26

27

28

NOTICE OF DEPOSITION OF MICHAEL COX

**REQUEST FOR PRODUCTION NO. 15:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO complaints by ANY person regarding the use of Complete MoisturePlus.

**REQUEST FOR PRODUCTION NO. 16:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, relating to ANY injury that ANY PERSON has claimed as a result of the use of Complete MoisturePlus.

**REQUEST FOR PRODUCTION NO. 17:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the recall of Complete MoisturePlus.

**REQUEST FOR PRODUCTION NO. 18:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the all-in-one contact lens solutions of Advanced Medical Optics' competitors, including but not limited to Alcon's OptiFree RepleniSH and Opti-Free Express, Bausch & Lomb's ReNu MultiPlus Multi-Purpose Solution and ReNu with MoistureLoc Multi-Purpose Solution, and Ciba Vision's Solo-Care Aqua.

**REQUEST FOR PRODUCTION NO. 19:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the ability of Complete MoisturePlus to prevent or fail to prevent acanthamoeba keratitis.

**REQUEST FOR PRODUCTION NO. 20:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO Complete Multi-Purpose Solution ("Complete MPS").

NOTICE OF DEPOSITION OF MICHAEL COX

**REQUEST FOR PRODUCTION NO. 21:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the development, including but not limited to the design and manufacture, of Complete MPS.

**REQUEST FOR PRODUCTION NO. 22:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the testing of Complete MPS.

**REQUEST FOR PRODUCTION NO. 23:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the efficacy of Complete MPS.

**REQUEST FOR PRODUCTION NO. 24:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the approval of Complete MPS by the Food and Drug Administration.

**REQUEST FOR PRODUCTION NO. 25:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, relating to the launching of Complete MPS.

**REQUEST FOR PRODUCTION NO. 26:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the marketing of Complete MPS.

**REQUEST FOR PRODUCTION NO. 27:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO post-marketing studies of Complete MPS.

NOTICE OF DEPOSITION OF MICHAEL COX

**REQUEST FOR PRODUCTION NO. 28:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the advertising of Complete MPS.

**REQUEST FOR PRODUCTION NO. 29:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the packaging, including its design, color, and representations, of Complete MPS.

**REQUEST FOR PRODUCTION NO. 30:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO ANY "statement, representation, advice," (Answer and Affirmative Defenses of Defendant Advanced Medical Optics, Inc. to Plaintiffs' Complaint at 7:13-15) by Advanced Medical Optics, Inc. about Complete MPS.

**REQUEST FOR PRODUCTION NO. 31:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the study of an increase in cases of acanthamoeba keratitis as a result of the use of Complete MPS by Charlotte Joslin and Elmer Tu from the University of Illinois Chicago.

**REQUEST FOR PRODUCTION NO. 32:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the investigation by the Illinois Department of Public Health into the increase in acanthamoeba keratitis as a result of the use of Complete MPS.

10

**REQUEST FOR PRODUCTION NO. 33:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the investigation by the Centers for Disease Control into the increase in acanthamoeba keratitis as a result of the use of Complete MPS.

**REQUEST FOR PRODUCTION NO. 34:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO complaints by ANY person regarding the use of Complete MPS.

**REQUEST FOR PRODUCTION NO. 35:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, relating to ANY injury that ANY PERSON has claimed as a result of the use of Complete MPS.

**REQUEST FOR PRODUCTION NO. 36:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the recall of Complete MPS.

**REQUEST FOR PRODUCTION NO. 37:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the ability of Complete MPS to prevent or fail to prevent acanthamoeba keratitis.

**REQUEST FOR PRODUCTION NO. 38:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had with ANY PERSON, RELATING TO the ability of any contact lens solution, including but not limited to ANY AMO solution, to kill or affect acanthamoeba.

11

11-30-2007   09:53am   From-MOSCONE EMBLIDGE & QUADRA LLP      4159622006        T-204  P.013    F-560

**REQUEST FOR PRODUCTION NO. 39:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

with ANY PERSON, RELATING TO any study testing the susceptibility of Acanthamoeba to

any contact lens solution.

**REQUEST FOR PRODUCTION NO. 40:**

ANY DOCUMENTS, including but not limited to COMMUNICATIONS YOU have had

with ANY PERSON, RELATING TO the purpose or effect of taurine in ANY contact lens

solution.

DATED: November 30, 2007

MOSCONE, EMBLIDGE & QUADRA, LLP

By

James A. Quadra
Sylvia M. Sokol
Attorneys for Plaintiffs Alexis Degelmann
and Joseph Lin

12

NOTICE OF DEPOSITION OF MICHAEL COX

1

## ELECTRONIC CERTIFICATE OF SERVICE

2

3

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and am not a party to the within action.

4

On January 14, 2008, pursuant to the Court's Electronic Filing System, I

5

6

☒ submitted an electronic version of the following documents via file transfer protocol to ECF (Electronic Case Filing)

7

8

9

**DECLARATION OF DAVID VENDLER IN SUPPORT OF MOTION BY DEFENDANT ADVANCED MEDICAL OPTICS, INC. FOR PROTECTIVE ORDER RE: DEPOSITIONS OF AMO EXECUTIVES**

10

11

☐ submitted a hard copy of the following document to ECF (Electronic Case Filing) by

12

☐ facsimile          ☐ overnight delivery

13

14

☐ **STATE** I declare under penalty of perjury under the laws of the state of California, that the above is true and correct.

15

16

☒ **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

17

Executed on January 14, 2008, at Los Angeles, California.

18

19

20

_____
Mineeh P. Lapid

21

22

23

24

25

26

27

28

C 07-03107 PJH