# **EXHIBIT D**

| | |
|---|---|
| **From:** | Bedwell-Coll, Rebecca |
| **Sent:** | Wednesday, December 12, 2007 10:40 PM |
| **To:** | 'dvendler@mpplaw.com'; 'mwynne@mpplaw.com'; 'sokol@meqlaw.com'; 'quadra@meqlaw.com'; Fleishman, Wendy R.; Klaudt, Kent |
| **Cc:** | Records-NY |
| **Subject:** | Degelmann v. AMO |

David:

As I indicated last night, your email message is inaccurate in certain respects and fails to provide the full picture in other respects.

We began our conversation last night discussing the protective order, which you had said you would send to us during the week of November 5. Megan indicated she was prepared to finally send us a redlined protective order, and did so following our conference call. We have reviewed the changes to the model protective order and find them unacceptable. We will request that the Court simply enter the Northern District's model protective order as written.

We then discussed the deposition notices issued to five of AMO's employees. You indicated during our call that you consider all five of the deponents we identified to be "apex" employees. We asked you to provide information about where the deponents fall in the corporate structure, and requested any existing corporate organizational charts to show where the deponents fall in the corporate structure, and which employees "underneath" these deponents may have relevant information. I pointed out that if these charts exist, they are responsive to our requests for production, are not privileged, and should be produced now to aid our meet and confer process. You refused to commit to provide this information or these charts. You told us you would tell us on Friday whether you would provide the information we requested, the organizational charts, or both. We said we would discuss our position about "apex" employees and be prepared to respond to you on Friday as well. We pointed out that at least one of the deponents was the person who had signed AMO's discovery response verifications. You asked whether that was the only thing we intended to ask the deponent about. We asked whether you were requesting categories of testimony for each of the five deponents, to which you certainly are not entitled. You did not respond in any meaningful way.

You then stated that you felt our document requests, which are attached to our notices of deposition, were overbroad. We responded that we disagreed but would like to first discuss your responses to our requests for admissions, prior to moving on to other topics. You agreed.

We then discussed AMO's objections to our two Requests for Admissions. We discussed the two Requests for Admission for approximately twenty-five minutes. We discussed each and every objection raised by AMO, in detail. Despite our requests, you were unable to explain why you felt the requests called for attorney-client privileged information, and why you felt the requests called for trade secrets. We explained that your time limitation was inappropriate, as AMO's disclosures to consumers prior to 2005 is relevant to our allegations. You and Megan were very focused on your claim that the requests were "argumentative" because you claim they require you to admit that AMO increases the risks of acanthamoeba keratitis and other infections. We suggested that you should frame your response in whatever manner was comfortable for you, rather than refuse outright to respond. You declined. We agreed that we had met and conferred regarding each of your objections. We told you we intended to proceed with a motion to compel. You did not respond.

By this point, we had been speaking for almost one hour, it was after 7:00 p.m. my time, and I needed to end the call. You and Megan were unavailable to speak on Thursday or Friday, and most of Wednesday with the exception of a two hour block of time from 9a.m. to 11a.m., which was impossible for us to accommodate. We set a new meet and confer time for Monday at noon PST. At that time, we would like to meet and confer with you about your responses to our interrogatories.

Rebecca Bedwell-Coll
Lieff, Cabraser, Heimann & Bernstein, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Tel: 212-355-9500
Fax: 212-355-9592

**CONFIDENTIAL COMMUNICATION:** This email message and any attachments are intended only for the use of the addressee named above and may contain information that is privileged and confidential. If you are not the intended recipient, any dissemination, distribution, or copying is strictly prohibited. If you received this email message in error, please immediately notify the sender by replying to this email message or by telephone. Thank you.

1/23/2008