# **EXHIBIT E**

| | |
|---|---|
| From: | Bedwell-Coll, Rebecca |
| Sent: | Thursday, December 27, 2007 4:52 PM |
| To: | 'mwynne@mpplaw.com'; 'dvendler@mpplaw.com' |
| Cc: | 'quadra@meqlaw.com'; Fleishman, Wendy R.; 'sokol@meqlaw.com' |
| Subject: | AMO |

David and Megan

During our call, you indicated that you wanted us to take the depositions of other AMO employees prior to the depositions of the officers and employees identified in our deposition notices. Without agreeing to such a proposal, we requested, and I believe you agreed to provide, a concrete proposal for how this would work, keeping in mind our motions and briefing deadlines.

Specifically, we requested that you provide (a) proposed dates for the depositions of the individuals you identified as more appropriate deponents and (b) proposed dates for the depositions of David Noon, Michael Cox, and James Mazzo, to take place in the event that we come to an agreement or in the event that we successfully move to compel (or successfully oppose a motion for protective order) regarding those depositions. We asked that you build into this proposed schedule time to allow a motion to be heard between the depositions you suggested should proceed and the depositions we wanted to proceed. Finally, we cautioned that all of this would have to take place well in advance of our deadlines to file our opposition to your motion to dismiss as well as our opening class certification brief. We agreed that once we had your proposal, we would discuss your proposal and respond to you promptly about whether we would agree to it or not.

We have not yet received your concrete proposal. Please let us know if you intend to make such a proposal, or if we should simply proceed with briefing the issue.

Finally, please advise us as to (a) what date you will serve the amended interrogatory responses you promised during our phone call, and (b) whether you intend to produce a witness on the date specified in our 30(b)(6) deposition notice, and if not, what date is more convenient for you.

Thank you.

Rebecca Bedwell-Coll

1