**EXHIBIT F**

| | |
|---|---|
| From: | Bedwell-Coll, Rebecca |
| Sent: | Thursday, January 03, 2008 12:22 PM |
| To: | Bedwell-Coll, Rebecca; 'mwynne@mpplaw.com'; 'dvendler@mpplaw.com' |
| Cc: | 'quadra@meqlaw.com'; Fleishman, Wendy R.; 'sokol@meqlaw.com' |
| Subject: | RE: AMO |

David and Megan:

This confirms that you have again agreed to make a proposal as set forth in my email message below. We still have not received that proposal. It appears that you do not intend to make a concrete proposal despite your repeated promises to do so. Accordingly, we look forward to receiving your motion for a protective order on January 14.

We received your objections to our requests for production. We would like to meet and confer in advance of filing a motion to compel. We are available at any time tomorrow. Please let us know your availability.

Finally, if you continue to refuse to provide convenient alternative dates for the 30(b)(6) deposition, please be aware that we will promptly file a motion to compel your client's attendance. We should discuss this issue tomorrow as well.

Rebecca Bedwell-Coll
Lieff, Cabraser, Heimann & Bernstein, LLP 780 Third Avenue, 48th Floor New York, NY 10017-2024
Tel: 212-355-9500
Fax: 212-355-9592

CONFIDENTIAL COMMUNICATION: This email message and any attachments are intended only for the use of the addressee named above and may contain information that is privileged and confidential. If you are not the intended recipient, any dissemination, distribution, or copying is strictly prohibited. If you received this email message in error, please immediately notify the sender by replying to this email message or by telephone. Thank you.

-----Original Message-----
From: Bedwell-Coll, Rebecca
Sent: Thursday, December 27, 2007 7:52 PM
To: 'mwynne@mpplaw.com'; 'dvendler@mpplaw.com'
Cc: 'quadra@meqlaw.com'; Fleishman, Wendy R.; 'sokol@meqlaw.com'
Subject: AMO

David and Megan

During our call, you indicated that you wanted us to take the depositions of other AMO employees prior to the depositions of the officers and employees identified in our deposition notices. Without agreeing to such a proposal, we requested, and I believe you agreed to provide, a concrete proposal for how this would work, keeping in mind our motions and briefing deadlines.

Specifically, we requested that you provide (a) proposed dates for the depositions of the individuals you identified as more appropriate deponents and (b) proposed dates for the depositions of David Noon, Michael Cox, and James Mazzo, to take place in the event that we come to an agreement or in the event that we successfully move to compel (or successfully oppose a motion for protective order) regarding those depositions. We asked that you build into this proposed schedule time to allow a motion to be heard between the depositions you suggested should proceed and the depositions we wanted to proceed. Finally, we cautioned that all of this would have to take place well in advance of our deadlines to file our opposition to your motion to dismiss as well as our opening class certification brief. We agreed that once we had your proposal, we would discuss your

1

proposal and respond to you promptly about whether we would agree to it or not.

We have not yet received your concrete proposal. Please let us know if you intend to make such a proposal, or if we should simply proceed with briefing the issue.

Finally, please advise us as to (a) what date you will serve the amended interrogatory responses you promised during our phone call, and (b) whether you intend to produce a witness on the date specified in our 30(b)(6) deposition notice, and if not, what date is more convenient for you.

Thank you.

Rebecca Bedwell-Coll