# **EXHIBIT Q**



1 | Anthony G. Brazil, State Bar No. 84297
David J. Vendler, State Bar No. 146528
2 | Megan S. Wynne, State Bar No. 183707
**MORRIS POLICH & PURDY** LLP
3 | 1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
4 | Telephone:  (213) 891-9100
Facsimile:  (213) 488-1178
5 | E-Mail:    abrazil@mpplaw.com
E-Mail:    mwynne@mpplaw.com
6 | E-Mail:    dvendler@mpplaw.com

7 | Attorneys for Defendant,
ADVANCED MEDICAL OPTICS, INC.

8

9

10 | **UNITED STATES DISTRICT COURT**

11 | **NORTHERN DISTRICT OF CALIFORNIA**

12

13 | ALEXIS DEGELMANN and JOSEPH
LIN, on behalf of themselves and all
14 | those similarly situated,

15 | Plaintiffs,

16 | vs.

17 | ADVANCED MEDICAL OPTICS,
INC., a Delaware corporation,

18 | Defendants.

19

CASE NO.:  C 07 3107 PJH

**DEFENDANT ADVANCED
MEDICAL OPTICS, INC.'S
RESPONSES TO PLAINTIFFS'
INTERROGATORIES**

**[SET NO. ONE]**

20

21 | **PROPOUNDING PARTY:  Plaintiffs ALEXIS DEGELMANN and JOSEPH LIN**

22 | **RESPONDING PARTY:    Defendant ADVANCED MEDICAL OPTICS, INC.**

23 | **SET NO.:                    ONE**

24

25 | Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant

26 | **ADVANCED MEDICAL OPTICS, INC.** ("AMO") hereby responds to Plaintiffs

27 | **ALEXIS  DEGELMANN**  and  **JOSEPH  LIN**  ("Plaintiffs")  First  Set  of

28 | Interrogatories as follows:

-1-

## PRELIMINARY STATEMENT

AMO is a corporation with numerous departments, divisions and employees. In responding to these interrogatories, AMO has made good faith efforts to research documents and data regarding the subject matter of the present lawsuit, and has contacted those within the organization it believes are most competent to provide the information requested herein. However, not every single employee/former employee was contacted, and thus there may be instances where the answers provided herein may need to be supplemented. Similarly, information provided in these responses is corporate information available from various records and resources, and these responses, by necessity, do not reflect the information or knowledge of any particular employee.

AMO's objections and responses as set forth herein are based upon information presently known to AMO. Investigation and discovery have just begun and are continuing. As discovery proceeds, additional witnesses, facts, and evidence that may be responsive may be discovered. Facts and evidence currently known, or the relevance or consequences of such facts and evidence, may be incomplete and, accordingly, may require later supplementation. AMO reserves the right to refer to, conduct discovery with reference to, or offer into evidence at trial any and all such witnesses, facts, and evidence, notwithstanding the absence of reference to such witnesses, facts, and evidence in these responses.

AMO further reserves the right to rely on any witnesses, facts, documents, or other evidence that may develop or subsequently become known, to assert additional objections and to supplement or amend these responses at any time as necessary and/or as required by the Federal Rules of Civil Procedure. AMO further states that it expects that the subject matter of some of these interrogatories will be the subject of expert testimony.

1    Finally, because some of the information contained in these responses may have

2    been ascertained by AMO's attorneys, AMO may not have personal knowledge of the

3    information from which such responses were derived.

4

5                    **RESPONSES TO INTERROGATORIES**

6    **INTERROGATORY NO. 1:**

7    Do you contend that any batch of AMO Complete MoisturePlus solution

8    distributed from June 13, 2003 to the present is different in any way (including in

9    formulation or in presence of protozoa or other contaminants) from any other batch of

10   the solution distributed during that period?  If you so contend, identify every batch

11   that was different by stating (a) when each such batch was manufactured, (b) where

12   each such batch was manufactured, (c) the state and country where each batch was

13   sold and (d) how each such batch was different.

