James A. Quadra (State Bar No. 131084)
e-mail: quadra@meqlaw.com
Sylvia M. Sokol (State Bar No. 200126)
e-mail: sokol@meqlaw.com
MOSCONE, EMBLIDGE & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, CA 94104-4238
Telephone: (415) 362-3599
Facsimile: (415) 362-2006

Wendy R. Fleishman, admitted *Pro Hac Vice*
e-mail: wfleishman@lchb.com
Kent Klaudt (State Bar No. 183903)
e-mail: kklaudt@lchb.com
Rebecca Bedwell-Coll (State Bar No. 184468)
e-mail: rbcoll@lchb.com
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

*Attorneys for Plaintiffs*

Anthony G. Brazil (State Bar No. 84297)
David J. Vendler (State Bar No. 146528)
Megan S. Wynne (State Bar No. 183707)
MORRIS POLICH & PURDY LLP
1055 West Seventh Street, 24th Floor
Los Angeles, CA 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
e-Mail: Abrazil@mpplaw.com
e-Mail: Dvendler@mpplaw.com
e-Mail: Mwynne@mpplaw.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS DEGELMANN and JOSEPH LIN, on behalf of themselves and all those similarly situated,<br><br>                    Plaintiffs,<br><br>    v.<br><br>ADVANCED MEDICAL OPTICS, INC.,<br><br>                    Defendant. | Case No.  CV-03107 PJH<br><br>**JOINT STATEMENT OF MATTERS IN DISPUTE REGARDING PLAINTIFFS' REQUESTS FOR ADMISSIONS, SET ONE** |

Pursuant to the Honorable Magistrate Judge James Larson's standing Order, ¶7, the parties submit this joint statement regarding their dispute relating to Plaintiffs' two Requests for Admissions to which Defendant Advanced Medical Optics, Inc. ("AMO") has objected and declined to provide responses. The parties met and conferred and have reached an impasse.

**FACTS**

<u>Plaintiffs' Contentions:</u> Plaintiffs filed this class action against AMO on June 13, 2007, alleging that AMO violated California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 & 17500, when it manufactured, marketed, distributed, and sold a defective contact lens solution under the name Complete MoisturePlus Multi-Purpose Solution ("Complete").

Complete is an "all-in-one" or "multipurpose" contact lens solution. Plaintiffs allege that AMO marketed Complete as a product that would clean and disinfect lenses. In fact, the Centers for Diseases Control (the "CDC") has reported that consumers who use it are at a substantially increased risk of suffering Acanthamoeba Keratitis, a painful corneal infection that can cause blindness and even loss of the eye. AMO knew that Complete was dangerous but neither took steps to make the product less dangerous nor disclosed to consumers the defect in its product.

<u>Defendant's Contentions:</u> Plaintiffs Alexis Degelmann's and Joseph Lin's ("plaintiffs") Complaint follows on the heels of a voluntary product recall which was announced on May 25, 2007 concerning COMPLETE MoisturePLUS® Multi-Purpose Solution ("COMPLETE MoisturePLUS® MPS"). The Complaint alleges defendant AMO produced, marketed and sold COMPLETE MoisturePLUS® MPS. The plaintiffs further assert that COMPLETE MoisturePLUS® MPS increases the risk of persons developing Acanthamoeba Keratitis ("AK"), an extremely rare corneal pathogen.

Notably, however, the Complaint does not allege that these plaintiffs suffered from AK, or that they sustained any physical injury at all from their use of COMPLETE MoisturePLUS® MPS. Furthermore, notwithstanding that plaintiffs could have been fully reimbursed for any economic loss through AMO's recall program, plaintiffs filed this action ostensibly on behalf of a class they claim consists of everyone that ever purchased Complete four years prior to their filing their complaint. The issue of whether plaintiffs have suffered any injury and thus whether they

1  have standing to bring their suit (as well as other issues) is set for an early summary judgment

2  motion to be heard on March 19, 2007.

3  **DISCOVERY DISPUTE**

4  On September 25, 2007, Plaintiffs served the following two Requests For Admission:

5  1. Admit that prior to May 25, 2007, you never disclosed to buyers of AMO
Complete MoisturePlus solution ("Complete") that using Complete increased the risk
6  of developing Acanthamoeba Keratitis.

