Anthony G. Brazil, State Bar No. 84297
David J. Vendler, State Bar No. 146528
Megan S. Wynne, State Bar No. 183707
**MORRIS POLICH & PURDY LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone:  (213) 891-9100
Facsimile:   (213) 488-1178
E-Mail:       abrazil@mpplaw.com
E-Mail:       mwynne@mpplaw.com
E-Mail:       dvendler@mpplaw.com

Attorneys for Defendant,
ADVANCED MEDICAL OPTICS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS DEGELMANN and JOSEPH LIN, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ADVANCED MEDICAL OPTICS, INC., a Delaware corporation,<br><br>Defendant. | CASE NO.:  C-07-3107-PJH<br><br>**STIPULATION AND [PROPOSED] ORDER TO STAY ENTIRE CASE AND CONTINUE ALL DATES PENDING DETERMINATION BY CALIFORNIA SUPREME COURT OF THE IN RE TOBACCO II CASES**<br><br>**Judge:    Hon. Phyllis J. Hamilton** |

Pursuant to Local Rules 6-2 and 7-12, Defendant ADVANCED MEDICAL OPTICS, INC. (hereafter "AMO") and Plaintiffs ALEXIS DEGELMANN ("DEGELMANN") and JOSEPH LIN ("LIN") hereby stipulate and agree to *stay the entire case* and to indefinitely continue all of the pending hearing dates and deadlines set forth in the Court's February 7, 2008 Scheduling Order until after the California

- 1 -                                                                C 07-03107 PJH
**STIPULATION AND [PROPOSED] ORDER TO CONTINUE DATES SET FORTH IN THE COURT'S
NOVEMBER 15, 2007 SCHEDULING ORDER SETTING HEARING DATES AND OTHER DEADLINES**

1  Supreme Court issues its opinion in the *In re Tobacco II Cases* (S147345), 146 P.3d
2  1250, 51 Cal.Rptr.3d 707 (2006).

3      The reasons for staying the case and continuing the hearing dates and deadlines
4  in this case are that the parties agree that the questions of law that are currently
5  pending before California Supreme Court have a substantial likelihood of having a
6  significant impact upon the law that will ultimately govern the issues raised by the
7  Plaintiffs herein.  The issues that are currently before the Supreme Court in *In re*
8  *Tobacco II* are whether: (1) in order to bring a class action under CA. Bus. & Prof.
9  Code, section 17200 et seq., as amended by Proposition 64, every member of the
10 proposed class must have suffered "injury in fact," or whether it is sufficient that only
11 the class representative comply with that requirement; and (2) in a class action based
12 on a manufacturer's alleged misrepresentation of a product, must every member of the
13 class have actually relied on the manufacturer's representations?

14     The issues before the California Supreme Court directly impact this lawsuit,
15 which was the first nationwide class action lawsuit challenging AMO's business
16 practices in advertising and marketing a contact lens eye product known as
17 COMPLETE Moisture Plus Multi-Purpose Solution ("CMP").  In their Complaint,
18 Plaintiffs allege that AMO violated California's Unfair Competition Law (California
19 *Business and Professions Code* Sections 17200 and 17500) by not only failing to
20 disclose that CMP is inferior to other solutions in destroying acanthamoeba keratitis
21 and other contaminants, but also leading consumers to believe that the product was as
22 effective, if not more effective, than other multi-purpose contact solutions.  Plaintiffs
23 seek restitutionary and injunctive relief on behalf of themselves and a class of similarly
24 situated individuals throughout the United States who have purchased the product
25 during the period of June 13, 2003, through the present.

26     AMO denies these allegations and contends, *inter alia*, that pursuant to
27 Proposition 64, Plaintiffs have suffered no "injury in fact" and thus have no standing to
28 bring their lawsuit under California's Unfair Competition Law because the defect

Plaintiffs allege exists with the product never manifested itself in them, i.e. the Plaintiffs received exactly what they paid for, a single-step no-rub contact lens treatment which they used with no negative consequences. AMO also contends that even if the named plaintiffs were found to have standing to bring their claims, class treatment would be inappropriate because Plaintiffs cannot demonstrate class-wide reliance.