14   **RESPONSE TO INTERROGATORY NO. 1:**

15   AMO objects to this interrogatory on the grounds that it is compound, contains

16   numerous subparts and is overly broad, unduly burdensome and not reasonably

17   calculated to lead to the discovery of relevant and admissible evidence.  AMO further

18   objects to this interrogatory on the grounds that it is vague and ambiguous as to the

19   undefined terms "batch", "different in any way," "formulation," "protozoa" and

20   "contaminants", which are capable of multiple meanings.  AMO also objects to this

21   interrogatory to the extent that it seeks information protected from disclosure by the

22   attorney-client privilege, the attorney work product doctrine, and any privileges and

23   doctrines protecting trade secrets, patents or other confidential research, development,

24   commercial, financial and/or proprietary information.  AMO also objects to the extent

25   this interrogatory seeks information prior to May 25, 2005 or after AMO's May 25,

26   2007 voluntary recall of COMPLETE MoisturePLUS® multipurpose solution

27   ("MPS").

28

1    Without waiving said objections, AMO further responds as follows:  In answer

2    to the main question, no changes were made to the formula of COMPLETE

3    MoisturePLUS® MPS from June 13, 2003 to May 25, 2007.  Based on this answer,

4    subparts (a), (b), (c) and (d) of the interrogatory are not applicable.

5

6    **INTERROGATORY NO. 2:**

7    State the total number of bottles of AMO Complete MoisturePlus solution

8    distributed for sale in the United States from June 13, 2003 to the present, broken

9    down by state and year.

10   **RESPONSE TO INTERROGATORY NO. 2**

11   AMO objects to this interrogatory on the grounds that it is compound, contains

12   subparts and is overly broad, unduly burdensome and not reasonably calculated to

13   lead to the discovery of relevant and admissible evidence.  AMO further objects that

14   the interrogatory is vague and ambiguous as to the undefined term "year," which is

15   capable of multiple meanings.  AMO also objects to this interrogatory to the extent

16   that it seeks information protected from disclosure by the attorney-client privilege, the

17   attorney work product doctrine, and any privileges and doctrines protecting trade

18   secrets, patents or other highly confidential research, development, commercial,

19   financial and/or proprietary information.   AMO also objects to the extent this

20   interrogatory seeks information prior to May 25, 2005 or after AMO's May 25, 2007

21   voluntary recall of COMPLETE MoisturePLUS® MPS.  AMO further objects that

22   because of the highly confidential nature of the information sought, and because until

23   a class is certified, the plaintiffs do not have any need for the specific number of units

24   sold, the subject of this discovery is premature and should await decision on class

25   certification.

26   Without waiving said objections, and because AMO recognizes that for

27   purposes of class certification, plaintiffs are entitled to establish that the number of

28   potential class members is numerous, AMO further responds as follows:  The number

1  of bottles of COMPLETE MoisturePLUS® MPS that AMO distributed for sale in the

2  United States from May 25, 2005 to May 25, 2007 is in the millions.

3

4  **INTERROGATORY NO. 3:**

5      State the total amount of revenues, by state and by year, that AMO collected for

6  the sale of bottles of AMO Complete MoisturePlus solution distributed for sale in the

7  United States from June 13, 2003 through the present.

8  **RESPONSE TO INTERROGATORY NO. 3:**

9      AMO objects to this interrogatory on the grounds that it is premature,

10 compound, contains subparts and is overly broad, unduly burdensome and not

11 reasonably calculated to lead to the discovery of relevant and admissible evidence.

12 AMO further objects to this interrogatory on the grounds that it is vague and

13 ambiguous as to the undefined terms "revenues" and "year." AMO also objects to this

14 interrogatory to the extent that it seeks information protected from disclosure by the

15 attorney-client privilege, the attorney work product doctrine, and any privileges and

16 doctrines protecting trade secrets, patents or other extremely confidential research,

17 development, commercial, financial and/or proprietary information. AMO also

18 objects to the extent this interrogatory seeks information prior to May 25, 2005 or

19 after AMO's May 25, 2007 voluntary recall of COMPLETE MoisturePLUS® MPS.

20 AMO further objects that because of the highly confidential nature of the information

21 sought, and because until a class is certified and liability is established, the plaintiffs

22 do not have any need for specific revenue figures, the subject of this discovery is

23 premature.

24

25 **INTERROGATORY NO. 4:**

26     State how many consumers, by state and by year, whom you have reimbursed

27 for returning at least one bottle of AMO Complete MoisturePlus solution as part of the

28 alleged recall program, and how much you paid in total reimbursements, by state and

1  by year.