7  2. Admit that with the exception of any prior recall of AMO Complete MoisturePlus
solution ("Complete"), prior to May 25, 2007, you never disclosed to buyers of
8  Complete that using Complete increased the risk of eye infections as compared to
other all-in-one solutions.
9
AMO refused to provide Responses, interposing the following identical objections:
10
AMO objects to this request on the grounds that it is compound, overly broad, unduly
11  burdensome and not reasonably calculated to lead to the discovery of relevant and
admissible evidence. AMO further objects to this request on the grounds that it is
12  argumentative, assumes facts not in evidence and calls for expert opinion. AMO also
objects to this request on the grounds that any labeling and packaging materials that
13  accompanied COMPLETE MoisturePLUS® MPS speak for themselves. AMO
further objects to this request to the extent that it seeks information protected from
14  disclosure by the attorney-client privilege, the attorney work product doctrine, and
any privileges and doctrines protecting trade secrets, patents or other confidential
15  research, development, commercial, financial and/or proprietary information. AMO
also objects to the extent this request seeks information prior to May 25, 2005 or after
16  AMO's May 25, 2007 voluntary recall of COMPLETE MoisturePLUS® MPS.

17  <u>Plaintiffs' Position</u>:  AMO has asserted a number of objections, none of which prevent

18  AMO from responding to the Requests.  If AMO alleges part of each request is objectionable, the

19  remainder must be answered.  Fed. R. C. P. 36(a).  Moreover, AMO is required to "admit to the

20  fullest extent possible, and explain in detail why other portions of a Request may not be

21  admitted." *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994).  AMO improperly

22  refused to respond to the requests, instead raising objections that are without merit for the reasons

23  set forth below.

24  AMO incorrectly objects that the Requests are compound and argumentative.  They are

25  neither.  Rather, each Request asks AMO to admit one simple fact:  that AMO never told

26  consumers that Complete increased the risk of developing Acanthamoeba Keratitis (Request No.

27  1), or other infections (Request No. 2).   Plaintiffs are entitled to know whether AMO admits that

28  it never made these statements to consumers.  If AMO contends that it told any buyers that using

its product increased the risks of infections, AMO may simply deny.  If AMO admits that it never told consumers that Complete increased the risk of infections, it should so state.

AMO's remaining objections are equally unavailing.  This information is relevant to Plaintiffs' claims that AMO acted unfairly when it developed and sold a product that would not guard against dangerous infections, and then failed to tell consumers that using the product placed them at risk.  Furthermore, AMO's objections that the Requests are overly broad, burdensome, and oppressive must fail.  *See Wagner v. St. Paul Fire & Marine Ins. Co.*, 238 F.R.D. 418 (N.D.W.Va., 2006) (objection that request is "overly broad, burdensome, oppressive and irrelevant" is "not adequate to voice a successful objection"); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).  Similarly, the objection that "the packaging materials speak for themselves" is improper.  *Miller v. Holzmann*, 240 F.R.D. 1, 4 (D.D.C. 2006).  Moreover, the Requests do not ask for communications with lawyers or work product-- they ask simply about communications with consumers.  AMO cannot justify the objection that these Requests call for information protected by trade secret doctrines.  These Requests ask AMO to admit it failed to make statements to consumers, not that a certain formulation of the chemical equation is the real recipe for Complete.

Finally, AMO argues that its responses arbitrarily should be limited to the time period of May 25, 2005 to May 25, 2007.  These Requests already limit the time period to end on May 25, 2007, requesting AMO to admit that "prior to May 25, 2007 you never disclosed" the information at issue.  AMO's responses should not further be limited to information it provided to purchasers after May 25, 2005, because the Requests as originally written are likely to lead to the discovery of admissible evidence.  If MoisturePlus was dangerous and AMO failed to ever tell consumers (even before 2005) that its product increased the risk of a dangerous infection, such a failure is an unfair business practice, and AMO is liable.  If AMO claims it did tell consumers in 2004 (but not in 2005) that its product increased the risk of the infection, such information is certainly relevant to show AMO knew its product was defective and failed to disclose that defect to the public after 2004. AMO has provided no adequate rationale for limiting the time period.  Accordingly, Plaintiffs hereby request that the Court order AMO to provide responses to Plaintiffs' Requests

1 for Admission, Set One.