As this Court will recall, the existence of the *In re Tobacco II* case and the potential relevance of the issues to be decided therein was raised in the parties' Joint Case Management Statement (Document No. 40). Since that time, the parties have engaged in discovery in preparation for the early motion for summary judgment that this Court allowed AMO to bring. In doing that discovery, it has become clear that it will be much more economical, especially given that this case is framed as a nation-wide class action, to await whatever guidance comes from the California Supreme Court's decision prior to continued litigation of this case, including, *inter alia* discovery and motion practice (each side has already filed one discovery-related motion), summary judgment motions, and potentially, a nation-wide notice to the putative class.

As such, the parties request the Court stay this action until the California Supreme Court renders its decision in the *In Re Tobacco II Cases*. Federal district courts, including the Northern District of California, have refused to adjudicate claims under California's Unfair Competition law until after the California Supreme Court issues its decision. *See, e.g., Faigman v. AT&T Mobility LLC*, 2007 WL 2088561, at *6 n.8 (N.D.Cal. July 18, 2007) ("As the state's highest court is in the process of deciding this question [whether actual reliance is required to plead a cause of action under the Unfair Competition Law or False Advertising Law], it would be imprudent for the court to reach the issue at this time."); *Suzuki v. Hitachi Global Storage Techn. Inc.*, 2007 WL 2070263, at *7 (N.D. Cal. July 17, 2007) (reserving judgment on false

advertising claim given California Supreme Court's granting of review in *In Re Tobacco II Cases*).

While there is, of course, no way to determine exactly when the California Supreme Court will render its decision, the parties do not anticipate that the stay will last more than one year (and it could well be much sooner). Briefing is entirely closed in the California Supreme Court. All that awaits now is the setting of oral argument and the issuance of a decision.

In the interim, AMO agrees to inform this Court and Plaintiffs in the event that another national class action lawsuit is filed, or a proposal is made to treat any state class lawsuits in a way that would impact this case. In addition, the parties reserve the right to apply to lift the stay for any reason before the California Supreme Court issues its opinion in the *In Re Tobacco II Cases*.

The parties further propose that within 30 days of the issuance of the decision in the *In Re Tobacco II Cases*, they will notify the Court and request that a new Case Management Conference be set at the Court's earliest convenience. At that time, unless the decision of the California Supreme Court is obviously dispositive of the entire case, the parties will request that the various motion hearing dates and deadlines set forth in the Court's February 7, 2008 Scheduling Order be reset following the same general time-frames set forth in that order.

There have been four prior stipulations to extend time in this matter between the parties. The prior stipulations extended the time for AMO to respond to Plaintiffs' complaint, extended the time for the parties to conduct their initial Case Management Conference with the Court and extended the time for the Court to hear AMO's previously filed motion to strike, the Court allowed the parties stipulation continuing all pending dates on February 7, 2008, and most recently, Magistrate Judge Larson extended the hearing on AMO's motion for protective order to allow the parties to submit the within stipulation to the Court.

Respectfully submitted,

Dated: March 14, 2008            **MORRIS POLICH & PURDY LLP**


By: _____/s/_____
    Anthony G. Brazil
    David J. Vendler
    Megan W. Wynne

Attorneys for Defendant
ADVANCED MEDICAL OPTICS, INC.

Dated: March 14, 2008            **MOSCONE, EMBLIDGE, & QUADRA, LLP**


By: _____/s/_____
    James A. Quadra
    Sylvia M. Sokol

Attorneys for Plaintiffs ALEXIS DEGELMANN and JOSEPH LIN

Dated: March 14, 2008            **LIEFF, CABRASER, HEIMAN & BERNSTEIN, LLP**


By: _____/s/_____
    Wendy Fleishman

Attorney for Plaintiffs ALEXIS DEGELMANN and JOSEPH LIN

**PURSUANT TO THE PARTIES' STIPULATION, IT IS SO ORDERED:**

Dated: _____          _____
                                        Hon. Phyllis J. Hamilton
                                        U.S. District Court Judge