2  **RESPONSE TO INTERROGATORY NO. 4:**

3      AMO objects to this interrogatory on the grounds that it is compound, contains
4  numerous, unrelated subparts and is overly broad, unduly burdensome and not
5  reasonably calculated to lead to the discovery of relevant and admissible evidence.
6  AMO further objects to this interrogatory on the grounds that it is vague and
7  ambiguous as to the undefined terms "year," "alleged recall program," and "total
8  reimbursements."  AMO also objects to this interrogatory to the extent that it seeks
9  information protected from disclosure by the attorney-client privilege, the attorney
10  work product doctrine, and any privileges and doctrines protecting trade secrets,
11  patents or other confidential research, development, commercial, financial and/or
12  proprietary information. AMO further objects to this interrogatory on the grounds that
13  it is argumentative, confusing and unintelligible as phrased.

14      Without waiving said objections, AMO further responds as follows:   In
15  connection with the May 25, 2007 voluntary recall of its COMPLETE
16  MoisturePLUS® MPS, AMO established a program for proper reimbursement of
17  consumers who purchased COMPLETE MoisturePLUS® MPS and returned the
18  unused portion of the COMPLETE MoisturePLUS® MPS or proof of product
19  purchase to AMO.  AMO is also reimbursing consumers who discarded their weekly
20  or monthly disposable and/or non-disposable contact lenses as a result of the
21  voluntary recall of COMPLETE MoisturePLUS® MPS.  Pursuant to this program,
22  which is ongoing, AMO has prepared over 34,000 reimbursement checks as of
23  October 28, 2007.  The amounts of reimbursement vary depending upon the size of
24  the bottle of COMPLETE MoisturePLUS® MPS that is returned and the type of
25  contact lenses discarded by the consumer.

26

27  **INTERROGATORY NO. 5:**

28      Do you contend that you altered the representations regarding the efficacy or

-6-

1   purpose of AMO Complete MoisturePlus solution on the packaging or bottles of the

2   solution at any time?   If so, identify each substantively different representation

3   regarding the efficacy or purpose on the packaging or bottles of AMO Complete

4   MoisturePlus solution.

5   **RESPONSE TO INTERROGATORY NO. 5:**

6         AMO objects to this interrogatory on the grounds that it is compound, contains

7   numerous, unrelated subparts and is overly broad, unduly burdensome and not

8   reasonably calculated to lead to the discovery of relevant and admissible evidence.

9   AMO further objects to this interrogatory on the grounds that it is vague and

10  ambiguous as to the undefined terms "altered," "representations," "efficacy" and

11  "purpose", which are capable of multiple meanings.   AMO also objects to this

12  interrogatory to the extent that it seeks information protected from disclosure by the

13  attorney-client privilege, the attorney work product doctrine, and any privileges and

14  doctrines protecting trade secrets, patents or other confidential research, development,

15  commercial, financial and/or proprietary information.   AMO further objects to this

16  interrogatory on the grounds that it is confusing and unintelligible as phrased.   AMO

17  also objects to the extent this interrogatory seeks information prior to May 25, 2005 or

18  after AMO's May 25, 2007 voluntary recall of COMPLETE MoisturePLUS® MPS.

19

20  **INTERROGATORY NO. 6:**

21        List all of the representations that AMO has made about AMO Complete

22  MoisturePlus solution in the national marketplace, including representations in print,

23  television and radio.

24  **RESPONSE TO INTERROGATORY NO. 6:**

25        AMO objects to this interrogatory on the grounds that it is compound, contains

26  numerous subparts and is overly broad, unduly burdensome and not reasonably

27  calculated to lead to the discovery of relevant and admissible evidence.   AMO also

28  objects to this interrogatory on the grounds that it is vague and ambiguous as to the

1  undefined terms "representations," "national marketplace", and "print," which are

2  capable of multiple meanings.  AMO also objects to this interrogatory to the extent

3  that it seeks information protected from disclosure by the attorney-client privilege, the

4  attorney work product doctrine, and any privileges and doctrines protecting trade

5  secrets, patents or other confidential research, development, commercial, financial

6  and/or proprietary information.  AMO further objects that this interrogatory seeks to

7  impose an obligation on AMO to create or compile a list or any other document.