2 <u>Defendant's Position</u>:  The plaintiffs' requests for admissions are no different from the archetypal argumentative question of: "When did you stop beating your wife?"  Plaintiffs demand that AMO admit or deny that, prior to May 25, 2007 it "never disclosed to buyers of AMO Complete MoisturePlus solution ("Complete") that using Complete increased the risk of developing Acanthamoeba Keratitis" and that "with the exception of any prior recall of AMO Complete MoisturePlus solution ("Complete"), prior to May 25, 2007, [it] never disclosed to buyers of Complete that using Complete increased the risk of eye infections as compared to other all-in-one solutions."  The chief problem with both of these requests is that they improperly assume within their predicate the "facts" that: (1) "using Complete increase[s] the risk of developing Acanthamoeba Keratitis" and/or that (2) "using Complete increased the risk of eye infections as compared to other all-in-one solutions."

Because neither of these underlying premises are conceded by AMO, neither admission can be fairly answered by AMO with a mere "admit" or "deny".  Indeed, if AMO were to respond with either response, the underlying predicate premise in each request would necessarily be assumed in the response.  In other words, no matter which answer AMO were to provide Plaintiffs could use the implication contained within the question to the detriment of AMO.  Thus, while it is true that AMO never specifically told consumers that its product increased the risk of developing AK, this only answers half the question.  This is because AMO does not admit that such a representation would have been true if made.

During the meet and confer process, AMO informed Plaintiffs of its concern with the phrasing of the Requests for Admission and offered to split each request for admission into the two prongs stated above.  Plaintiffs' counsel refused this offer, unreasonably, and have instead chosen to involve the Court.

It is well established that "[r]equests [for admissions] must be simple and direct in form and limited to singular relevant facts so that they may be denied without, or with an absolute minimum of explanation."  10A Fed. Proc. L. Ed. § 26:704 (citations omitted).  Containing as they do, factual predicates outside the four corners of the fact sought to be admitted, these

1 | requests do not pass muster.

2 | Further, while a qualified response "is permitted if the statement, although containing some truth, '…standing alone out of context of the whole truth … convey[s] unwarranted and unfair inferences'" (*Flanders v. Claydon*, 115 F.R.D. 70, 71-72 (D. Mass. 1987) (*quoting Johnstone v. Cronlund*, 25 F.R.D. 42, 44 (E.D. Pa. 1960)), it has been long recognized that "it is not always possible by qualifying an admission to avoid the inferences arising from the phrasing of the statement sought to be admitted." *Johnstone* at 44. "Requests [like the ones at issue here] which are phrased so as to infer unfairly a particular or varied conclusion from the fact admitted are objectionable. Likewise, requests which are half truths are objectionable if such half truths would infer a conclusion different from the whole truth." *Id*. at 45 (*citing Knowlton v. Atchison, Topeka & Santa Fe Ry. Co.*, 11 F.R.D. 62 (W.D. Mo. 1951).

This is precisely the concern AMO has with Plaintiffs' requests for admissions – they do not tell the whole truth, and are not simple and straightforward, as the Plaintiffs would prefer to have this Court believe. No matter which way AMO answers, that answer would be pregnant with the factual implication that is found in the phrasing of the plaintiffs' request. As was previously offered to the plaintiffs, AMO can respond to the requests if they are split up into prongs, but simply cannot fairly respond to the existing requests with either a bare admit or deny, or even a qualified admit or deny, because – like the question when did you stop beating your wife – the plaintiffs' requests unfairly and improperly assume "facts" that are not facts.

Dated: February 18, 2008              Respectfully Submitted,

By: ____/s/____                        By: ____/s/____
    David Vendler                          Rebecca Bedwell-Coll

MORRIS POLICH & PURDY, LLP             LIEFF, CABRASER, HEIMANN & BERNSTEIN
Anthony Brazil                          Wendy Fleishman
David Vendler                           Kent Klaudt
Megan Wynne                             Rebecca Bedwell-Coll
1055 West Seventh Street, 24th Floor    780 Third Avenue, 48th Floor
Los Angeles, CA 90017                   New York, NY 10017-2024

*Attorneys for Defendant*                *Attorneys for Plaintiffs*

748837.1