8

9  **INTERROGATORY NO. 7:**

10      For each representation you listed in response to Interrogatory 6, state the basis

11  of such representation.

12  **RESPONSE TO INTERROGATORY NO. 7:**

13      AMO objects to this interrogatory on the grounds that it is compound, contains

14  numerous subparts and is overly broad, unduly burdensome and not reasonably

15  calculated to lead to the discovery of relevant and admissible evidence.  AMO also

16  objects to this interrogatory on the grounds that it is vague and ambiguous as to the

17  undefined terms "representation" and "basis", which are capable of multiple

18  meanings.   AMO also objects to this interrogatory to the extent that it seeks

19  information protected from disclosure by the attorney-client privilege, the attorney

20  work product doctrine, and any privileges and doctrines protecting trade secrets,

21  patents or other confidential research, development, commercial, financial and/or

22  proprietary information.  AMO further objects that this interrogatory seeks to impose

23  an obligation on AMO to create or compile a list or any other document.  AMO also

24  objects to the extent that this interrogatory calls for expert opinion.

25

26  **INTERROGATORY NO. 8:**

27      Describe each "consumer response to the recall of Complete MoisturePlus" as

28  stated in your initial disclosures.

-8-

**RESPONSE TO INTERROGATORY NO. 8:**

AMO objects to this interrogatory on the grounds that it is compound, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant and admissible evidence. AMO also objects to this interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and any privileges and doctrines protecting trade secrets, patents or other confidential research, development, commercial, financial and/or proprietary information. AMO also objects to this interrogatory on the grounds that it is confusing and unintelligible as phrased.

Without waiving said objections, AMO further responds as follows: In connection with the May 25, 2007 voluntary recall of its COMPLETE MoisturePLUS® MPS, AMO established a program for proper reimbursement of consumers who purchased COMPLETE MoisturePLUS® MPS and returned the unused portion of the COMPLETE MoisturePLUS® MPS to AMO. AMO is also reimbursing consumers who discarded their weekly or monthly disposable and/or non-disposable contact lenses as a result of the voluntary recall of COMPLETE MoisturePLUS® MPS. Pursuant to this program, which is ongoing, AMO has received approximately 59,258 requests from consumers in the United States for a reimbursement kit as of October 28, 2007.

**INTERROGATORY NO. 9:**

Describe any information that you have regarding "Plaintiff's [sic] medical, occupational, family and lifestyle histories," to which you refer in your initial disclosures.

**RESPONSE TO INTERROGATORY NO. 9:**

AMO objects to this interrogatory on the grounds that it is compound, contains numerous, unrelated subparts and is overly broad and unduly burdensome. AMO also objects to this interrogatory to the extent that it seeks information protected from

-9-

1  disclosure by the attorney-client privilege, the attorney work product doctrine, and any

2  privileges and doctrines protecting trade secrets, patents or other confidential research,

3  development, commercial, financial and/or proprietary information.  AMO further

4  objects to this interrogatory to the extent it calls for expert opinion.

5      Without waiving said objections, AMO further responds as follows:  None

6  known to AMO at this time.  AMO reserves its right to supplement this response upon

7  further investigation and discovery.

8

9  Dated:  November 5, 2007                    MORRIS POLICH & PURDY LLP

10

11

12                          By: _Megan S. Wynne_____

13                              Anthony G. Brazil
                                David J. Vendler
14                              Megan S. Wynne

15                          Attorneys for Defendant
16                          ADVANCED MEDICAL OPTICS, INC.

17

18

19

20

21

22

23

24

25

26

27

28

1

## VERIFICATION

2

3       I, Michael Cox , declare and state:

4       I am UP of Sales & Mktg Amer of Advanced Medical Optics, Inc.

5   ("AMO"). I am authorized to make this verification for and on behalf of AMO.

6       I have read DEFENDANT ADVANCED MEDICAL OPTICS, INC.'S

7   RESPONSES TO PLAINTIFFS' INTERROGATORIES (SET NO. ONE). I am

8   informed and believe that AMO's responses are true and correct.

9       I declare under penalty of perjury under the laws of the United States of America

10  that the foregoing is true and correct.

11      Executed on October November 5, 2007 in Santa Ana .

12

13

14      

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2      I am employed in Los Angeles County. I am over the age of 18 and not a party to this
action. My business address is 1055 W. Seventh Street, 24th Floor, Los Angeles, California
3      90017.

4      On November 5, 2007, I served the following document described as "DEFENDANT
ADVANCED   MEDICAL   OPTICS,   INC.'S   RESPONSES   TO   PLAINTIFFS'
5      INTERROGATORIES [SET NO. ONE]" in this action by placing true copies of the
documents in separate sealed envelopes and via Email to the following addresses:

6
                         See attached SERVICE LIST
7

8
      ☒  **BY U.S. MAIL**  I deposited such envelope in the mail at Los Angeles, California. The
9      envelopes were mailed with postage thereon fully prepaid.

10     I am readily familiar with Morris Polich & Purdy's practice of collection and processing
correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal
11     Service on the same day which is stated in the proof of service, with postage fully prepaid at
Los Angeles, California in the ordinary course of business. I am aware that on motion of party
12     served, service is presumed invalid if the postal cancellation date or postage meter date is more
than one day after the date stated in this proof of service.
13
      ☒  **BY EMAIL**  I caused the above-referenced documents to be transmitted via email to the
14     parties as listed on this Proof of Service.

15     ☐  **BY FACSIMILE**   I caused the above-referenced documents to be transmitted via
facsimile to the parties as listed on this Proof of Service.
16
      I declare that I am employed in the office of a member of the bar of this court at whose
17     direction the service was made.

18     Executed on November 5, 2007, at Los Angeles, California.

19

20     _____

21                     Mineeh P. Lapid

22

23

24

25

26

27

28

*ALEXIS DEGELMANN, et al. v. ADVANCED MEDICAL OPTICS, INC., et al.*
USDC, Northern District of California, Case No. C-07-3107-PJH

### SERVICE LIST

Wendy R. Fleishman, Esq.                    ***Attorneys for Plaintiffs***
Rebecca Bedwell-Coll, Esq.                  ***ALEXIS DEGELMANN and JOSEPH LIN***
LIEF CABRASER HEIMANN & BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Tel.:    (212) 355-9500
Fax:     (212) 355-9592
Email:   rbcoll@lchb.com
         wfleishman@lchb.com

Kent L. Klaudt, Esq.                        ***Attorneys for Plaintiffs***
LIEF CABRASER HEIMANN & BERNSTEIN, LLP     ***ALEXIS DEGELMANN and JOSEPH LIN***
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Tel.:    (415) 956-1000
Fax:     (415) 956-1008
Email:   kklaudt@lchb.com

***Original copy to:***                     ***Attorneys for Plaintiffs***
James A. Quadra, Esq.                       ***ALEXIS DEGELMANN and JOSEPH LIN***
Sylvia M. Sokol, Esq.
MOSCONE EMBLIDGE & QUADRA LLP
220 Montgomery Street, Suite 2100
San Francisco, CA 94104-4238
Tel.:    (415) 362-3599
Fax:     (415) 362-2006
Email:   quadra@meqlaw.com
         sokol@meqlaw.com

2
**CERTIFICATE OF SERVICE**

1  Anthony G. Brazil, State Bar No. 84297
   David J. Vendler, State Bar No. 146528
2  Megan S. Wynne, State Bar No. 183707
   **MORRIS POLICH & PURDY** LLP
3  1055 West Seventh Street, 24th Floor
   Los Angeles, California 90017
4  Telephone:  (213) 891-9100
   Facsimile:  (213) 488-1178
5  E-Mail:     abrazil@mpplaw.com
   E-Mail:     mwynne@mpplaw.com
6  E-Mail:     dvendler@mpplaw.com

7  Attorneys for Defendant,
   ADVANCED MEDICAL OPTICS, INC.

8

9

10                **UNITED STATES DISTRICT COURT**

11               **NORTHERN DISTRICT OF CALIFORNIA**

12

13  ALEXIS DEGELMANN and JOSEPH          CASE NO.:  C 07 3107 PJH
    LIN, on behalf of themselves and all
14  those similarly situated,

15          Plaintiffs,                  **DEFENDANT ADVANCED**
                                         **MEDICAL OPTICS, INC.'S**
16  vs.                                  **RESPONSES TO PLAINTIFFS'**
                                         **REQUESTS FOR ADMISSIONS**
17  ADVANCED MEDICAL OPTICS,
    INC., a Delaware corporation,
18                                       **[SET NO. ONE]**
            Defendants.
19

20

21  **PROPOUNDING PARTY:  Plaintiffs ALEXIS DEGELMANN and JOSEPH LIN**

22  **RESPONDING PARTY:    Defendant ADVANCED MEDICAL OPTICS, INC.**

23  **SET NO.:              ONE**

24       Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant

25  **ADVANCED MEDICAL OPTICS, INC.** ("AMO") hereby responds to Plaintiffs

26  **ALEXIS DEGELMANN** and **JOSEPH LIN** ("Plaintiffs") First Set of Requests for

27  Admission as follows:

28

**DEFENDANT ADVANCED MEDICAL OPTICS, INC.'S RESPONSES TO PLAINTIFFS' REQUESTS FOR
ADMISSIONS [SET NO. ONE]**

1

## **PRELIMINARY STATEMENT**

2      AMO is a corporation with numerous departments, divisions and employees. In

3 responding to these requests, AMO has made good faith efforts to research documents

4 and data regarding the subject matter of the present lawsuit, and has contacted those

5 within the organization it believes are most competent to provide the information

6 requested herein.     However, not every single employee/former employee was

7 contacted, and thus there may be instances where the answers provided herein may

8 need to be supplemented.     Similarly, information provided in these responses is

9 corporate information available from various records and resources, and these

10 responses, by necessity, do not reflect the information or knowledge of any particular

11 employee.

12      AMO's objections and responses as set forth herein are based upon information

13 presently known to AMO.     Investigation and discovery have just begun and are

14 continuing. As discovery proceeds, additional witnesses, facts, and evidence that may

15 be responsive may be discovered.     Facts and evidence currently known, or the

16 relevance or consequences of such facts and evidence, may be incomplete and,

17 accordingly, may require later supplementation.  AMO reserves the right to refer to,

18 conduct discovery with reference to, or offer into evidence at trial any and all such

19 witnesses, facts, and evidence, notwithstanding the absence of reference to such

20 witnesses, facts, and evidence in these responses.

21      AMO further reserves the right to rely on any witnesses, facts, documents, or

22 other evidence that may develop or subsequently become known, to assert additional

23 objections and to supplement or amend these responses at any time as necessary

24 and/or as required by the Federal Rules of Civil Procedure. AMO further states that it

25 expects that the subject matter of some of these requests will be the subject of expert

26 testimony.

27

28

DEFENDANT ADVANCED MEDICAL OPTICS, INC.'S RESPONSES TO PLAINTIFFS' REQUESTS FOR
ADMISSIONS [SET NO. ONE]

1       Finally, because some of the information contained in these responses may have

2  been ascertained by AMO's attorneys, AMO may not have personal knowledge of the

3  information from which such responses were derived.

4

5                   **RESPONSES TO REQUEST FOR ADMISSIONS**

6  **REQUEST FOR ADMISSION NO. 1:**

7       Admit that prior to May 25, 2007 you never disclosed to buyers of AMO

8  Complete MoisturePlus solution ("Complete") that using Complete increased the risk

9  of developing Akanthamoeba Keratitis.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

11       AMO objects to this request on the grounds that it is compound, overly broad,

12  unduly burdensome and not reasonably calculated to lead to the discovery of relevant

13  and admissible evidence.  AMO further objects to this request on the grounds that it is

14  argumentative, assumes facts not in evidence and calls for expert opinion.  AMO also

15  objects to this request on the grounds that any labeling and packaging materials that

16  accompanied COMPLETE MoisturePLUS® multipurpose solution ("MPS") speak for

17  themselves.  AMO further objects to this request to the extent that it seeks information

18  protected from disclosure by the attorney-client privilege, the attorney work product

19  doctrine, and any privileges and doctrines protecting trade secrets, patents or other

20  confidential research, development, commercial, financial and/or proprietary

21  information.  AMO also objects to the extent this request seeks information prior to

22  May 25, 2005 or after AMO's May 25, 2007 voluntary recall of COMPLETE

23  MoisturePLUS® MPS.

24

25  **REQUEST FOR ADMISSION NO. 2:**

26       Admit that with the exception of any prior recall of AMO Complete

27  MoisturePlus solution ("Complete"), prior to May 25, 2007 you never disclosed to

28  buyers of Complete that using Complete increased the risk of eye infections as

1  compared to other all-in-one solutions.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

3      AMO objects to this request on the grounds that it is compound, overly broad,

4  unduly burdensome and not reasonably calculated to lead to the discovery of relevant

5  and admissible evidence. AMO further objects to this request on the grounds that it is

6  argumentative, assumes facts not in evidence and calls for expert opinion. AMO also

7  objects to this request on the grounds that any labeling and packaging materials that

8  accompanied COMPLETE MoisturePLUS® MPS speak for themselves. AMO

9  further objects to this request to the extent that it seeks information protected from

10  disclosure by the attorney-client privilege, the attorney work product doctrine, and any

11  privileges and doctrines protecting trade secrets, patents or other confidential research,

12  development, commercial, financial and/or proprietary information. AMO also

13  objects to the extent this request seeks information prior to May 25, 2005 or after

14  AMO's May 25, 2007 voluntary recall of COMPLETE MoisturePLUS® MPS.

15

16  Dated: November 5, 2007            MORRIS POLICH & PURDY LLP

17

18

19  By: _Megan S. Wynne_

20      Anthony G. Brazil
        David J. Vendler
21      Megan S. Wynne

22      Attorneys for Defendant
23      ADVANCED MEDICAL OPTICS, INC.

24

25

26

27

28

-4-

1

## CERTIFICATE OF SERVICE

2        I am employed in Los Angeles County.  I am over the age of 18 and not a party to this action.  My business address is 1055 W. Seventh Street, 24th Floor, Los Angeles, California 90017.

3

4        On November 5, 2007, I served the following document described as "**DEFENDANT ADVANCED MEDICAL OPTICS, INC.'S RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSIONS [SET NO. ONE]**" in this action by placing true copies of the documents in separate sealed envelopes and via Email to the following addresses:

5

6

### See attached SERVICE LIST

7

8

⊠  **BY U.S. MAIL**  I deposited such envelope in the mail at Los Angeles, California.  The envelopes were mailed with postage thereon fully prepaid.

9

10  I am readily familiar with Morris Polich & Purdy's practice of collection and processing correspondence for mailing.  Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

11

12

13

⊠  **BY EMAIL**  I caused the above-referenced documents to be transmitted via email to the parties as listed on this Proof of Service.

14

15  ☐  **BY FACSIMILE**  I caused the above-referenced documents to be transmitted via facsimile to the parties as listed on this Proof of Service.

16

        I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

17

18        Executed on November 5, 2007, at Los Angeles, California.

19

20                                 _____

21                                   Mineeh P. Lapid

22

23

24

25

26

27

28

1

1
2

*ALEXIS DEGELMANN, et al. v. ADVANCED MEDICAL OPTICS, INC., et al.*
**USDC, Northern District of California, Case No. C-07-3107-PJH**

3

## SERVICE LIST

4

5
6
7
8
9
10

Wendy R. Fleishman, Esq.
Rebecca Bedwell-Coll, Esq.
LIEF CABRASER HEIMANN & BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Tel.:     (212) 355-9500
Fax:     (212) 355-9592
Email:   rbcoll@lchb.com
         wfleishman@lchb.com

*Attorneys for Plaintiffs*
*ALEXIS DEGELMANN and JOSEPH LIN*

11
12
13
14
15

Kent L. Klaudt, Esq.
LIEF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Tel.:     (415) 956-1000
Fax:     (415) 956-1008
Email:   kklaudt@lchb.com

*Attorneys for Plaintiffs*
*ALEXIS DEGELMANN and JOSEPH LIN*

16
17
18
19
20
21
22

*Original copy to:*
James A. Quadra, Esq.
Sylvia M. Sokol, Esq.
MOSCONE EMBLIDGE & QUADRA LLP
220 Montgomery Street, Suite 2100
San Francisco, CA 94104-4238
Tel.:     (415) 362-3599
Fax:     (415) 362-2006
Email:   quadra@meqlaw.com
         sokol@meqlaw.com

*Attorneys for Plaintiffs*
*ALEXIS DEGELMANN and JOSEPH LIN*

23
24
25
26
27
28

**CERTIFICATE OF SERVICE**